**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.: 01-201L |
| | ) | (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FOR INVERSE CONDEMNATION**

Plaintiffs hereby respond to the Defendant's Opposition to Plaintiffs' Motion for Leave to File Amended Complaint for Inverse Condemnation. In support of its position, the Defendant apparently relies on the following:

1. That RCFC 15(a) does not support the amendment of the Plaintiffs' Complaint for Inverse Condemnation.
2. That RCFC 20(a), rather than Rule 21, applies to the issue of adding parties in this matter.
3. That there are no legitimate grounds for requesting joinder and Defendant will be prejudiced by adding 123 new Plaintiffs to the complaint.
4. That the Plaintiffs have provided no explanation as to why these additional Plaintiffs could not file a separate complaint.

**RCFC 15(a)**

Rule 15(a) provides that "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so

requires." In the Defendant's Opposition, the Defendant placed the last three words in italics. Apparently, the Defendant is under the impression that by adding emphasis to the last three words, the Court's attention will be drawn away from the words "leave shall be freely given." The original Complaint was filed as a class action, with the named Plaintiffs to represent a class that includes the 123 plaintiffs that the amended complaint seeks to add. Given that the Plaintiffs' Motion for Class Certification was denied, justice requires that 123 of the ersatz class members be added to the complaint so that their interests may be represented. Adding these new Plaintiffs to the existing complaint, rather than filing a separate complaint, will not lengthen and delay litigation, which the Defendant states will prejudice the Defendant, but rather will allow for more efficient and economic litigation for the Defendant, the Plaintiffs, and the Court.

**JOINDER**

The Defendant additionally states in support of its Opposition to the Plaintiffs' Motion to Amend its position that RCFC 20(a), rather than RCFC 21, is the applicable rule for adding parties. In support of the notion that Rule 20(a), rather than Rule 21, is the applicable rule for adding parties, the Defendant sets forth the takings test used in United States v. Causby, 328 U.S. 256 (1946) (despite the fact that the law relative to the taking of an avigation easement has expanded significantly since the Causby case, and Argent v. United States, 124 F.3d 1277 (Fed, Cir. 1997) sets forth the current takings law). Nonetheless, Defendant's recitation of the Causby case does not appear to create materiality of whether the Court allows the addition of parties under RCFC 21, RCFC 20(a), or RCFC 19(a). It is clear under the rules that parties may be added to a complaint on the motion of a party, or on the Court's own motion.

**LEGITIMATE GROUNDS/PREJUDICE TO DEFENDANT**

The Plaintiffs have moved the Court for leave to file an amended complaint to add additional plaintiffs to a complaint which was originally filed as a class action, with six named plaintiffs representing the interests of an entire class, including the 123 plaintiffs who would be added in the amended complaint. The Plaintiffs' Motion for Class Certification was denied, making it necessary to protect the interests of property owners whose interests would have been protected had they been members of a class action suit. The fact that ersatz class members who are now being joined as plaintiffs reside in Chesapeake rather than Virginia Beach is immaterial, as the original Complaint included plaintiffs and properties in Chesapeake, and the Defendant has had over three years to prepare to defend a takings case for properties affected by noise from Naval Auxiliary Landing Field, Fentress ("Fentress"). The Plaintiffs do not now and never have sought to delay the matters before the Court. The Plaintiffs' attempts to have a class certified, to adopt a case management order for all related litigation, to move forward with discovery, and to amend the complaint before the Court to include additional affected parties rather than filing for these parties as an additional complaint have all been geared toward efficiency, judicial economy, and a quick resolution. Given that the Defendant has moved for a stay of all proceedings and is now requesting that new suits be filed rather than adding plaintiffs to an existing one, it is rather disingenuous for the Defendant to claim that it opposes the Motion to Amend because the Defendant will be prejudiced by delay and lengthening of the trial.

**LACK OF EXPLANATION**

Finally, the Defendant states that the Motion to Amend should be denied because the Plaintiffs have not explained why the additional plaintiffs could not file a separate complaint. Neither RCFC 15(a), RCFC 19(a), RCFC 20(a), nor RCFC 20 require that a party explain why

other possible remedial actions have not been exhausted prior to seeking leave to amend a complaint or add parties to a complaint. The Plaintiffs have sought judicial economy throughout the course of litigation. Adding parties to the existing complaint, which includes landowners with property affected by Fentress, better serves judicial economy than filing an additional suit, filing an additional motion to adopt a case management order, and responding to the Defendant's motions in opposition thereto.

Respectfully submitted,

s/Kieron F. Quinn
Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Towson, MD 21204
(410) 825-2300
(410) 825-0066 fax
kfquinn@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

Of counsel:

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 W. Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com

Charles R. Hofheimer
Jack E. Ferrebee
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
jferrebee@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
shuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com