**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., *Plaintiffs,* | ) | |
| v. | ) | No.: 01-201L (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, *Defendant.* | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**RE TOLLING THE STATUTE OF LIMITATIONS**
**DURING THE PENDENCY OF THE MOTION FOR CLASS CERTIFICATION**

Plaintiffs, Carol and Robert Testwuide, *et al*. ("Plaintiffs"), pursuant to the Order of the Court filed July 29, 2004 (Victor J. Wolski, Judge), submit this memorandum setting forth the current law regarding tolling the statute of limitations during the pendency of the Court's decision on class certification.

**INTRODUCTION**

Tolling the statute of limitations for putative class members during the pendency of the decision on class certification has been the uniform law in federal courts applying Rule 23 of the Federal Rules of Civil Procedure since 1974 with the decision of the Supreme Court in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974).[1] This Court unequivocally applied *Am Pipe* tolling to class action suits in the Court of Federal Claims in *Barbieri v. United States*, 15

[1] The United States has represented to Plaintiffs' Counsel and the Court that the Navy's records indicate that the first squadron of F/A-18 aircraft arrive at NAS Oceana from NAS Cecil Field (the aircraft that are the basis for the claims in this case) in December 1998. The period of limitations under the Tucker Act is 6 years, which means limitations could not have run as of the date of this memorandum. Moreover, all the F/A-18 aircraft were not transferred until sometime in 1999; these aircraft were not in full flight operations until after their arrival, all of which makes sometime in 2005 the most likely date on which limitations could run. Counsel for Plaintiffs have filed seven cases (including the present case) on behalf of the owners of approximately 2,093 properties. These plaintiffs constitute nearly all the clients represented by counsel at this time. Thus, for purposes of all the cases pending before the Court, limitations should not be an issue regardless of the decision on tolling.

Cl.Ct. 747, 752 (1988)(Judge Wiese), and again recently in *Christian v. United States*, 46 Fed.Cl. 793, 818 (2000)(Chief Judge Smith). In both *Barbieri* and *Christian*, the Court specifically relied on *Am Pipe* as the basis for the decisions. The Federal Circuit[2] in 2000, in an appeal from the Court of International Trade, applied *Am Pipe* tolling, specifically, in a class action against the United States. *See, Stone Container Corp. v. United States*, 229 F.3d 1345, 1354 (Fed. Cir. 2000). The basis for the decision in *Stone Container* was a decision from this Court (*Wood-Ivey Sys. Corp. v. United States*, 4 F.3d 961, 964 (Fed. Cir. 1993)) in which the Federal Circuit held that the RCFC have the same force of law as the Fed.R.Civ.P. These decisions make it very clear that the tolling of the statute of limitations in class actions under *American Pipe* has been and should continue to be applied in this Court.

**LEGAL ANALYSIS**

**1.**

**The Supreme Court's Decision in *Am Pipe***

Eleven days before the expiration of the applicable limitations period, the State of Utah filed a class action complaint against American Pipe and others alleging violations of Section 1 of the Sherman Act. The court did not certify the class, finding that it failed to satisfy the requirement of Fed.R.Civ.P. 23(a)(1), that the members of the class are so numerous that joinder is impracticable. Eight days after the order denying class certification was entered, 60 towns, municipalities and water districts that would have been members of the putative class moved to intervene as plaintiffs in the case. The motions to intervene were denied because the limitations period had run as to all the entities and the limitations period was not tolled during the pendency of the decision on class certification. 414 U.S. at 542-544.

The Ninth Circuit reversed:

[2] The Court of Appeals to which this case would go if it were appealed.

> Finding that ***'as to members of the class Utah purported to represent, and whose claims it tendered to the court, suit was actually commenced by Utah's filing,'*** the appellate court concluded that '(i)f the order (denying class action status), through legal fiction, is to project itself backward in time it must fictionally carry backward with it the class members to whom it was directed, and the rights they presently possessed. It cannot leave them temporally stranded in the present.'

414 U.S. at 544-545, *citing Utah v. American Pipe and Const. Co.*, 473 F.2d 580, 584 (9th Cir. 1973)(emphasis supplied).

The Supreme Court affirmed the Ninth Circuit because of the representative nature of a class action lawsuit, holding that "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined." 414 U.S. at 550. This holding was found to be most consistent with the purpose of allowing class actions in the first place:

> ***A contrary rule*** allowing participation only by those potential members of the class who had earlier filed motions to intervene in the suit ***would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure. Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable.*** In cases such as this one, where the determination to disallow the class action was made upon considerations that may vary with such subtle factors as experience with prior similar litigation or the current status of a court's docket, a rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions. ***We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.***

414 U.S. at 553-554 (emphasis supplied). Moreover, the Supreme Court found no prohibition in tolling a limitation period that is part of the substantive cause of action. On this issue, the Court pointed to numerous examples in which federal courts tolled statutes of limitations that were part

of the substantive right to sue. 414 U.S. at 557-559. The proper test, the Court clarified, is whether tolling the statute is "consonant with the legislative scheme." 414 U.S. at 558.

**2.**

**Application of *Am Pipe* in the Federal Circuit and Court of Federal Claims**

In the thirty years since *Am Pipe* was decided, tolling has been extended well beyond the limited factual circumstances in the *Am Pipe* case. *See generally*, 5 *Newberg on Class Actions 4th Ed.* §16.11 *et seq*. (West 2002) and cases cited therein; *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983). In *Barbieri v. United States*, 15 Cl.Ct. 747, 751 (1988), this Court adopted *Am Pipe* tolling to cases filed as class actions under RCFC 23, holding that the limitations period is tolled "whenever the facts demonstrate a reasonable and good faith basis for believing that the litigation satisfies the prerequisites for class treatment specified in FRCP 23." *Id*. There, customs agents, working in Key West during the Mariel Boat Lift in 1980, claimed entitlement to additional compensation because they served as boarding officers on the refugee boats. The complaint was filed as a putative class action on behalf of similarly situated agents. Class certification was denied after the six-year period of limitations would have expired for absent members of the putative class. Shortly after the denial of class certification, 13 agents, who would have been members of the class had it been certified, filed a complaint in this Court. 15 Cl.Ct. at 748-749.

The Court first reviewed the holding in *American Pipe* and noted the differences in Fed.R.Civ.P. 23 and RCFC 23, particularly, that RCFC 23 was applied almost exclusively to "opt-in" classes. 15 Cl.Ct. at 749-750. The Court then responded to three arguments raised by the United States against applying *Am Pipe* tolling.

First, the government argued that the differences in the class action rules militated against applying *Am Pipe* tolling in this Court. According to the government's argument, the fact that RCFC 23 provided for only an opt-in class (unlike Fed.R.Civ.P. 23) meant that a class action filed in this Court was not a "truly representative suit," only an invitation to joinder, and limitations could not be tolled until a person joined the action, thus identifying himself as a putative class member. 15 Cl.Ct. at 750. After acknowledging that a few courts in the pre-*Am Pipe* period followed this line, the Court adopted what had been the majority position pre-*Am Pipe* that the statute of limitations was tolled for all class members when the complaint was filed, regardless of when their identity was established. *Id*. The Court adopted this position for two reasons: (1) procedural fairness based on this Court's commitment to be consistent with the Federal Rules of Civil Procedure, and (2) historical precedent in federal courts pre-dating modern class actions to allow representative suits by individuals for unnamed class members, for whom limitations was tolled. 15 Cl.Ct. at 751.

The government's second argument was that *American Pipe* was limited to the specific situation in which class certification was denied for failure to demonstrate that members of the class were so numerous to make joinder impracticable. This Court rejected that argument noting that such a limitation would force potential class members to file protective motions to intervene, thus destroying the utility of the class action mechanism. Moreover, the Court noted that courts applied *Am Pipe* tolling well beyond the facts presented in *American Pipe* itself. Instead, the Court adopted the principle that the filing of a class action complaint tolled the period of limitations for all class members "whenever the facts demonstrate a reasonable and good faith basis for believing that the litigation satisfies the prerequisites for class treatment specified in FRCP 23." *Id*.

The government's third argument was that the statute of limitations applicable to this Court is a limitation on the waiver of sovereign immunity, which must be strictly construed. While agreeing with the principle, the Court held that applying *Am Pipe* tolling did not involve "the court's power to 'liberalize' the statute of limitations," rather it was an exercise of the Court's authority to avoid "multiple suits through a representative action." 15 Cl.Ct. at 752.

> And that is a question that was long ago settled in the court's favor. *Western Cherokee Indians v. United States*, 27 Ct.Cl. 1, 54 (1891); *aff'd sub nom. United States v. Old Settlers*, 148 U.S. 427, 479-80, 13 S.Ct. 650, 671-672, 37 L.Ed. 509 (1893); *Quinault Allottee Ass'n v. United States*, 197 Ct.Cl. 134, 137-138, 453 F.2d 1272, 1274 (1972).

*Id.* The Court continued:

> "[t]he directive that waiver of sovereign immunity not be read expansively (e.g. *United States v. King*, 395 U.S. 1, 4, 5 [89 S.Ct. 1501, 1502, 1503, 23 L.Ed.2d 52] (1969)] goes to the relief we can award, the subjects we can consider, and the timing of claims, not the intermediate procedural steps we take in cases plainly within our jurisdiction. Long ago, the Supreme Court said that in hearing and determining the causes that come before this court for adjudication 'we see no reason why it [the Court of Claims] may not use such machinery as courts of more general jurisdiction are accustomed to employ under similar circumstances to aid in their investigations.' *United States v. Raymond*, 92 U.S. 651, 654, 23 L.Ed. 756 (1875)." [citation omitted] ***It being clear, therefore, that the court has the power to entertain class actions, we think it follows, from the representative nature of such a suit, that its commencement tolls the running of the statute of limitations for all purported members of the class.***

15 Cl. Ct. at 752, *quoting Quinault*, 197 Ct. Cl. at 138 (emphasis supplied). The continuing validity of this holding in *Barbieri* was affirmed by then-Chief Judge Smith in *Christian v. United States*, 46 Fed.Cl. 793, 818 (2000).

Two decisions from the Federal Circuit tolling limitations against the United States are most helpful in demonstrating the validity of this Court's decisions in *Barbieri* and *Christian*,

namely, *Wood-Ivey Sys. Corp. v. United States*, 4 F.3d 961 (Fed. Cir. 1993), and *Stone Container Corp. v. United States*, 229 F.3d 1345 (Fed. Cir. 2000). In *Wood-Ivey*, the Federal Circuit held that RCFC 6(a) applies to the computation of the time for filing a complaint when the statutory filing period ends on a Saturday, Sunday or Holiday. 4 F.3d at 964. There, the plaintiff filed a complaint on Monday, the first business day after the day on which the six-year period of limitation would expire. The case was dismissed by this Court as untimely, and that dismissal was vacated on appeal. 4 F.3d at 964. In reaching its decision, the Federal Circuit relied on a long line of federal precedent (including decisions of the Claims Court), holding that application of the federal rules to time for filing in cases against the government does not extend the courts' jurisdiction or have anything to do with sovereign immunity. *Id.* at n. 4 ("Our decision does not turn on either jurisdiction or sovereign immunity, and does not reach equitable tolling.").[3] Moreover, the fact that the RCFC are not submitted to Congress for ratification in no way diminishes the vitality and application of the Rules. 4 F.3d at 963-964.

The decision in *Wood-Ivey* is important to this Court for two reasons: (1) it establishes binding precedent to the effect that application of the RCFC in a way that extends statutory time limitations does not affect the Court's jurisdiction, or involve issues of sovereign immunity or equitable tolling, and (2) provides a foundation for the Federal Circuit's decision in *Stone Container*, applying this precedent to class actions against the United States. In *Stone Container*, several corporations sued in the Court of International Trade ("CIT") to recover the Harbor Maintenance Tax paid to the government. The United States defended on the grounds that the complaints were filed outside the two-year statute of limitations for making claims for such

[3] The Federal Circuit noted that the dissenters listed an "unbroken line of decisions" that involved issues of sovereign immunity, jurisdiction and equitable tolling, none of which were involved in *Wood-Ivey* or the present case before the Court. Plaintiffs' Counsel are familiar with these decisions and the language used in the opinions, which at first blush sounds helpful to the government's position. These cases, which may appear in the United States' brief, simply do not address the situation before the Court, namely interpretation of the RCFC to include *Am Pipe* tolling in class actions.

refunds. The case was designated as a test case by the CIT to test the applicable limitation period for a number of similar suits that had been filed. The CIT held, and the Federal Circuit affirmed, that the limitations period was tolled by a previously filed class action until the decision denying class certification was entered. 229 F.3d at 1347.

The Federal Circuit first acknowledged that a statute of limitations is a condition on the waiver of sovereign immunity and courts should not interpret a statute of limitations in a manner that extends the waiver of sovereign immunity beyond the intent of Congress. 229 F.3d at 1352. The Federal Circuit then acknowledged the less-than-clear Supreme Court precedent as to ***equitable tolling*** against the government, and its own struggles to reconcile that Supreme Court precedent when applying it to various statutes of limitations. 229 F.3d at 1352-1354. The Federal Circuit then distinguished class actions, holding that *Am Pipe* tolling was not an application of judge-made ***equitable tolling*** at all, rather it was an exercise of statutory interpretation of Rule 23:

> A somewhat different situation applies under Rule 23 for class actions. In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." The rule of *American Pipe* appeared to apply only to purported members of the class who made timely motions to intervene after the trial court denied class certification. However, in *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Supreme Court extended the tolling rule of *American Pipe* to all members of the asserted class, including those who subsequently filed their own suits. *Id.* at 353-54, 103 S.Ct. 2392.
>
> ***American Pipe and Crown, Cork & Seal were not based on judge-made equitable tolling, but rather on the Court's interpretation of Rule 23. In American Pipe, the Court explained that "[u]nder present Rule 23, . . . the filing of a timely class action complaint commences the action for all members of the***

> ***class as subsequently determined.*** *American Pipe*, 414 U.S. at 550, 94 S.Ct. 756. The Court then held that the class action suspended the statute of limitations for all asserted class members because the contrary approach "would frustrate the principal function of a class suit" by forcing putative class members to file suit to protect their rights. *Id*. at 551, 94 S.Ct. 756.

229 F.3d at 1354 (emphasis supplied). The Federal Circuit then compared Fed.R.Civ.P. 23 to Rule 23 of the CIT and held that there was no reason to distinguish the two for *Am Pipe* tolling purposes. Finally, the Federal Circuit concluded:

> Having determined that Rule 23 tolling is statutory rather than equitable, it follows that the rule of *American Pipe* applies to the government just as it does to private parties, both generally and in this particular case.

*Id*.

RCFC 23, like Rule 23 of the CIT, has the force of law (see discussion regarding the RCFC in *Wood-Ivey, infra*) and shares the fundamental purpose of Fed.R.Civ.P. 23, that is, "the efficiency and economy of litigation . . . ." *American Pipe*, 414 U.S. at 554. Accordingly, *Am Pipe* tolling applies to class actions filed in this Court against the United States as a matter of statutory tolling. *Stone Container*, 229 F.3d at 1354.

**CONCLUSION**

Tolling limitations by the filing of a class action has been the law in federal courts generally for the past 30 years with the decision in *American Pipe* in 1974. *Am Pipe* tolling has been the law in this Court for the past 16 years since the Court's opinion in *Barbieri* in 1988, as reaffirmed in *Christian* just 4 years ago in 2000. Statutory tolling in general (*see Wood-Ivey*), and *Am Pipe* tolling in particular (*see Stone Container*), applies in class actions against the government. There is simply no basis in substantive law, practice or procedure that commands or commends a different result in the present case.

Respectfully submitted,

Date: September 9, 2004

s/Kieron F. Quinn

Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Towson, MD 21204
(410) 825-2300
(410) 825-0066 fax
kfquinn@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

Of counsel:

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 W. Chesapeake Avenue
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com

Charles R. Hofheimer
Jack E. Ferrebee
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
jferrebee@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
shuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com