IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CAROL AND ROBERT TESTWUIDE, et al.,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

Defendant.

No.: 01-201L
(Honorable Victor J. Wolski)

JOINT PRELIMINARY STATUS REPORT

Pursuant to this Court's order on December 20, 2004, plaintiffs Carol and Robert Testwuide, *et al*. ("Plaintiffs") and Defendant United States of America ("Defendant") hereby submit the following Joint Preliminary Status Report pursuant to Appendix A of the Rules of the United States Court of Federal Claims. This Report addresses the subjects of Appendix A ¶ 4 seriatim in sub-paragraphs of corresponding designation. For those subjects on which the parties do not agree, the parties submit their separate respective positions.

**(a) Does the court have jurisdiction over the action?**

The parties agree that this Court has jurisdiction over actions seeking just compensation under the Tucker Act, 28 U.S.C. § 1491. However, defendant submits that jurisdiction is limited by 28 U.S.C. §2501 which bars any claim for recovery that is brought more than six years after the initiation of the alleged interference.

**(b) Should the case be consolidated with another case and the reasons therefor?**

Consolidation of *Testwuide v. United States* with the seven related actions -- *Burlage, et al. v. United States,* No. 04-120 L; *Anderson, et al. v. United States,* No. 04-333 L; *Adams, et al. v. United States* No. 04-279 L; *Beagle, et. al. v. United States* No. 04-1176, *Aralar, et. al. v. United States* No. 04-1280; *Whitley, et. al. v. United States* No. 04-1331; *Price, et. al. v. United States* No. 04-1718 -- is appropriate for efficiency purposes. The parties have agreed to proceed with test cases. The plaintiffs selected for the first test case have been drawn from several of the related cases. The parties anticipate that this same procedure may apply for plaintiffs selected in subsequent test cases. As such, consolidating all of the plaintiffs into a single pool would streamline matters and reduce inefficiencies present in the current posture of the various related cases. Because there are eight actions, the Court has been in the position of filing identical orders for each of the related cases. To obviate that inefficiency for the Court as well as the parties with respect to their filings, defendant supports consolidating all of the related actions.

Additionally, with respect to plaintiffs not specifically named in the test case, defendant believes that there are a significant number of plaintiffs that fail to state a viable claim. Defendant intends to file a motion to dismiss with respect to these properties as more information is gathered through discovery. Consolidating the cases would serve to permit the resolution of those plaintiffs in an efficient manner. It will also serve to narrow the issues for the first test case, as well as subsequent test cases.

In this case plaintiffs have alleged a date of taking in July 1998. After reviewing information provided by defendant demonstrating that the F/A-18 squadrons reassigned

from Cecil Field, Florida did not even begin arriving at NAS Oceana until December 1998, plaintiffs have indicated that they are considering an alternative date of taking. Assuming, a July 1998 alleged date of taking, then the *Whitley, Aralar,* and *Price,* as well as any future complaints may be time barred under 28 U.S.C. §2501. Defendant believes clarification of this issue is necessary in order to adhere to the proposed schedule.

Defendant's support of consolidation should not be viewed in any way as a retraction of its longstanding position, and this Court's decision, that class certification is inappropriate for these cases. See Testwuide v. United States , 56 Fed. Cl. 755 (2003). Rather, it is simply a matter of streamlining the process for efficiency in light of the parties' concurrence to proceed with test cases.

As reflected in the December 20, 2004 Joint Status Report, defendant believes that one of the properties selected for the test case is inappropriate because its construction is inherently defective. The house located at 748 Virginia Dare Drive, owned by Al and Mona Saferstein, is constructed with Dryvit, an exterior finish similar to stucco. It has been held that Dryvit is "intrinsically defective" even if installed correctly. Bay Point Condominium Ass'n, Inc. v. RML Corp. and Dryvit Systems, Inc.,57 Va. Cir. 295, 313 (2002). Moreover, the tax records indicate that the Saferstein property is having " Dryvit problems." As such, defendant is concerned that the inclusion of this property in the test case may create a diversion at trial that would make it inappropriate for the test case. Defendant has not yet had access to plaintiffs' properties to inspect for construction defects in the other properties.

The parties intend to file a proposed case management order within 30 days to further specify the parameters of consolidation and discovery.

**(c) Should trial of liability and damages be bifurcated and the reasons therefor?**

No.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?**

The parties know of no pending proceeding that currently warrants deferral of this matter.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?**

The parties do not intend to seek a remand or suspension.

**(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

**Plaintiffs' Position:**

Plaintiffs filed this case as an "opt out" class action. The class definition is set forth in the Complaint. The motion for class certification was denied. Plaintiffs may review their request to certify classes at a later time. Plaintiffs' counsel have filed on behalf of all property owners that they currently represent. Plaintiffs' counsel do not anticipate adding parties at this time.

**Defendant's Position:**

Defendant reiterates that if plaintiffs intend to maintain the currently alleged date of taking then future complaints would be time barred.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

**Plaintiffs' Position:**

At the present time, Plaintiffs do not anticipate filing dispositive motions.

**Defendant's Position:**

Defendant anticipates filing dispositive motions in this action and expects to do so by September 30, 2005.

**(h) What are the relevant factual and legal issues?**

**Plaintiffs' Position**

The Plaintiffs have identified the following issues at this time:

(1) Did the transfer of F/A-18 C/D aircraft to NAS Oceana, and the increased noise and other impacts resulting from their operation, constitute the taking of an avigation easement from the Plaintiffs?

(2) What is the just compensation to which the Plaintiffs are entitled under the Fifth Amendment of the Constitution?

(3) Can the amount of just compensation be established through changes in noise exposure as measured by reference to published noise contours and/or by application of the standards set out in many peer reviewed studies and/or by statistical analysis?

(4) Are Plaintiffs entitled to recover attorneys' fees and experts' fees expended in pursuing the claims in this case?

**Defendant's Position:**

The issues defendant has identified as of this date are as follows:

(1) Whether the overflights by defendant's F/A-18 aircraft result in an unconstitutional taking of any or all of plaintiffs' properties?

(2) If plaintiffs have met their burden of proof and have established an overflight taking has occurred, what is the amount of just compensation due plaintiffs on the date of the alleged taking?

(3) Do plaintiffs have standing to maintain an action for an avigation easement?

(4) Whether plaintiffs' claims are barred by the applicable statue of limitations provision under 28 U.S.C. § 2501.

(5) Whether certain of the plaintiffs' claims are barred by the Anti-Assignment Act, under 31 U.S.C. § 3727.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

**Plaintiffs' Position:**

Plaintiffs believe that settlement is likely based on similar cases. Alternative dispute resolution was discussed by the Parties early in the case, but was not pursued. Plaintiffs are prepared to discuss settlement, including alternative dispute resolution.

**Defendant's Position:**

Defendant is prepared to discuss settlement, including alternative dispute resolution. Such discussions would likely benefit from some initial discovery and perhaps by the filing of a dispositive motion.

**(j) Do the parties anticipate proceeding to trial? [balance omitted]**

The parties anticipate proceeding to trial if a settlement is not reached. The parties jointly propose the following schedule:

| | |
|---|---|
| January 7, 2005 | Joint Preliminary Status Report |
| February 15, 2005 | Exchange initial disclosures pursuant to Rule 26 |
| February 21, 2005 | Serve written discovery |
| March 14, 2005 | Exchange Preliminary Fact and Expert Witness Lists |
| May 15, 2005 | Exchange Expert Witness Reports |
| June 1, 2005 | Conclude Written Discovery |
| June 15, 2005 | Deadline for Fact Witness Depositions |
| July 7, 2005 | Exchange Final Fact and Expert Witness Lists |
| August 15, 2005 | Deadline for Expert Witness Depositions |
| September 30, 2005 | Deadline to File Dispositive Motions |

Any additional proceedings should await resolution of dispositive motions.

**Defendant's Position:**

Maintaining the jointly proposed schedule is predicated on plaintiffs identifying and informing defendant whether they intend to maintain the alleged date of taking in July 1998 or will select some later date.

**(k) Are there special issues regarding electronic case management needs?**

**Plaintiffs' Position**

All of the related cases have been designated for electronic filing.

**(l) Is there other information of which the court should be aware at this time?**

The parties know of no additional information of which the Court should be aware at this time.

This Joint Preliminary Status Report was prepared by counsel for the plaintiffs and counsel for the defendant. To expedite the filing of this joint motion, plaintiffs' counsel has authorized the undersigned counsel of record for defendant to file this report without his signature.

Dated: January 7, 2005

Respectfully submitted,

s/ Kieron F. Quinn
Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Towson, MD 21204
(410) 825-2300
(410) 825-0066 fax
kfquinn@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

Of counsel:

Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 W. Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com

s/ Steven D. Bryant
Steven D. Bryant
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0424
(202) 305-0506 fax
steven.bryant@usdoj.gov

Attorney of Record for
Defendant pursuant to
Rule 83.1(c)(1)

Of counsel:

Kelle S. Acock
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0428
(202) 305-0267 fax

Charles R. Hofheimer
Jack E. Ferrebee
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
jferrebee@hoflaw.com
khofheimer@hoflaw.com
Thomas Shuttleworth
Stephen C. Swain
Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
shuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com

kelle.acock@usdoj.gov

Robert J. Smith
Mary Raivel
J. Page Turney
Navy Litigation Office
720 Kennon Street
Rm. 233
Washington Navy Yard, D.C. 20374