IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**STIPULATED PROTECTIVE ORDER REGARDING DOCUMENTS RELATING TO THE JOINT LAND USE STUDY**

1. When used in this Order:

a. "Person" means any natural person, and any legal or business entity;

b. "Document" shall refer to the original or copies of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced related to the 2004-2005 Joint Land Use Study ("JLUS") currently being undertaken by Defendant, the Cities of Virginia Beach, Chesapeake, and Norfolk, and the Hampton Roads Planning District Commission.

c. "Party" or "Parties" shall mean and refer to any Partyin the above entitled actions.

d. "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house military or civilian counsel representing any Party in the above-entitled action, and paralegals and legal assistants working with such persons;

e. "Designating Party" shall mean the Defendant in the above-entitled action;

f. "JLUS Information" shall mean or refer to any document or Compact Disk designated "JLUS Confidential" by Defendant in response to Request for Production No. 13 served January 21, 2005.

2. Defendant may designate any document produced pursuant to Plaintiffs' RFP 13 as JLUS Information by marking the document or Compact Disk (in such manner as will not interfere with the legibility thereof) with the words "JLUS Confidential". Marking the legend "JLUS Confidential" on the cover of any multi-page document (including attachments) shall designate all pages of the document as JLUS Information. Marking the cover of a Compact Disk as "JLUS Confidential" shall designate every page of every document on that disk as JLUS Information. Any material redacted from documents or compact disks marked as "JLUS Confidential" shall be subject to this Order in the event such redacted material is ever produced.

3. Except with prior written consent of counsel for the Defendant, or pursuant to an Order of Court, JLUS Information and any copies thereof may be disclosed only to qualified persons. Qualified persons are limited to:

a. Attorneys for the Parties;;

b. Employees of Defendant, including the United States Navy, who have access to JLUS Information in the course of their official duties;

c. Non-technical and clerical staff employed by Attorneys for the Parties in connection with the preparation for and the trial of this action;

d. Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

e. Court Reporters and other persons involved in recording or transcribing deposition testimony in this action;;

f. The Court and any persons employed by the Court whose duties require access to any information filed in connection with this action...

4. No JLUS information received by any qualified person may be given to any person not described in Paragraph 3.

5. Counsel shall inform every person given access to JLUS information, except employees of the Defendant, including the United States Navy, who have access to such information in the course of their official duties, that such information is subject to this protectiveorder, and shall require all such persons to read this order and sign and date the attached non-disclosure agreement with a copy of this order attached to such agreement.

6. Any Party receiving court process and/or subpoena for documents protected by this agreement shall promptly notify the Defendant.

7. Counsel for Defendant may designate a deposition transcript, deposition exhibit, or any part of a deposition transcript or exhibit, as JLUS Confidential either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript or (i) within twenty (20) days after receipt of the deposition transcript, by so notifying counsel for each other Party in

writing. During the period between the receipt of the deposition testimony and the time when the twenty-day (20) period after receipt of the transcript has run, all deposition transcripts and all exhibits marked for identification therein shall be treated as confidential in the manner provided for in this Order.

8. To the extent that legal memoranda, briefs, or work product documents incorporate any JLUS Information, the portion of such documents incorporating any such material shall be subject to the terms of this Order.

9. In the event any Party wishes to use JLUS information at trial or in any hearing related to the above-entitled actions, the Parties agree that the other Party will be given at least five business days advance notice. Following such notice, JLUS information submitted in documents will be provided to the court under seal. In the event that JLUS information is to be disclosed during the course of a court hearing, such hearing will exclude anyone other than qualified persons from the portion of the hearing at which JLUS information is discussed. Any portion of the transcript of such trial or other hearing, as well as any trial exhibits that contain or reveal JLUS information, will be subject to the same protections as with deposition testimony as set forth in paragraph 6 above.

10. In the event a Party disagrees with a designation of JLUS Information, counsel for that Party shall notify counsel for Defendant in writing. If the Parties are unable to resolve the dispute, the Defendant may, within ten (10) days of receipt of the written objection from counsel for the objecting Party, file and serve a motion with the court seeking court designation of the disputed material as JLUS Information. The disputed material shall remain subject to this Order until the court has ruled on the motion. Failure to file and serve a motion as provided in this Paragraph 6 shall constitute a waiver of the designation of the disputed material as JLUS Information.

11. If one or more documents are publicly released by the Defendant, the Cities of Virginia Beach, Norfolk, or Chesapeake, or the Hampton Roads Planning District Commission, such document(s) automatically will be no longer subject to this Stipulation.

12. The terms of this Protective Order shall not expire. Within 60 days of final resolution of this case, including any appeals, all copies of documents marked as JLUS Information shall be returned to Defendant.

Respectfully,

s/ Jack E. Ferrebee

Jack E. Ferrebee
Hoffheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

s/ Steven D. Bryant
Steven D. Bryant
Environmental & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0424

Attorney of Record for
Defendant pursuant to
Rule 83.1(c)(1)

SO ORDERED:

Dated this ___ day of April 2005

_____________________________
Victor J. Wolski, Judge