**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL RESPONSES CONCERNING MILITARY RECORDS**

By Protective Order dated February 7, 2002, this Court barred the Defendant from prying into the military service records of the Plaintiffs. Plaintiffs oppose, on the same grounds, the Defendant's attempt to sidestep this Court's Order in a renewed effort to dig into their military service records in this inverse condemnation case.

This issue was first addressed during the class certification phase of this proceeding. In response to the Defendant's threat to obtain and review the military and civil service records of the Plaintiffs, without seeking the consent of the Plaintiffs or the approval of this Court, the Plaintiffs were forced to file a Motion for Protective Order. The Motion for Protective Order advanced several grounds for opposing the wholesale review of military and civil service records in a takings case. They were: (1) military and civil service records of plaintiffs in a takings case are not relevant to the subject matter nor are they reasonably calculated to lead to relevant evidence; (2) service and employment records are unrelated to any of the claims or defenses in the case; (3) discovery at the time was limited to issues regarding class certification; (4) civil service

and military records are protected by the Privacy Act (5 U.S.C. §552); and (5) the discovery sought was intended to embarrass and/or harass the Plaintiffs, or to chill the desire of people considering suit or becoming part of the class.

In response, the Defendant argued that it specifically required the records "in preparation for the United States' opposition to the plaintiffs' motion for class certification." United States' Opposition to Plaintiffs' Motion For Protective Order, p. 1. The Defendant reiterated that it only sought these records "to determine [the plaintiffs'] eligibility as class representatives and to determine if there exist any conflicts of interest." *Id.*, p.2. Judge Bush granted the Motion for Protective Order, finding that she could not see the relevance of the records to class certification. Given the fact that it was the only reason advanced by the Defendant for requesting the disclosure, it was understandable that this Court would confine its findings to the argument advanced by the Defendant. This Court did not, however, as the present motion implies, open the door to disclosure following the disposition of the class certification motion. All that was accorded to the Defendant was the opportunity to "[renew] its request sometime in the future if further evidence becomes available to solidly demonstrate that this information is relevant and could lead to admissible evidence." Hearing Transcript, p.15.

In the Defendant's present motion, it substitutes a new rationale for disclosure without the benefit of further evidence solidly demonstrating that the Plaintiffs' military records are relevant and could lead to admissible evidence.

Plaintiffs once again oppose the Defendant's efforts to engage in a wholesale review of the military records of the Plaintiffs for the same reasons stated in the Plaintiffs' Motion for Protective Order filed in this proceeding on December 15, 2001.

Plaintiffs submit that the government's rationale for attempting an end run on this Court's Order of February 7, 2002, granting Plaintiffs' Motion for Protective Order, fails to satisfy the requirements for reconsideration set out in that Order. The rationale advanced in the Defendant's present motion is principally that the Order carries little weight because it was entered during the class certification phase of this proceeding.

Although the Order was entered during the class certification phase of this proceeding, its application was not limited to the determination of the class certification motion. The Order states as follows:

> Plaintiffs' Motion for Protective Order filed December 20, 2001 is GRANTED and defendant is precluded from accessing plaintiffs' personnel records. However, the court does not preclude defendant from renewing its request sometime in the future if definitive evidence becomes available which demonstrates that this information is relevant and could lead to admissible evidence.

The "definitive evidence" the Defendant contends that it now possesses as a justification for a reconsideration of the prior order is: (1) it has discovered that some of the test case Plaintiffs have served in the military; (2) that some of the Plaintiffs have had prior exposure to jet aircraft operations; and (3) military service records will be useful in verifying deposition testimony and in filling in gaps in plaintiffs' memories.

These facts far short of "definitive evidence." The discovery that some of the Plaintiffs have had prior military service is hardly a revelation that could reasonably fall within the category of "definitive evidence." Without any discovery at all, one could easily surmise that among the number of Plaintiffs living in the City of Virginia Beach, which is surrounded by numerous active military bases, that there would be people with prior military service. Moreover, during the course of the previous motions regarding the

Plaintiffs' military records, it was known by the parties, and discussed by the Defendant in its memorandum seeking the Plaintiffs' military records, that Robert Testwuide was a former Navy pilot with 31 years of service and that George Bunn served in the Navy and was employed as an F-14 mechanic. In its previous memorandum on this issue, the Defendant argued that: (1) the records "may" contain information that the named Plaintiffs had knowledge related to aircraft operations; or alternatively, (2) that one of the named Plaintiffs has a history of filing meritless complaints related to the underlying issues in this case that might lead to disqualification as a class Plaintiff. With the denial of class certification, the only remaining rationale for disclosure previously argued by the Defendant is that some of the Plaintiffs might have knowledge of aircraft operations.

The present argument that a review of the military records of the Plaintiffs might reveal information admissible under Federal Rules of Evidence 404, 607 or 609 is an argument the Defendant did not make previously when it had an opportunity to do so and it is an argument not supported by any disclosures made since the date of the last order. The Defendant assumes, without foundation, that it will be permitted to put on evidence attacking the character of the Plaintiffs, even in the absence of any felony convictions or convictions of crimes involving moral turpitude. The Defendant advances no argument to justify a ruling that the parties are going to be permitted to engage in the introduction of evidence attacking the character the Plaintiffs in a takings case. There is nothing in Rules 404 or 607 that would suggest that the character of the Plaintiffs is or is likely to be admissible. If the Defendant is permitted to take the parties down this road, the record in this proceeding, which is already voluminous, will be filled with completely irrelevant collateral attacks on and defenses of the character of each of the Plaintiffs. Federal Rules

of Evidence 608 and 609 set out the scope of attacking the credibility of a witness with respect to the witness's reputation for truthfulness. Rule 608 expressly prohibits the introduction of specific instances of conduct other than the conviction of crimes defined in Rule 609. In this motion, the Defendant openly reveals that it wants to review instances of "non-judicial punishment or court-martial." United States' Motion To Compel Production of Discovery Responses Concerning Military Records, Footnote 1. Federal Rule of Evidence 609 is confined to the discovery of the commissions of crimes punishable by death or imprisonment in excess of one year or a crime involving dishonesty or false statement. The rule imposes a ten-year time limitation upon such convictions. In the present case, the Defendant proposes to go far beyond the restrictions of Rule 609, to include non-judicial punishment in the military. Non-judicial punishment can and does include punishment under Article 15 of the Uniform Code of Military Justice for such things as talking back to a superior officer, failure to make curfew and a whole host of minor offenses unrelated to the credibility of a person. Non-judicial punishment typically involves extra duty, kitchen patrol and the like. It defies all reason why the Defendant urges upon the Court a process that will unnecessarily clutter this proceeding with matters having nothing to do with the taking of private property, but having everything to do with an effort to embarrass or humiliate the Plaintiffs. The Defendant is urging upon the Court a process whereby it will be permitted to dig into the complete working life history of the Plaintiffs in the hope of discovering something it can use against them. What it proposes here is the quintessential fishing expedition at the expense of the reasonable privacy expectations of the Plaintiffs.

As Plaintiffs previously argued, the Privacy Act precludes Defendant's access to civil service and military records. 5 U.S.C. §552a states, in pertinent part that:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure would be-
>
> (3) For a routine use as defined as sub-section (a)(7) of this section…

"Routine use" is defined in the statute as "with respect to the disclosures of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected…." The purpose for which this information is collected must, of necessity, be compatible with a takings case. In *Doe v. Naval Air Station, Pensacola, Fl., et al.,* 768 F.2d 1229 (11th Cir. 1985), the Eleventh Circuit reversed the District Court's approval of the release of information regarding a federal civil service employee, holding that aiding a local law enforcement criminal investigation was not a "routine use." In *Andrews v. Veteran's Administration*, 613 F. Supp. 1404 (D. Wy. 1985) rev'd on other grounds, 838 F.2d 418 (10th Cir.), *cert. denied*, 488 U.S. 817 (1988) the court held that the release of personnel information by a federal agency to a union could not be justified under the "routine use" exception. The court then held that "routine use" under the Privacy Act should be narrowly defined to permit disclosure only as justified by a substantial public interest.

The Defendant does not explain why it is only targeting military personnel records. If these records were genuinely important to the determination of a taking of private property, or justified by a substantial public interest, the Defendant would not be

limiting its discovery to military personnel records, but it would be seeking the personnel records of all Plaintiffs, whether in the private sector or not.

The questions the Defendant purports to need answers to by a review of the military records of the Plaintiffs can be asked directly of all of the Plaintiffs, including lifelong civilians. They are, by way of example: (1) have you ever been convicted of a felony or crime involving lying, cheating, or stealing? and (2) do you have any prior experience with aircraft operations, if so, where, when, and what type of aircraft? It is wholly unnecessary to open the entire military records of the Plaintiffs to the Defendant in this case in order to satisfy the requirements of legitimate discovery.

Conclusion

The Defendant has not submitted any "definitive information" that would justify a reversal of this Court's previous protective order. For the foregoing reasons, Plaintiffs respectfully pray that the government's motion to compel be denied.

Respectfully submitted,

CAROLE AND ROBERT TESTWUIDE, ET AL.

BY: /s/Jack E. Ferrebee

Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
Email: jferrebee@hoflaw.com
Tel: 757-425-5200
Fax: 757-425-2217

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue, Suite 402
Baltimore, Maryland 21204
(410) 825-2300
kquinn@quinnlaw.com
mwolf@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Memorandum in Opposition to Motion to Compel Responses Concerning Military Records was sent electronically this 30th day of August 2005 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/ Jack E. Ferrebee
Jack E. Ferrebee