**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROLE and ROBERT TESTWUIDE, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-201 L** |
| | ) | **Judge Wolski** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DISCOVERY RESPONSES CONCERNING MILITARY RECORDS**

Plaintiffs' response to Defendant's motion to compel is based on the erroneous assumptions that Defendant is attempting to side-step this Court's protective order by requesting a "wholesale review" of plaintiffs' military service records, and, that Defendant does not have "solid" or "definitive" evidence demonstrating the information sought is relevant and could lead to the discovery of admissible evidence. Plaintiffs' flawed reasoning ignores the specificity of Defendant's limited information request. Moreover, the request seeks to clarify information provided, without objection, by four plaintiffs - Theodore Dingle, Kenneth Hill, Michael Leary, and Sean Ryan – during their depositions. Further, Plaintiffs' response fails to refute that previous knowledge and exposure to jet noise is relevant to evaluating Plaintiffs' claims that F/A-18 CD operations have substantially interfered with the use and enjoyment of their property.

Defendant's narrow request seeks the following specific information: (1) branch of service; 2) dates, locations, of assignments and duty positions; 3) rank and character of discharge; 4) and convictions under the Uniform Code of Military Justice whether

through non-judicial punishment or court-martial. Defendant has repeatedly assured Plaintiffs it will take appropriate steps to ensure that private information, such as fitness reports and evaluations, will be segregated from the remainder of the record and not reviewed by Defendant. Further, Defendant will not disclose the content of any part of the service records outside of this litigation.

Additionally, this Court's protective order invited the United States to renew its request for these service records at a later date if it could be demonstrated that the records were reasonably calculated to lead to the discovery of admissible evidence. Defendant's request is limited in scope and seeks information regarding Plaintiffs' knowledge and prior exposure to jet noise during their military service. This information is relevant to evaluating Plaintiffs' claims that F/A-18 CD operations have substantially interfered with the use and enjoyment of their property. Indeed, this evaluation is essential to analyzing and defending Plaintiffs' Fifth Amendment takings claim. See Beach v. City of Olathe, Kansas, 203 F.R.D. 489, 495-96 (D. Kan. 2001) (citing Scott v. Leavenworth Unified School Dist. No. 453, 190 F.R.D. 583, 585 (D. Kan. 1999) (discovery is relevant if there is "any possibility" that the information sought may be relevant to the subject matter of the litigation). Importantly, Plaintiffs' response fails to refute the relevance of this information to the takings analysis.

The records may reveal evidence that is admissible under Federal Rules of Evidence 404, 607, 608, and 609. Plaintiff complains Defendant's request for information relating to non-judicial punishment goes beyond the restrictions of Fed. R. Evid. 609. However, Defendant is entitled to review the records for conduct concerning untruthfulness. Although non-judicial punishment is not a conviction, the underlying

conduct can be raised on cross-examination pursuant to Fed. R. Evid. 608(b) if it relates to a witness' untruthfulness. See United States v. Robertson,39 M.J. 211, 213-15 (CMA 1994) (witness may be cross examined regarding instances of misconduct); United States v. Casey, 45 M.J. 623, 628 (N-MCCA 1996) (permissible to cross examine witness about a false official statement, which resulted in non-judicial punishment, if there is a good-faith belief the misconduct relating to untruthfulness occurred); United States v. Page, 808 F2d 723, 730 (10th Cir. 1987) (Fed. R. Evid. 608(b) includes forgery, uttering forged instruments, bribery, suppression of evidence, false pretenses, cheating, and embezzlement) cert. denied, 482 U.S. 918 (1987), disapproved sub. nom. The records will also reveal if there were any offenses that were not disclosed in the depositions, or any other potentially admissible evidence not yet disclosed by plaintiffs.

Finally, in opposition to Defendant's request, Plaintiffs again raise Privacy Act concerns with respect to the Navy records. As more fully discussed in the earlier briefing opposing the protective order, Plaintiffs' assertions are without merit because the review of military service records by the Department of Justice for purposes of defending the Department of Defense ("DoD") is an authorized routine use under the DoD regulation implementing the Privacy Act. See 51 Fed. Reg. 18086 at 18087 (May 16, 1986). Moreover, the Court did not rely on the Privacy Act is granting the Protective Order. R. at 15 (Ex. A).

To support their argument, Plaintiffs cursorily rely on Doe v. Naval Air Station, Pensacola, Fl., 768 F.2d 1229 (11th Cir. 1985), and Andrews v. Veteran's Administration, 838 F.2d 418 (10th Cir. 1985), cert. denied, 488 U.S. 817 (1988). Given the clear, qualifying definition of routine use in the Federal Register, Plaintiffs reliance on these

two cases is misplaced. The present case is also distinguishable from Andrews and Naval Air Station, Pensacola. Unlike Andrews where the local union received proficiency reports of registered nurses, the request here does not seek fitness reports or evaluations. Instead, Defendant's narrow request is limited to the three categories mentioned *infra*. Unlike Naval Air Station, Pensacola, which involved the release of a federal civilian employee's home address and phone number in violation of the air station's vehicle registration policy published in the Federal Register, Defendant's narrow discovery request in the present case is clearly consistent with the definition of routine use published in the Federal Register.

For the foregoing reasons, Defendant respectfully requests that this Court order Plaintiffs to fully respond to Interrogatory No. 19 and to produce the requested military records in their possession.

Dated this 12th day of September, 2005.

Respectfully Submitted,

/s/ Steven D. Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-0424
Fax: (202)305-0506