**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**PLAINTIFFS' MEMORANDUM REGARDING TEST CASE PROPERTY CLUSTER FOUR**

The issue of selecting fourteen properties from among seven clusters of claimants surrounding Naval Air Station Oceana was first addressed in the parties' Joint Status Report dated December 16, 2004 (Exhibit A). Plaintiffs named the following cluster representatives at that time:

| | |
|---|---|
| Al and Mona Saferstein | 748 Virginia Dare Drive |
| Victoria Rister | 710 High Point Avenue |
| Hal and Elaine Levenson | 2004 Brickell Court |
| Carroll Lindsay | 2709 East Kings Road |
| Herbert and Betty Van Nostrand | 305 Corvette Lane |
| James and Virginia Riddick | 1805 Loganberry Court |
| Eddie and Elizabeth Waterman | 2244 Windy Pines Bend |

Defendant identified their cluster representatives as follows:

| | |
|---|---|
| William and Nancy Wagner | 402 Vanderbilt Avenue |
| Sara Hoag | 1301 Brant Road |

| | |
|---|---|
| William and Betty Capps | 409 Pallets Road |
| Gerald and Wilma Fox | 2513 Torrey Place |
| Kenneth and Tammy Hill | 925 Lamplight Lane |
| Michael and Diane Leary | 3209 Chicory Court |
| Sean and Graciela Ryan | 1856 Pathfinder Drive |

Since December 2004, the parties have held a series of discussions regarding the test case property selections and agreed to eliminate one of the clusters originally containing the Wagners and the Safersteins. On March 22, 2005, the parties submitted a Joint Motion to withdraw both properties from the test case and proceed with twelve properties (Exhibit B). The parties also agreed to replace the Rister property with Theodore and Susan Dingle's property located at 912 Carolina Avenue.

This memorandum addresses the ongoing difficulty the parties are having with Defendant's selection of a Cluster 4 representative. The Linsday and Fox properties were initially selected to represent Cluster 4. On February 7, 2005, the parties held a telephone conference, during which, Plaintiffs' counsel explained that they were experiencing continued difficulty in communicating with the Foxes. Plaintiffs' counsel requested that the Defendant name a replacement. On February 23, 2005, Plaintiffs filed a Motion to Dismiss the Fox's claim (Exhibit C).

On March 17, 2005, Defendant informed Plaintiffs by email that it had selected Kevin and Eugenia Cohen of 647 Alberthas Drive as a replacement property for the Foxes (Exhibit D). Following a series of letters and phone calls to the Cohen residence, Plaintiffs' counsel went to the Cohen home on April 11, 2005 and met with Mr. Cohen. Counsel learned from Mr. Cohen that Mrs. Cohen had died leaving him to raise their

five-year old son. Given his responsibilities at work and home, he indicated that he could not participate as a test case Plaintiff. On April 12, 2005, Plaintiffs emailed Defendant to inform it of Mr. Cohen's circumstances (Exhibit E). On April 14, 2005, Defendant requested the date of Mrs. Cohen's death. On May 12, 2005, Plaintiffs provided the date of Mrs. Cohen's death to Defendant (Exhibit F). On May 16, 2005, Defendant sent an email to Plaintiffs indicating that Mr. Cohen "should no longer be dealing with any probate issues or other time consuming matters related to [Mrs. Cohen's] death," and thus would not agree to withdraw the Cohen property from the test case without a dismissal of the Cohen claim (Exhibit G). Plaintiffs indicated on June 24, 2005 that Defendant should name a replacement for the Cohen property and that Plaintiffs' counsel was prepared to argue for the continued participation of Mr. Cohen in the above styled matter (Exhibit H).

On July 21, 2005, Defendant named Scott Edelstein of 375 Courtney Arch as its Cluster 4 selection (Exhibit I). On August 9, 2005, Plaintiffs indicated in an email to Defendant that they had left a series of messages for Mr. Edelstein as well as several letters with no response (Exhibit J). On August 17, 2005, Plaintiffs emailed Defendant informing Defendant that Mr. Edelstein did not want to participate in the test case (Exhibit K). In the same email, Plaintiffs suggested the possibility of removing Plaintiffs' Cluster 4 selection, thereby eliminating that cluster from the test case in order to resolve the issue and move the case forward without further delay.

On August 29, 2005, Defendant sent Plaintiffs an email attaching a list of eighty-eight properties it believes to be in Cluster 4 (Exhibit L). Defendant further explained that it had "expended considerable time and expense attempting to select a property from

Cluster 4," and demanded a response from each of the eighty-eight property owners as to whether they would participate in the test case.

On September 1, 2005 Plaintiffs wrote Defendant suggesting alternatives (Exhibit M). Plaintiffs provided the names of eleven property owners willing to participate as Cluster 4 representatives. Plaintiffs counsel learned during the contacts with Cluster 4 Plaintiffs that some of the properties provided on Defendant's list did not meet agreed upon selection criteria, including some property owners living in townhouses or single family dwellings that had undergone major renovations since 1998. In Defendant's response dated September 13, 2005, it indicated that agreed upon selection criteria should not eliminate a property from consideration (Exhibit N). It further acknowledged that the Dingle property, one of Plaintiffs' selections, was undergoing major repair and renovation, but that it was selected, pending approval from the court, to replace Victoria Rister's property in Cluster 2.

On September 21, 2005, Plaintiffs responded explaining that Plaintiffs' counsel had not been aware of the Dingle property issues until discovery had already begun (Exhibit O). Plaintiffs offered, however, to discuss the possible removal of the Dingle property to avoid any further delay. In addition Plaintiffs offered to contact twelve property owners, of Defendant's choosing, from Defendant's list of eighty-eight properties for Plaintiffs' counsel to canvass regarding participation in the test case.

Defendant declined all offers made by Plaintiffs and indicated that a telephone conference with the court would be needed.

Conclusion

In 2004, the parties agreed to the creation of a test case, in part, to streamline the case and avoid the lengthy delays inherent in contacting thousands of claimants. Defendant's proposal to contact eighty-eight properties from Cluster 4 is unnecessary and unduly burdensome. This action was first filed in April 2001. Plaintiffs have made a series of efforts to negotiate a reasonable solution to the Cluster 4 issue, including the removal of the Lindsay or Dingle properties in order to proceed with five property selections from each party. In addition, Plaintiffs have offered to contact a grouping of twelve Cluster 4 Plaintiffs, of Defendant's choosing, for canvassing. All of these efforts have been rejected by the Defendant in favor of an unnecessarily time consuming procedure that will inevitably lead to further delay of this proceeding.

Respectfully submitted,

CAROLE AND ROBERT TESTWUIDE, ET AL.

BY: /s/Jack E. Ferrebee

Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
Email: jferrebee@hoflaw.com
Tel: 757-425-5200
Fax: 757-425-2217

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue, Suite 402
Baltimore, Maryland 21204
(410) 825-2300
kquinn@quinnlaw.com
mwolf@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing PLAINTIFFS' MEMORANDUM REGARDING TEST CASE PROPERTY CLUSTER FOUR was sent electronically this 4th day of October 2005 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/ Jack E. Ferrebee
Jack E. Ferrebee