**U.S. Department of Justice**

Environment and Natural Resources Division

SDB
90-1-23-10297

*General Litigation Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0424*
*Facsimile (202) 305-0506*

September 13, 2005

**Via E-mail and First Class Mail**

Jack E. Ferrebee, Esquire
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451

Re: Testwuide, et. al. v. United States, No. 01-201L
Cluster 4 Test Case Plaintiff

Dear Jack:

I am writing regarding your recent proposal regarding the selection of a Cluster 4 test plaintiff to replace Mr. Edelstein, as well as the impact on the remaining pretrial schedule. The recent adjustment to the schedule was predicated, in part, on the addition of Mr. Edelstein to the test case as the government's selection for Cluster 4. As I mentioned to you in an August 29, 2005 e-mail, I anticipated that his unwillingness to pursue his alleged claim would cause further problems with the schedule. I suggested that we might be able to meet the existing pretrial schedule if you could inform me by COB August 30, 2005 which plaintiffs from Cluster 4 are willing to participate in test case. To facilitate matters, I provided a list of the 88 plaintiffs remaining in Cluster 4. On September 6, 2005 you responded by e-mail with an attached letter inexplicably dated, September 1, 2005. An automatic e-mail reply was forwarded to you advising that I was out of the office until September 12, 2005; however, you did not forward the letter to my co-counsel Kelle Acock. Consequently, I did not receive the letter until I returned to the office on September 12. Regardless, it is now time to inform Judge Wolski of the situation and seek a further adjustment to allow for the selection of a replacement plaintiff for Cluster 4.

I cannot agree to your proposal that the government only consider eleven properties from Cluster 4. Your letter did not reflect how many plaintiffs from Cluster 4 you contacted or why you declined to call the owners of all of the 88 properties in Cluster 4. Your letter also failed to address why you limited the number of potential test properties to only 11, or whether the property owners of those 11 properties were identified during what you described as "random" calls to "several cluster 4 plaintiffs." You advised that some of your clients from Cluster 4 have had their phones disconnected or did not answer and others have not returned your phone calls. Your inability to communicate with some of your clients is not a legitimate basis for disallowing the government from considering them for inclusion in the test case. You further indicated that two property owners asked to be dismissed from the case.

Other plaintiffs, you indicated, did not meet the following criteria: 1) single family dwelling; 2) owner occupied; and 3) no major renovations since 1998. The parties did agree to limit the test case to non-rental owner occupied single family dwellings with no major renovations since 1998; however, that has not been strictly followed. As an example, Theodore Dingle's property, one of plaintiffs' selections, continues to undergo major repair and renovation,

EXHIBIT
tabbies
N

and it was a rental property for several years including on the alleged date of taking. As such, the fact that a property in Cluster 4 does not meet the specific criteria above should not disqualify it, particularly in light of the lack of success in finding a willing plaintiff from that cluster.

The owners of the three properties from Cluster 4 we have selected for the test case have all refused to pursue their claims despite our flexibility in terms of scheduling depositions and discovery responses. This has become a costly and time consuming endeavor through no fault of the government. Your proposed solution of providing us a list of 11 properties from which reducing the properties the government may consider from 88 to 11 violates the parties agreement to each select a property for the test case from the six agreed upon geographic clusters surrounding NAS Oceana, including Cluster 4. In effect, your proposal amounts to the plaintiffs unilaterally narrowing Cluster 4 by roughly 87%.

Please advise if you are willing to reconsider your refusal to contact the remaining plaintiffs from Cluster 4 and inform us who is willing to participate in the test case. If not, then I agree with your acknowlegment that we need to contact Judge Wolski immediately. Regardless, as discussed above, Mr. Edelstein's refusal to participate in the case has impacted the remaining pretrial schedule and we need to bring that to Judge Wolski's attention as soon as possible. I look forward to hearing from you.

Sincerely,

Steven D. Bryant