HOFHEIMER/FERREBEE, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1060 LASKIN ROAD, SUITE 12B
SANDPIPER KEY
VIRGINIA BEACH, VIRGINIA 23451-6365

MARY ELIZABETH DAVIS
JACK E. FERREBEE
SHEERA R. HERRELL
CHARLES R. HOFHEIMER
KRISTEN D. HOFHEIMER
JEFFREY D. TARKINGTON

TELEPHONE (757) 425-5200
FACSIMILE (757) 425-6100
*E-mail: jferrebee@hoflaw.com*
Our File No. 034233

September 21, 2005

SENT VIA EMAIL AND FIRST CLASS MAIL

Steven D. Bryant, Esquire
Environmental & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

RE: Testwuide, et al. v. United States

Dear Steve:

I am writing in response to your letter dated September 13, 2005.

As early as August 9, 2005, I informed you that we were having difficulty contacting Mr. Edelstein. I also mentioned that fact several times thereafter. On September 6th, we provided the Navy with a list of eleven willing cluster 4 plaintiffs who agreed to represent that group. Defendant's complete rejection of the residents on that list is inexplicable. If you would like to give us a list of a dozen cluster 4 properties of your choosing whom you wish us to canvas we will do so promptly, but the Navy's demand that we contact all 88 property owners in cluster 4 is unreasonable and intended to create further unnecessary delay in this proceeding.

In your letter you assert that Theodore Dingle's property did not meet the criteria agreed upon by the parties and thus the selection criteria is somehow no longer valid for this selection. Plaintiffs' understanding of the selection criteria agreement, was to streamline the appraisal process for experts on both sides of this matter. Mr. Dingle's repairs and rental history were not brought to my attention until discovery had already begun. Regardless, should the government request now to eliminate the Dingle property and proceed with ten test case properties, a removal that would eliminate any further delay in the schedule, I would be willing to discuss the removal with plaintiffs' counsel.

We do not agree to put off the expert witness reports beyond the date presently on the schedule. All of the appraisals, save for the Cluster 4 Plaintiff, are undoubtedly finished

EXHIBIT
tabbies
O

and can certainly be produced on September 30. There is absolutely no argument concerning the other experts that can be sensibly made. We do not agree to ask the Court to reevaluate the schedule in a phone call. If the Navy wishes both to reject our list of candidates, and declines our offer to call a reasonable list of no more than a dozen residents provided by the Defendant, then any change in the schedule or other relief will have to be done by motion to which we will respond.

Should the government choose to name up to a dozen properties in Cluster 4 for us to canvas, please do so by close of business Friday, September 23rd, in order to give us an opportunity to contact these individuals over the weekend, when they are more likely to be home from work.

I remain hopeful that a compromise can be reached on this issue, and I look forward to hearing from you at your earliest convenience.

Sincerely,

Jack E. Ferrebee