**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROLE and ROBERT TESTWUIDE, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-201 L** **Judge Wolski** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S LEGAL MEMORANDUM ADDRESSING CLUSTER 4**

Pursuant to this Court's order filed September 28, 2005, Defendant United States files this memorandum addressing the need to substitute a new test case plaintiff in Cluster 4. Defendant has expended considerable time and expense attempting to select a test case plaintiff for Cluster 4. Defendant first selected Gerald and Wilma Fox; however, the Foxes did not want to participate in the litigation and agreed to have their claim dismissed with prejudice. Defendant's second and third selection likewise refused to pursue their claims. To facilitate the test case moving forward in an efficient and equitable manner, Defendant respectfully requests that this Court order Plaintiffs to provide the names of those Plaintiffs located in Cluster 4 who are willing to pursue their claim against the government and those who are not.

Before Defendant is required to expend additional time and expense selecting a fourth Plaintiff for the test case, Defendant must know the pool of Plaintiffs in Cluster 4 willing to pursue their claims. To that end, Defendant compiled a list of the remaining Plaintiffs (eighty-eight properties) in Cluster 4 and requested that Plaintiffs advise Defendant who among the group is willing to pursue their claim and who is not willing to

pursue their claim. Plaintiffs' counsel have refused to provide this information, arguing that contacting eighty-eight of their clients was unreasonable. See Exhibit A. Plaintiffs counsel countered that Defendant should choose a test plaintiff from a list created by Plaintiffs' counsel containing the owners of only eleven properties. As a preliminary matter, seven of the eleven properties Plaintiffs' counsel proposed are not even located in Cluster 4.[1] See Exhibit B. More importantly, Plaintiffs' approach eliminates Defendant's ability to select a test plaintiff of Defendant's choosing in accordance with the procedure adopted by the Court and allows Plaintiff to arbitrarily and significantly reduce the pool of available plaintiffs in Cluster 4 from eighty-eight (the total in the cluster) to four (those Plaintiffs' counsel has offered who are in Cluster 4).

Plaintiffs' counsel have alternatively suggested that Defendant select up to twelve properties from Cluster 4. Plaintiffs counsel would then contact those clients that own the twelve properties and determine whether they are interested in pursuing their claims in the test case. This approach is unacceptable. First, it should go without saying that, after filing their complaints, every plaintiff ought to be willing to pursue their claim. Asking Plaintiffs' counsel to verify this with respect to the properties in Cluster 4 is a reasonable request in light of the fact that the first three plaintiffs selected as the test case plaintiffs for this cluster have declined to pursue their claims. It is an inappropriate restriction on that reasonable request to force the Government to unilaterally limit its pool to twelve properties in the cluster. Second, requiring Defendant to expend limited time and resources attempting to determine which twelve properties are of most interest places

[1] The following properties are located in Cluster 3 rather than Cluster 4: 1. Gilbert – 925 Earl of Chatham Lane; 2. Johnson – 2305 Southern Points Court; 3. Keel – 2424 Sedgwick Drive; 4. McCreary – 804 Leighton Drive; 5. Oswald – 2249 North Wolfsnare Drive; 6. Steil – 913 Earl of Essex Arch; and 7. Whitley – 2209 Lord Seaton Circle

an undue and unfair burden on Defendant. Selecting even one property involves considerable research and expense. To require the government to do this for twelve properties is exceedingly burdensome, particularly in light of the fact that the Government has selected three properties from this cluster and not one of these owners has been willing to pursue their claim. Providing Defendant with a list of the remaining plaintiffs who are willing to pursue their claim and those who are not eliminates the problems with Plaintiffs' approach and permits Defendant to fairly and efficiently select a plaintiff from Cluster 4 in accordance with the procedure adopted by this Court.

## FACTUAL BACKGROUND

On September 20, 2004, this Court ordered the parties to meet and confer over the next two months to determine a combination of parties whose claims may be appropriately tried together in a test case.[2] The Court adopted the parties' joint proposal to divide the area surrounding NAS Oceana into several geographic clusters, and each party would select one test plaintiff from each cluster.[3] The parties selected appropriate

---

[2] On February 14, 2005, the Court consolidated seven other cases with Testwuide v. United States, including: Burlage, et al. v. United States, No. 04-120 L, (Wolski, J.); Adams, et al. v. United States No. 04-279 L, (Wolski, J.); Anderson, et al. v. United States, No. 04-333 L, (Wolski, J.); Beagle, et al. v. United States, No. 04-1176 L, (Wolski, J.); Ararlar, et al. v. United States, No. 04-1280 L, (Wolski, J.); Whitley, et al. v. United States, No. 04-1331, (Wolski, J.); and Price, et al. v. United States, No. 04-1718, (Wolski, J.).

[3] On December 20, 2004, the Court ordered the parties to proceed with seven geographic clusters for a total of fourteen properties to be litigated in the first test case. Defendant's selection from Cluster 1, William and Nancy Wagner, requested to be excused from the test case because Mr. Wagner suffered a stroke. Thereafter, on March 22, 2005, the parties jointly moved to remove the plaintiffs selected from Cluster 1 and proceed with test plaintiffs from the six remaining geographic clusters. The Court, on April 19, 2005, adopted the parties joint motion to remove the Cluster 1 test plaintiffs, resulting in a test case consisting of six geographic clusters and a total of twelve properties.

test plaintiffs according to this Court's Order.

On February 23, 2005, counsel for plaintiffs moved to dismiss Gerald and Wilma Fox with prejudice from the Beagle, et al. v. United States, No. 04-1176 L, (Wolski, J.), action. The motion stated that Plaintiffs' counsel was unable to communicate with Mr. and Mrs. Fox regarding the case and that counsel for Defendant was prepared to select a different property to replace the Foxes. The motion also noted that counsel for Defendant agreed to a dismissal of the Foxes with prejudice. This motion is currently pending before the Court.[4]

On March 17, 2005, counsel for Defendant selected Kevin and Eugenia Cohen, 647 Alberthas Drive, to replace Gerald and Wilma Fox in the test case. See Exhibit C. Counsel for Plaintiffs informed counsel for Defendant on April 1, 2005, that counsel for Plaintiffs were still attempting to contact the Cohens. See Exhibit D. Approximately one week later, counsel for Defendant again inquired as to whether the Cohens intended to remain in the lawsuit. See Exhibit E. On April 14, 2005, counsel for Plaintiffs informed counsel for Defendant that Mr. Cohen wanted to remain in the litigation, but due to his wife's recent passing and schedule, Mr. Cohen was "not in a position right now to participate in the test case." Exhibit F. Counsel for Plaintiffs asked counsel for Defendant to select another property to replace the Cohens. See Exhibit F.[5]

---

[4] Also pending before the Court is the Parties Joint Motion to Dismiss nine claims filed on April 28, 2005.

[5] Through a series of subsequent communications, counsel for Defendant learned that Mr. Cohen was selected as a test plaintiff over one and one-half years after his wife's passing, and Mr. Cohen joined Whitley, et al. v. United States, No. 04-1331, (Wolski, J.), approximately one year after his wife's passing. See Exhibits G, H. Defendant informed counsel for Plaintiffs that it was sympathetic to Mr. Cohen's loss, and repeatedly offered to accommodate his busy schedule by being flexible in scheduling his deposition. See e.g. Exhibits G, H, I, J. Defendant noted that Mr. Cohen's time commitment to the case would be rather minimal, specifically, a deposition, producing documents, responding to

On July 21, 2005, counsel for Defendant selected Scott Edelstein as the replacement test plaintiff for Mr. Cohen. On July 22, 2005, counsel for Defendant requested that counsel for Plaintiffs inform Defendant by July 29, 2005, as to whether Mr. Edelstein would participate as a test plaintiff and how long he would need to provide discovery responses. See Exhibit K. On August 5, 2005, counsel for Defendant again asked if Mr. Edelstein was willing to pursue his claim in the test case. Counsel for Plaintiffs responded on August 9, 2005, that Mr. Edelstein had not returned his phone calls or correspondence. On August 16, 2005, counsel for Plaintiffs informed Defendant that Mr. Edelstein refused to participate in the test case.[6]

Considering the repeated refusal of each selected Cluster 4 test plaintiff to participate, on August 29, 2005 counsel for Defendant provided Plaintiffs with a list of the eighty-eight remaining properties in Cluster 4 and requested that they contact their clients and advise who is prepared to prosecute their claim in the test case and who is not. Counsel for Plaintiffs refused to contact the owners of the eighty-eight properties. Instead, they contacted an unspecified number of plaintiffs, including several who had disconnected their phones, others who failed to return counsel's phone calls, and two property owners that asked to be dismissed from the case. Counsel for Plaintiffs then provided Defendant with a list of eleven properties from Cluster 4 and proposed that Defendant select a test plaintiff from that list. In a subsequent letter, counsel for Plaintiffs alternatively suggested that Defendant identify twelve plaintiffs from Cluster 4.

## ARGUMENT

This Court has inherent discretion to "control the disposition of the causes on its

---

interrogatories, and trial testimony. Nevertheless, Mr. Cohen refused to pursue his claim.

[6] Defendant also intends to file a motion to dismiss Plaintiffs Kevin E. Cohen and Scott Edelstein's claims with prejudice for failure to prosecute.

docket with economy of time." Caparco v. United States, 28 Fed. Cl. 736, 737 (1993) quoting Landis v. North American Co., 299 U.S 248, 254 (1936). Indeed, this Court may dismiss on its own motion or defendant may move for dismissal of an action or any claim for failure of the plaintiffs to prosecute or to comply with an order of the court. See RCFC 41(b). "[S]uch rulings are to be determined on a case-by-case basis which should be left solely within the sound discretion of the trial judge." Reading Anthracite Co. v. United States, 9 Cl. Ct. 63, 65 (1985), citing Taub v. Hale, 355 F.2d 201, 202 (2d Cir.), cert. denied, 384 U.S. 1007 (1966) (emphasis in original).

Despite Defendant's repeated and good faith efforts and flexibility, selecting a test plaintiff for Cluster 4 has become overly burdensome, if not impossible, because Defendant has no way of knowing which plaintiffs in the cluster are willing to pursue their claims. Plaintiffs suggest that Defendant be required to select a test plaintiff from eleven properties, seven of which are not even located in Cluster 4, out of eighty-eight properties remaining in Cluster 4. This proposal violates the Court's approved procedure that the parties each select a property from the six agreed upon geographic clusters surrounding NAS Oceana. In effect, plaintiffs are attempting to unilaterally reduce Cluster 4 from the remaining eighty-eight properties to four, a 95% reduction.

Plaintiffs alternatively suggest that Defendant select twelve test plaintiffs and counsel for Plaintiffs will contact those plaintiffs and find out if they are interested in pursuing their alleged claims. This is simply the status quo, only at considerably more cost to Defendant. As mentioned above, selecting even one property involves research and expense. To require the government to pursue this effort for twelve properties is exceedingly onerous and unlikely to produce results in light of the number of plaintiffs in

Cluster 4 that are apparently not interested in pursuing their claims. In contrast, counsel for Plaintiffs can determine which of their clients in Cluster 4 are interested in pursuing their claims with relative ease, by phone, e-mail, or correspondence. Additionally, the eighty-eight properties remaining in Cluster 4 are relatively close together, and the owners could be contacted rather quickly directly at their homes.

Moreover, there is the real possibility that the owners of the hypothetical twelve properties would likewise refuse to pursue their claims. In addition to the unwillingness of the owners of the three properties Defendant has selected for Cluster 4 to participate in the test case, counsel for Plaintiffs encountered “several” plaintiffs who disconnected their phones and others who failed to return calls. The failure of these plaintiffs to inform their attorneys of their new phone numbers or return their calls certainly suggests that they are not interested in pursuing their claims. Two property owners who did speak to counsel specifically requested to be dismissed from the case.

Further underscoring the futility in defendant identifying additional test plaintiffs willing to pursue their claims is the percentage that have been removed from the test case as compared to the number Defendant has selected. Defendant has selected a total of nine test plaintiffs since December 2004, from the original seven geographic clusters, plus Mr. Cohen and Mr. Edelstein. Of those nine, four have requested to be removed from the test case, a failure rate exceeding 40%.

Defendant has made every reasonable effort to select a test plaintiff from Cluster 4. At this point, there is simply no justification for Defendant to expend additional time and resources attempting to select a plaintiff who may or may not be willing to pursue their claims against the government. Requiring Plaintiffs to provide Defendant with a list

of the remaining plaintiffs who are willing to pursue their claim and those who are not avoids further delay in the litigation and will allow Defendant to fairly and efficiently select a plaintiff from Cluster 4 in accordance with the Court's prior orders. Because Plaintiffs have refused to provide this list, Defendant now has no other choice than to seek the Court's assistance in identifying those plaintiffs located in Cluster 4 who are willing to pursue their claim against the government.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that Court exercise its discretion and order Plaintiffs to provide Defendant with a list of the remaining plaintiffs who are willing to pursue their claim and those who are not, to allow Defendant to fairly and efficiently select a plaintiff from Cluster 4 in accordance with the procedures adopted by this Court.

Dated this 4th day of October 2005.

Respectfully Submitted,

/s/ Steven D. Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-042
Fax: (202) 305-0506

CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of October 2005, a true and correct copy of the foregoing DEFENDANT'S LEGAL MEMORANDUM ADDRESSING CLUSTER 4 was served via electronic mail to the following counsel of record:

Jack E. Ferrebee
Hoffheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
jferrebee@hoflaw.com

/s/ Steven D. Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-042
Fax: (202) 305-0506