# EXHIBIT A

HOFHEIMER/FERREBEE, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1060 LASKIN ROAD, SUITE 12B
SANDPIPER KEY
VIRGINIA BEACH, VIRGINIA 23451-6365

MARY ELIZABETH DAVIS
JACK E. FERREBEE
SHEERA R. HERRELL
CHARLES R. HOFHEIMER
KRISTEN D. HOFHEIMER
JEFFREY D. TARKINGTON

TELEPHONE (757) 425-5200
FACSIMILE (757) 425-6100
*E-mail: jferrebee@hoflaw.com*
Our File No. 034233

September 21, 2005

SENT VIA EMAIL AND FIRST CLASS MAIL

Steven D. Bryant, Esquire
Environmental & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

RE: Testwuide, et al. v. United States

Dear Steve:

I am writing in response to your letter dated September 13, 2005.

As early as August 9, 2005, I informed you that we were having difficulty contacting Mr. Edelstein. I also mentioned that fact several times thereafter. On September 6th, we provided the Navy with a list of eleven willing cluster 4 plaintiffs who agreed to represent that group. Defendant's complete rejection of the residents on that list is inexplicable. If you would like to give us a list of a dozen cluster 4 properties of your choosing whom you wish us to canvas we will do so promptly, but the Navy's demand that we contact all 88 property owners in cluster 4 is unreasonable and intended to create further unnecessary delay in this proceeding.

In your letter you assert that Theodore Dingle's property did not meet the criteria agreed upon by the parties and thus the selection criteria is somehow no longer valid for this selection. Plaintiffs' understanding of the selection criteria agreement, was to streamline the appraisal process for experts on both sides of this matter. Mr. Dingle's repairs and rental history were not brought to my attention until discovery had already begun. Regardless, should the government request now to eliminate the Dingle property and proceed with ten test case properties, a removal that would eliminate any further delay in the schedule, I would be willing to discuss the removal with plaintiffs' counsel.

We do not agree to put off the expert witness reports beyond the date presently on the schedule. All of the appraisals, save for the Cluster 4 Plaintiff, are undoubtedly finished

and can certainly be produced on September 30. There is absolutely no argument concerning the other experts that can be sensibly made. We do not agree to ask the Court to reevaluate the schedule in a phone call. If the Navy wishes both to reject our list of candidates, and declines our offer to call a reasonable list of no more than a dozen residents provided by the Defendant, then any change in the schedule or other relief will have to be done by motion to which we will respond.

Should the government choose to name up to a dozen properties in Cluster 4 for us to canvas, please do so by close of business Friday, September 23rd, in order to give us an opportunity to contact these individuals over the weekend, when they are more likely to be home from work.

I remain hopeful that a compromise can be reached on this issue, and I look forward to hearing from you at your earliest convenience.

Sincerely,

Jack E. Ferrebee

# EXHIBIT B

HOFHEIMER/FERREBEE, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1060 LASKIN ROAD, SUITE 12B
SANDPIPER KEY
VIRGINIA BEACH, VIRGINIA 23451-6365

MARY ELIZABETH DAVIS
JACK E. FERREBEE
SHEERA R. HERRELL
CHARLES R. HOFHEIMER
KRISTEN D. HOFHEIMER
JEFFREY D. TARKINGTON

TELEPHONE (757) 425-5200
FACSIMILE (757) 425-6100
*E-mail: jferrebee@hoflaw.com*
Our File No.

September 1, 2005

VIA EMAIL

Steven Bryant, Esquire
Department of Justice
Environmental & Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663

Re: Testwuide, et al. v. U.S.
Cluster 4 Test Case Plaintiff

Dear Steve:

I am writing in response to your email dated August 29, 2005 concerning a replacement plaintiff for Mr. Edelstein. You correctly noted that your previous three selections for cluster 4 have been unable or unwilling to participate in the test case.

You have asked that we contact the eighty-eight people you have identified to be located in cluster 4. As you remember, not only does the property owner need to be able and willing to participate in the test case, but the property is supposed to meet previously agreed conditions, which are: that it be a single family dwelling; that it be owner occupied; and that there have not been any major renovations since 1998.

We have undertaken to contact several cluster 4 plaintiffs at random to confirm their willingness to participate as test case plaintiffs and who currently meet the above criteria. In making calls, we found that several telephone numbers had been disconnected, some have failed to return calls, some were "no answer," some live in townhouses, and some have had major renovations since 1998. Two property owners asked that we dismiss them from the claim and we are going to undertake to do so. I propose that you select one from the list below, who are all willing and able to participate and also satisfy our agreed criteria.

If we are unable to name a replacement plaintiff for cluster 4 exercising a selection from this list, I suggest that we schedule a hearing with Judge Wolski as soon as possible in order to resolve the matter.

The available plaintiffs and their addresses are:

1. Lynnwood and Marguerite Dickerson
317 Apasus Trail

2. William and Mary Gilbert
925 Earl of Chatham Lane
(they had work done in 2002 on soffits, gutters, windows and driveway, but does not appear to constitute major renovations) (this property on the line between clusters 3 and 4)

3 Robert and Bertha Goodwin
909 Pillow Drive

4. David and Jeanne Johnson
2305 Southern Points Court
(on line between clusters 3 and 4)

5. Randy and Cathy Keel
2424 Sedgwick Drive
(on line between clusters 3 and 4)

6. Jeffrey McCreary
804 Lord Leighton Drive

7. Charles and Patricia Nash
2617 Boush Quarter

8. Michael and Theresa Oswald
2249 North Wolfsnare Drive
(on line between clusters 3 and 4)

9. Louis and Mary Soscia
2617 Sandy Valley Road

10. Volker and Young Steil
913 Earl of Essex Arch

11. Gregory and Delores Whitley
2209 Lord Seaton Circle

I look forward to hearing from you at your earliest convenience.

Very truly yours,

Jack E. Ferrebee
jef/fej

# EXHIBIT C

**Bryant, Steven (ENRD)**

| | |
|---|---|
| **From:** | Bryant, Steven (ENRD) |
| **Sent:** | Thursday, March 17, 2005 4:43 PM |
| **To:** | jferrebee@hoflaw.com |
| **Cc:** | tferrebee@hoflaw.com; mwolf@quinnlaw.com; Acock, Kelle (ENRD); 'dominick.yacono@navy.mil'; 'robert.j.smith2@navy.mil'; mary.raivel@navy.mil; 'page.turney@navy.mil' |
| **Subject:** | Replacement Cluster 4 |

Jack,

We have selected Kevin and Eugenia Cohen, 647 Alberthas Drive to replace Gerald and Wilma Fox in the test case.

Regards,

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

*This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.*

# EXHIBIT D

\>>
\>> I'll have to ask Virginia Beach if they can meet that deadline
\>>
\>> Kieron
\>>
\>> ==================================================================
\>>
\>> At 10:46 AM 4/6/2005, you wrote:
\>> >Kieron,
\>>
\>> >I accepted your changes, but added that you would provide the
\>> information
\>> >by April 12, 2005:
\>>
\>> >Plaintiffs' counsel further agree to request that the Plaintiffs listed
\>> in
\>> >Paragraph B provide their best recollection of the names and contact
\>> >information of persons and entities that may have these documents,
\>> unless
\>> >previously identified in Plaintiffs' discovery responses, and to
\>> transmit
\>> >that information to Counsel for the defense by APRIL 12, 2005.
\>>
\>> >If you agree then I'll file it this morning. Please advise.
\>>
\>> >Thanks,
\>>
\>> >Steve
\>>
\>>
\>>
\>> >-----Original Message-----
\>> >From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
\>> >Sent: Friday, April 01, 2005 11:26 AM
\>> >To: Bryant, Steven (ENRD)
\>> >Subject: Stip and Order dealing with Real Estate Transactions
\>>
\>>
\>> >Steve
\>>
\>> >Attached is the stipulation regarding DOJ's contacting various players
\>> in
\>> >the real estate transactions involving the Test case plaintiffs we
\>> >discussed yesterday. Can you take charge of getting it filed? Jack's
\>> >office is still trying to contact the Cohens and is also contacting the
\>> >remaining test case Plaintiffs to get recollections of lenders,
\>> brokers,
\>> >closing agents, etc. where the produced documents do not already reveal
\>> >that information.
\>>
\>> >Kieron
\>>
\>>
\>> >Kieron Quinn Tel.
\>> 410
\>> >825 2300
\>> >Quinn, Gordon & Wolf Chtd. Fax. 410 825
\>> 0066
\>> >40 West Chesapeake
\>> >Ave. Em kfquinn@quinnlaw.com
\>> >Suite 408 www.quinnlaw.com
\>> >Baltimore, MD 21204
\>>
\>>
\>> Kieron Quinn Tel.
\>> 410
\>> 825 2300

# EXHIBIT E

# Bryant, Steven (ENRD)

**From:** Bryant, Steven (ENRD)
**Sent:** Thursday, April 07, 2005 4:50 PM
**To:** 'jferrebee@hoflaw.com'
**Cc:** Acock, Kelle (ENRD); khofheimer@hoflaw.com; (lwoodward@srgslaw.com); chofheimer@hoflaw.com; 'kfquinn@quinnlaw.com'; Marty Wolf (mwolf@quinnlaw.com); (sswain@srgslaw.com); (tshuttleworth@srgslaw.com)
**Subject:** Oceana Discovery

**Attachments:** tmp.htm

tmp.htm (5 KB)

Hi Jack,

A few questions and follow up info on some of the outstanding discovery matters:

The depos on April 25-26 will be at Naval Station Norfolk, 1530 Gilbert Street, Suite 2133, Building N-26, Norfolk, VA, 23511-2722. As a reminder, Fred Pierson and Capt Keeley will be available on the 25th between 9:30 and 4:00 PM. We would prefer to have Capt Keeley's deposition first because of his schedule. As you know, RADM Turcotte is available from 12:30 to 3:30PM on the 26th. Please advise if you want to conduct Capt (Ret) Zobel's deposition in the morning or afternoon so I can let him know.

You were going to send me a list of proposed nonworking spouses for a couple of the witnesses I advised that I wanted to depose on the 27-28th. Please also let me know which plaintiffs will be available for which day. I will notice the depositions once I receive that information.

Have you had any resolution on whether the Cohens want to remain in the suit? Please also provide their phone number so I can pass it along to Mike Germano for an inspection.

Please also provide Mr. Dingle's ex-wife's name, address, and phone number.

I am ready to file the stipulation regarding the waiver/release of information, but I added a provision that you could get me the information (names of lenders, appraisers, agents, closing/settlement companies or lawyers, etc...) to the best of plaintiffs' (that have not provided all of the information and documentation) recollections by April 12. Please confirm and I will file it.

Thank you,

Steve

**Tracking:**

| Recipient | Delivery | Read |
| --- | --- | --- |
| 'jferrebee@hoflaw.com' | | |
| Acock, Kelle (ENRD) | Delivered: 4/7/2005 4:50 PM | Read: 4/7/2005 4:57 PM |
| khofheimer@hoflaw.com | | |
| (lwoodward@srgslaw.com) | | |
| chofheimer@hoflaw.com | | |
| 'kfquinn@quinnlaw.com' | | |
| Marty Wolf (mwolf@quinnlaw.com) | | |
| (sswain@srgslaw.com) | | |

# EXHIBIT F

**Bryant, Steven (ENRD)**

**From:** jferrebee@hoflaw.com
**Sent:** Thursday, April 14, 2005 8:21 AM
**To:** Bryant, Steven (ENRD)
**Subject:** Cohens

Steve:

Apparently you did not receive my email regarding the Cohens. Because we had not received a response from the Cohens, I drove to their house on Monday. Mr. Cohen explained that his wife died recently and that he is juggling a busy construction job with raising an active five year old son. Although he wants to remain in the case, he is not in a position right now to participate in the test case. Will you make another selection or consider proceeding with the test case plaintiffs we have on board right now?

I will get back to you shortly on your selection of plaintiffs for depositions.

Jack Ferrebee

# EXHIBIT G

**Acock, Kelle (ENRD)**

**From:** Bryant, Steven (ENRD)
**Sent:** Thursday, April 14, 2005 8:54 AM
**To:** 'jferrebee@hoflaw.com'
**Cc:** Acock, Kelle (ENRD)
**Subject:** Re: Cohens

Jack,

That is tragic news, especially for the son. If I may ask, when did Mrs. Cohen pass away?

Regards,

Steve

--------------------------
Sent from my BlackBerry Wireless Handheld

Sent Using U.S. DOJ/ENRD BES Server

-----Original Message-----
From: jferrebee@hoflaw.com <jferrebee@hoflaw.com>
To: Bryant, Steven (ENRD) <SBryant@ENRD.USDOJ.GOV>
Sent: Thu Apr 14 08:21:10 2005
Subject: Cohens

Steve:

Apparently you did not receive my email regarding the Cohens. Because we had not received a response from the Cohens, I drove to their house on Monday. Mr. Cohen explained that his wife died recently and that he is juggling a busy construction job with raising an active five year old son. Although he wants to remain in the case, he is not in a position right now to participate in the test case. Will you make another selection or consider proceeding with the test case plaintiffs we have on board right now?

I will get back to you shortly on your selection of plaintiffs for depositions.

Jack Ferrebee

# EXHIBIT H

**Bryant, Steven (ENRD)**

**From:** tferrebee@hoflaw.com
**Sent:** Thursday, May 12, 2005 3:18 PM
**To:** Bryant, Steven (ENRD)
**Subject:** Eugenia Cohen

Steve,

My father asked me to forward you some supplemental information on the Cohens. We have learned that Ms. Cohen died on September 11, 2003.

Tom

Thomas B. Ferrebee
Case Administrator

Jet Noise Litigation Group
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
757-333-8110
757-425-6100 fax

# EXHIBIT I

## Bryant, Steven (ENRD)

**From:** Bryant, Steven (ENRD)
**Sent:** Monday, May 16, 2005 12:08 PM
**To:** 'jferrebee@hoflaw.com'
**Cc:** 'kfquinn@quinnlaw.com'; 'Marty Wolf (mwolf@quinnlaw.com)'; ' (sswain@srgslaw.com)'; ' (tshuttleworth@srgslaw.com)'; 'khofheimer@hoflaw.com'; 'chofheimer@hoflaw.com'; 'robert.j.smith2@navy.mil'; 'dominick.yacono@navy.mil'; 'mary.raivel@navy.mil'; 'page.turney@navy.mil'; Acock, Kelle (ENRD); Plater, Tawanda (ENRD)
**Subject:** Outstanding Discovery Issues

**Attachments:** SFX2F.pdf

SFX2F.pdf (153 KB)

Jack,

I sent the attached April 29, 2005 letter more than two weeks ago, but have not heard back from you regarding the rather lengthy list of discovery issues raised. We need all of the information discussed in the letter, and it is long overdue. Not having the documents compromises our ability to thoroughly depose the witnesses. Particularly troubling is the indication from the plaintiffs previously deposed that they have files containing the records associated with their real estate transactions, yet we have not received a single complete contract from any one of those plaintiffs, as well as several other plaintiffs that we will be deposing June 8-10th. In our Notice of Deposition we requested that the deponents bring these materials with them, but the deponents brought no records with them.

The lone exception was the date of Mrs. Cohen's passing. Thank you for passing along that information last week. In light of the fact that her death was approximately a year and eight months ago we cannot agree to remove Mr. Cohen as a test plaintiff. At this point he should no longer be dealing with any probate issues or other time consuming matters related to her death. Of course we are sympathetic regarding his loss, and will be flexible in terms of scheduling his deposition. Nevertheless, his time commitment to the case is rather minimal - a deposition, producing documents, responding to interrogatories, and trial testimony. Additionally, he is a plaintiff from Whitley v. US, which was filed approximately a year after Mrs. Cohen passed away. Presumably, he was informed that he would be named as a plaintiff in the Whitley complaint prior to its filing, and thereby realized that he may have to participate in it.

Additonally, Betty Capps indicated during her deposition that she videotaped and/or photographed military aircraft in the proximity of her home and also has photographs of F-14 Tomcat aircraft taken a few years ago. In accordance with Defendant's previous discovery requests and my request at her deposition, please provide this information by supplementing your response to Interrogatory Nos. 9 and 10 and Defendant's RFP Nos. 1-3.

I would prefer to work this out between us rather than getting the judge involved, but I cannot do that without a commitment concerning when you will produce the requested information. Please let me know if a conference call would be helpful and I will be glad to participate.

Thank you in advance,

Steve

-----Original Message-----
From: Bryant, Steven (ENRD)
Sent: Friday, April 29, 2005 5:34 PM
To: 'jferrebee@hoflaw.com'
Cc: Acock, Kelle (ENRD); Marty Wolf (mwolf@quinnlaw.com); 'robert.j.smith2@navy.mil';

mary.raivel@navy.mil; page.turney@navy.mil; dominick.yacono@navy.mil; 'John.Lauterbach@navy.mil'; 'kfquinn@quinnlaw.com'; (sswain@srgslaw.com); (tshuttleworth@srgslaw.com); khofheimer@hoflaw.com; Bryant, Steven (ENRD); Alderson, Thomas (ENRD)
Subject: April 15 letter

Jack,

Attached responds to your April 15th letter. Please let me know if you would like to discuss any of these issues in a conference call. If so, I will be available Tuesday morning.

Enjoy the weekend.

Steve

-----Original Message-----
From: ECOPY (ENRD)
Sent: Friday, April 29, 2005 5:28 PM
To: Bryant, Steven (ENRD)
Subject: Scanned document <2 pages ~149 KB> -- 4/29/2005 5:27:10 PM

This PDF file was created using the eCopy Suite of products. For more information about how you can eCopy paper documents and distribute them by email please visit http://www.ecopy.com

| Tracking: | Recipient | Delivery | Read |
|---|---|---|---|
| | 'jferrebee@hoflaw.com' | | |
| | 'kfquinn@quinnlaw.com' | | |
| | 'Marty Wolf (mwolf@quinnlaw.com)' | | |
| | ' (sswain@srgslaw.com)' | | |
| | ' (tshuttleworth@srgslaw.com)' | | |
| | 'khofheimer@hoflaw.com' | | |
| | 'chofheimer@hoflaw.com' | | |
| | 'robert.j.smith2@navy.mil' | | |
| | 'dominick.yacono@navy.mil' | | |
| | 'mary.raivel@navy.mil' | | |
| | 'page.turney@navy.mil' | | |
| | Acock, Kelle (ENRD) | Delivered: 5/16/2005 12:09 PM | Read: 5/16/2005 12:49 PM |
| | Plater, Tawanda (ENRD) | Delivered: 5/16/2005 12:09 PM | Read: 5/16/2005 12:57 PM |

# EXHIBIT J

**Bryant, Steven (ENRD)**

**From:** Bryant, Steven (ENRD)
**Sent:** Monday, June 27, 2005 7:08 PM
**To:** 'jferrebee@hoflaw.com'; 'kfquinn@quinnlaw.com'; Marty Wolf (mwolf@quinnlaw.com); khofheimer@hoflaw.com; chofheimer@hoflaw.com; (tshuttleworth@srgslaw.com); 'S Swain (scswain@srgslaw.com)'
**Cc:** Acock, Kelle (ENRD); 'robert.j.smith2@navy.mil'; page.turney@navy.mil; dominick.yacono@navy.mil; 'mary.raivel@navy.mil'; Bryant, Steven (ENRD); Miller, Lynn (ENRD)
**Subject:** June 24, 2005 Letter (Discovery)

Jack,

You have misinterpreted the intent of interrogatory No. 19 and my follow-up letter. Reviewing the test plaintiffs' military records is in no way "calculated to chill" or "intimidat[e]" them. Quite frankly, I am not sure how it ever could. Nevertheless, I provided an example in my letter of how that information (assignments/duty positions) is relevant to the case. I do not recall any objections during the depositions when the veteran plaintiffs were asked to recount their military assignments and duty positions, and what, if any, exposure they may have had to aircraft noise. The military records are useful for verifying that information and filling in any gaps. Memories fade over time, particularly when one considers the transient nature of military service.

The portions of the interrogatory dealing with character of discharge, rank, disciplinary matters, and courts-martial are designed to elicit information potentially related to bias and credibility. There may be other military records that are relevant as well. As a reminder, the Court specifically granted the protective order because they were not relevant to the issue of class certification. Messrs. Testwuide, Bunn, and Lyle were not being called as witnesses on the merits at the time. The Court, in fact, invited the government to renew the request to access military records should circumstances change, which has occurred. Please advise what specifically about the test plaintiffs' military records that has you so concerned. Perhaps we can reach a compromise as to those portions of the military records.

As to Interrogatory No. 20, the test plaintiffs have alleged in discovery that the F/A-18 overflights are (and have been) intolerable. In light of that assertion it is perfectly reasonably to explore why they have not moved. As I indicated in the letter, the first part of the interrogatory ask the plaintiff to list the reasons why they have not moved. You have refused to have the test plaintiffs list those reasons. Please state your specific objection to this part of the interrogatory.

The second portion of Interrogatory No. 20 is relevant for those test plaintiffs who claim that moving would be a financial hardship or they could not afford to move. Assets and liabilities are relevant to determine if that assertion is credibile.

I look forward to reviewing the privilege log. Thank you for the update.

As to Mr. Cohen's refusal to participate in the test case, please advise what exactly is the imposition that makes having him as a test plaintiff so objectionable. As I have repeatedly stated, we are more than willing to be flexible in scheduling his deposition at a time that is convenient for him. Without additonal information, the only appropriate course of action for the government is to move to dismiss him for failure to prosecute.

Thank you,

Steve

-----Original Message-----
From: jferrebee@hoflaw.com [mailto:jferrebee@hoflaw.com]
Sent: Friday, June 24, 2005 5:33 PM
To: Bryant, Steven (ENRD); tferrebee@hoflaw.com
Cc: Miller, Lynn (ENRD); Acock, Kelle (ENRD); kfquinn@quinnlaw.com; khofheimer@hoflaw.com; chofheimer@hoflaw.com; robert.j.smith2@navy.mil; scswain@srgslaw.com;

tshuttleworth@srgslaw.com; mary.raivel@navy.mil; dominick.yacono@navy.mil; page.turney@navy.mil; mwolf@quinnlaw.com
Subject: RE: June 24, 2005 Letter (Discovery)

Steve:

Mr. Cohen is not going to participate as a test case plaintiff. You should consider naming another plaintiff from his cluster if you intend to do so. We presently intend to argue for his continued participation in the litigation.

We have been working on the privilege log and expect to have it completed shortly. I cannot give you an exact date when it will be completed, but we hope to have it completed within the next several days.

I will review the transcript with respect to the prior court ruling on your request for all of our clients' military records. It is and has been our position that the sole reason for such a request is the intimidation of our military or veteran clients. If your question is how much contact and experience our clients have with the operations of military aircraft, whether in their homes or through their work, the question would naturally apply to lifelong civilians as well as active duty, reserve or veteran plaintiffs. I think that the interrogatory was calculated more to chill our veteran plaintiffs than it was to shed any useful light on a takings case. I will talk to our other counsel about reaching some sort of a compromise on interrogatory 19, but I doubt that we will be able to agree to a wholesale rummaging of our clients' military records without a reaonable basis for doing so. As I remember it, Julia Evans previously threatened to obtain the military records of o!
ur client

With respect to interrogatory 20, I will confer with my co-counsel, but from my perspective the net financial worth of the test case plaintiffs has nothing to do with whether an avigation easement exists over their homes. As far as I have been able to discern, an avigation easement exists for reasons entirely independent of a person's net worth. Whether any individual feels that he or she can afford to move or has to move to escape the jet noise, the answer doesn't appear to me to have anything to do with the existence of an avigation easement. I will let you know if there is any room or a basis for a compromise on this interrogatory, but I presently cannot accept that the information is relevant or that it is calculated to lead to admissible evidence in this proceeding.

Jack Ferrebee

--- Original Message---
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com> (Receipt Notification Requested) (IPM Return Requested), "tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested) (IPM Return Requested)
Cc: "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com> (Receipt Notification Requested) (IPM Return Requested), "khofheimer@hoflaw.com" <khofheimer@hoflaw.com> (Receipt Notification Requested) (IPM Return Requested), "chofheimer@hoflaw.com" <chofheimer@hoflaw.com> (Receipt Notification Requested) (IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov> (Receipt Notification Requested) (IPM Return Requested), "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil> (Receipt Notification Requested) (IPM Return Requested), "Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov> (Receipt Notification Requested) (IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com> (Receipt Notification Requested) (IPM Return Requested), "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com> (Receipt Notification Requested) (IPM Return Requested), "mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested) (IPM Return Requested), "dominick.yacono@navy.mil" <domin!
ick.yacon
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Sent: 6/24/2005 10:38AM
Subject: June 24, 2005 Letter (Discovery)

>> Jack,
>>
>> Attached is a letter primarily discussing discovery-related issues.
>>

>> Regards,
>>
>> Steve
>>
>> Steve Bryant
>> Trial Attorney
>> Natural Resources Section
>> Environment & Natural Resources Division
>> U.S. Department of Justice
>> P.O. Box 663
>> Washington D.C. 20044-0663
>> (v) 202-305-0424
>> (f) 202-305-0506
>>
>> This e-mail (including any attachments) is intended for the use of the
>> individual or entity to which it is addressed. It may contain
>> information that is privileged, confidential, or otherwise protected by
>> applicable law. If the reader of this e-mail is not the intended
>> recipient or the employee or agent responsible for delivering the e-mail
>> to the intended recipient, you are hereby notified that any
>> dissemination, distribution, copying or use of this e-mail or its
>> contents is strictly prohibited. If you have received this e-mail in
>> error, please notify us immediately by replying to this message, and
>> please destroy all copies of this e-mail.
>>
>>
>> <<#302343-v1-Oceana_-_Letter-June_24__2005_(Discovery_Issues).PDF>>
>>
>>

# EXHIBIT K

**Bryant, Steven (ENRD)**

**From:** Bryant, Steven (ENRD)
**Sent:** Friday, July 22, 2005 1:35 PM
**To:** 'jferrebee@hoflaw.com'
**Cc:** Bryant, Steven (ENRD)
**Subject:** FW: Phone call w/ Jack

Jack,

Just wanted to confirm what we discussed yesterday. You informed me that you are withdrawing Ernest Ball from your witness list (and he will not testify at trial), and I agreed not to depose him. I advised that we are adding Scott Edelstein as the replacement test plaintiff for Mr. Cohen. (Although we did not discuss it yesterday, please recall from earlier conversations and e-mails that we will move to dismiss Mr. Cohen for refusing to participate in the case.) You agreed that I did not need to send out of notices of deposition and you would ensure that the deponents would attend their depositions on time: Stokeley and Schick at your office starting at 9:30AM on Monday, and Mrs. Van Nostrand and Mrs. Ryan at Steve Swain's office on Wednesday starting at 9AM. You also advised that Ms. Dingle would be available to be deposed on August 2nd, the same day that Tom Askins will be deposed. I also informed you that Mike Germano has unfortunately contracted Lyme Disease, which has seriously impacted his health. I suggested that we alter the schedule to accommodate Mike's health concerns, as well as the addition of Mr. Edelstein to the test case. I recommended delaying the due date for expert reports from Aug 12 to the last week in September, and a corresponding delay in the remainder of the schedule due dates. You were receptive to delaying the schedule, but wanted to confer with your co-counsel before commiting, and would let me know on Monday. As I mentioned, Mike is confident that he can complete his work in time if we adjust the schedule. Nevertheless, as you know, there is no definitive recovery period for Lyme Disease so I will monitor his recovery over the next month and let you know if there is problem meeting that deadline (assuming your co-counsel agree to alter the schedule). We also discussed the possibility of adding a period in the schedule for the experts to prepare supplemental reports in rebuttal to the initial reports prepared by opposing experts.

Since we have had a few proposed test plaintiffs who did not want to participate in the test case (Foxes/Cohen), please advise by July 29th if Mr. Edelstein is willing to participate. Please also let me know how long you will need for him to provide his discovery responses so we can decide whether that may impact the schedule as well.

Thank you,

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

*This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.*