**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S LEGAL MEMORANDUM ADDRESSING CLUSTER 4**

Contrary to the suggestions of Defendant's memorandum, Plaintiffs have attempted to accommodate the designation of test case Plaintiffs as efficiently and expeditiously as possible. It is not in the interest of Plaintiffs to delay proceedings filed in 2001. Plaintiffs want the earliest trial date available, which the Court can schedule. We have accommodated Defendant's demand for a "Daubert Hearing" and a "Dispositive Motion" date but Plaintiffs are also prepared to schedule the Pre-Trial Conference immediately after that motion is briefed and as soon as the Court's schedule permits.

Defendant is incorrect in asserting that its second and third selections for Cluster 4 "likewise refused to pursue their claims." The only Cluster 4 selection who has refused to proceed with his claim his Scott Edelstein. Plaintiffs' counsel was unable to establish communication with Mr. and Mrs. Fox, Defendant's first selection and so advised Defendant. As stated in Plaintiffs' opening memorandum, Plaintiffs filed a motion on February 23, 2005 to dismiss the Foxes on the grounds that Plaintiffs' counsel was unable to establish communication with them. Although Mr. Cohen, Defendant's

second choice, expressed a desire to remain a claimant, he declined to participate as a test case plaintiff because of the death of his wife and the added responsibilities associated with self-employment and raising a five-year old son. Defendant's extraordinary response was that enough time had passed after his wife's death for Mr. Cohen to probate her estate. Although Defendant argues that the mere selection of a test case plaintiff from a list of twelve is "exceedingly burdensome," it also argues that acting as a test case plaintiff will impose little or no burden upon Mr. Cohen. First, Defendant has offered no basis, other than argument, that the selection of a test case plaintiff from the list of plaintiffs involves "considerable research and expense." This case involves residential real property and the homeowners residing in the property. Why Defendant is spending considerable research and expense in making each selection, if indeed it is doing so, is difficult to understand.

If, however, Defendant has expended considerable research and expense in targeting its selections, then it is in a perfect position to provide Plaintiffs with a number of additional properties from Cluster 4. It is inconceivable that Defendant has gone to considerable research and expense in making its previous selections without researching all Plaintiffs within the cluster. Having done so, Defendant must be in a position to provide the name or names of additional preferred selections without the necessity of a wholesale survey. Instead, Defendant delayed from April 12, 2005, the date Plaintiffs informed it that Mr. Cohen would not participate as a test class Plaintiff, to July 21, 2005, nearly three full months later, to name Scott Edelstein as a replacement (see Plaintiffs' Exhibits E and I). The only pending issue between April 4th and July 21st was whether Defendant would agree that Mr. Cohen remain a Plaintiff in these actions without

participating in the test case. When Mr. Edelstein informed Plaintiffs, on August 17, 2005, that he did not wish to participate, Plaintiffs suggested the alternative agreed upon by the parties with respect to Cluster 1, that the entire Cluster be abandoned in favor of proceeding with the remaining five clusters. Defendant then countered with its demand that Plaintiffs' counsel canvass eighty-eight named Plaintiffs that Defendant contends reside within Cluster 4.

Defendant further states an intention to file a motion to dismiss Scott Edelstein with prejudice. Plaintiffs have already offered to file a joint motion to dismiss his claim with prejudice.

Given the fact that Defendant has already expended a great deal of time studying the Plaintiffs, the greatest efficiency will be achieved if it will simply select another Plaintiff along with a small number of alternatives in the event its first choice is unavailable or unqualified.

There was no magic, and no particular method, in selecting seven clusters at the outset. The goal was to surround Oceana with sufficient properties, equally selected, to be representative of the noise experience in several areas around the runways. The parties have already agreed to the elimination of Cluster 1 without compromising the eastern area around the field. Similarly, Cluster 3 sits in the northeast area of the airfield. The elimination of Cluster 4 would only eliminate a small area northeast of the runway. Cluster 5 effectively covers the south and southeast area of the airfield and Cluster 6 covers the southwest area of the airfield. Cluster 7 covers the area southeast of the runway. Neither the loss of Cluster 1 nor Cluster 4 would have an effect on the Court's ability to evaluate noise impacts around the entire airfield.

Defendant contends that seven of the properties in Cluster 4, which Plaintiffs suggested as replacements, are located in Cluster 3. The Cluster map, attached as Exhibit P, is, at best, imprecise. These selections appear on the map to be on the boundary between Cluster 4 and Cluster 3, in locations that are hardly worth quibbling over. If Defendant wants a selection located in the heart of the Cluster, it should designate its selection in that area. Plaintiffs are willing to continue the process, particularly now that there is only one property remaining to be selected. If Defendant wants to proceed with its selections in the form previously adopted, Plaintiffs only need a name and an address. Although there are more efficient methods for making the selection, as previously suggested, Plaintiffs remain amenable to the selection of another property.

If the issue of the remaining selection holds the potential for further delay, Plaintiffs suggest that Cluster 4 be eliminated in order to permit this case to proceed. The result would be the loss of one Plaintiff from each side with no discernible prejudice to either side. The remaining ten properties would be sufficiently representative of the claimants to provide a completely adequate test case.

Respectfully submitted,

CAROLE AND ROBERT TESTWUIDE, ET AL.

BY: /s/Jack E. Ferrebee

Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200
Fax: (757) 425-2217
jferrebee@hoflaw.com

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 West Pennsylvania Avenue, Suite 402
Baltimore, Maryland 21204
(410) 825-2300
kquinn@quinnlaw.com
mwolf@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S LEGAL MEMORANDUM ADDRESSING CLUSTER **4** was sent electronically this 7th day of October 2005 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/ Jack E. Ferrebee
Jack E. Ferrebee

EXHIBIT P


Cluster 1
Cluster 2
Cluster 3
Cluster 4
Cluster 5
Cluster 6
Cluster 7
NAS OCEANA
B3