**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, *et al.*,<br>*Plaintiffs,*<br>v.<br>THE UNITED STATES OF AMERICA,<br>*Defendant.* | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**MOTION TO COMPEL DISCOVERY**

Plaintiffs, pursuant to RCFC 37, hereby move for an Order compelling (1) the Defendant to produce unredacted documents, (2) witness Joseph Czech to answer questions propounded at his deposition regarding work performed for the Defendant while employed at Wyle Laboratories, and (3) witness Alan Zusman to answer questions propounded at his deposition regarding work performed by Joseph Czech for the Defendant. Copies of the redacted documents are attached as Exhibit 1. Excerpts from the transcripts of Messrs. Czech and Zusman are attached as Exhibits 2 and 3, respectively.

Defendant has asserted as the basis for each redaction the attorney-client privilege and the qualified immunity from discovery under the attorney work-product doctrine. Counsel for Defendant directed both Messrs. Czech and Zusman not to answer questions at their depositions asserting as the basis for the instruction the attorney-client privilege and the qualified immunity from discovery under the attorney work-product doctrine. Defendant has failed to establish the necessary foundation for either the attorney-client privilege or the attorney work-product doctrine. Counsel for Plaintiffs has made a good faith attempt to resolve this dispute and obtain the information without court action (see required certification below). The points and

authorities supporting this motion are set forth more fully in the memorandum in support of motion to compel discovery filed herewith.

WHEREFORE, Plaintiff requests that the Court enter an Order: (1) compelling the Defendant to produce unredacted copies of the documents identified in Exhibit 1 to the motion to compel, (2) compelling Joseph Czech to appear for deposition and to answer questions propounded to him by Plaintiffs' counsel regarding the work performed for the Defendant after February 1998, (3) compelling Alan Zusman to appear for deposition and to answer questions propounded to him by Plaintiffs' counsel regarding the work performed by Joseph Czech and Wyle Laboratories for the Defendant after February 1998, (4) ordering the Defendant to pay the costs of the depositions of Messrs. Czech and Zusman, and (5) awarding such further relief as justice demands.

Dated this 24th day of October 2005.

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com

**CERTIFICATION OF GOOD FAITH**

I HEREBY CERTIFY that I contacted counsel for the Defendant, Steven Bryant, on July 28, 2005, as a good-faith attempt to resolve this discovery dispute without court action. After acknowledging that the letter was received and that the matter was being reviewed, the Defendant made no further response to the good-faith attempt to resolve this dispute. Copies of the communications between counsel are attached as Exhibit 4.

/s/ Martin E. Wolf
Martin E. Wolf