**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROLE and ROBERT TESTWUIDE, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-201 L** |
| | ) | **Judge Wolski** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

ARGUMENT ............................................................................................................5

I. THE REDACTED MATERIAL IN THE DOCUMENTS AT ISSUE IS PRIVILEGED AND IMMUNE FROM DISCOVERY .........................7

II. QUESTIONS AT THE CZECH AND ZUSMAN DEPOSITIONS SEEK PRIVILEGED INFORMATION ..............................................................10

CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

## CASES

Energy Capital Corp. v. United States,
45 Fed. Cl. 481 (2000) ....................6

Hickman v. Taylor,
329 U.S. 495 (1947) ....................7

In re Bieter Co.,
16 F.3d 929 (8th Cir. 1994) ....................6

McCaugherty v. Sifferman,
132 F.R.D. 234 (N.D. Cal. 1990) ....................6

Sparton Corp. v. United States,
44 Fed. Cl. 557 (Fed. Cl. 1999) ....................7

Swidler & Berlin v. United States,
524 U.S. 399 (1998) ....................5

Upjohn Co. v. United States,
449 U.S. 383 (1981) ....................7

Zenith Radio Corp. v. United States,
764 F.2d 1577 (Fed. Cir. 1985) ....................7

## OTHER AUTHORITIES

John E. Sexton, A Post-Upjohn Consideration of the Corporate Attorney-Client Privilege, 57 N.Y.U.L. Rev. 443 (1982) ....................6

# APPENDIX OF EXHIBITS

| **Exhibit No.** | **Exhibit** |
| --- | --- |
| A | Letter from Steven D. Bryant to Jack E. Ferrebee, dated October 8, 2005, Re: Motion to Compel |
| B | Declaration of Ronald J. Borro |
| C | Documents (Certain Portions Previously Redacted Now Unredacted) |
| D | Revised Privilege Log, dated October 28, 2005 |

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROLE and ROBERT TESTWUIDE, et. al., Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-201 L** <br> **Judge Wolski** |
| **THE UNITED STATES, Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

**INTRODUCTION**

Plaintiffs filed their motion to compel pursuant to RCFC 37 on October 24, 2005, requesting this Court order Defendant to produce unredacted documents and to compel witnesses Joseph Czech and Alan Zusman to appear at a second deposition to answer questions previously propounded at their depositions regarding work performed by Joseph Czech for Defendant. Plaintiffs' motion also seeks costs for the depositions of Joseph Czech and Alan Zusman.

Defendant hereby opposes plaintiffs' motion to compel on procedural and substantive grounds. In addition, defendant moves for a protective order, pursuant to RCFC 26(c), to preclude production of the documents in question and barring any additional deposition of Mr. Czech or Mr. Zusman concerning privileged information. Futher support for defendant's motion is contained in the declaration of Ronald Borro, attached hereto.

Although certain aspects of Mr. Zusman's testimony are clearly entitled to

protection by this Court, defendant has conducted a careful review of all matters relating to Mr. Zusman's work on behalf of the Navy, and has determined that certain limited information may be discoverable without revealing privileged information and without waiving any such privilege. This includes information pertaining to efforts in the year 2000 that were directed by the Commanding Officer, NAS Oceana, and not by counsel. Defendant will agree to limited further discovery on such matters at a time and manner mutually agreeable to the parties. Defendant, however, opposes the awarding of any fees or costs pertaining to this additional discovery, as the prior assertion of privilege over this information was entirely warranted, because it was not feasible to conduct this careful review while the deposition was occurring. In addition, defendant reserves the right to direct Mr. Zusman not to answer any further questions that relate to the efforts directed by the Commanding Officer, NAS Oceana, but that seek disclosure of privileged communication related to those efforts.

As a preliminary matter, plaintiffs' motion fails on procedural grounds because it does not comply with the reasonable notice and confer requirements specified in RCFC 37. Defendant received a letter from plaintiffs' counsel on July 28, 2005 raising the issue with respect to the privileged documents at issue and Mr. Czech's deposition testimony. Pls.' Mot. to Compel (Exhibit 6 pp 4-6). It is this letter that plaintiffs evidently rely on to satisfy the requirement to in good faith seek the disclosure without court action. Plaintiffs' letter made no reference to an impending motion to compel. In fact, plaintiffs specifically stated that they would wait for defendant's response before considering "involving the Court in motion practice."

Importantly, defendant did not reject plaintiffs' request for the information and

documents. To the contrary, defendant responded in an e-mail on August 2, 2005 that it was reviewing the documents identified in the letter. Id. at p 1. Plaintiffs' counsel made no further demand for the documents and information sought, nor did they indicate that the matter was time-sensitive or provide any notice that they intended to file a motion to compel. Thus, although defendant indicated that it was reviewing the matter, and in fact was doing so, plaintiffs proceeded with their motion to compel. Significantly, this is the only instance in this test case where a party has failed to notify opposing counsel that it intended to seek court intervention to resolve a discovery dispute. Exhibit A. Indeed, the parties have amicably worked together to resolve several discovery issues and other pretrial matters in this manner. Other than this isolated exception, both parties have communicated multiple times concerning discovery disputes, and have always given adequate notice prior to seeking court assistance if a dispute could not be resolved. As such, plaintiffs not only upset the previously existing good working relationship between the parties, but also failed to satisfy the notice and confer requirements mandated under RCFC 37 with respect to the privileged documents at issue or Mr. Czech's deposition testimony.

Additionally, there has been no notice or meet and confer of any kind concerning the assertions of privilege at Mr. Zusman's deposition. Pls.' Mot. to Compel (Exhibit 6 pp 4-6). Plaintiffs cannot rely on the July 28, 2005 letter to fulfill the notice and confer requirements with respect to Mr. Zusman's deposition testimony, because he was not deposed until September 19, 2005.

Turning to the substance of plaintiffs' motion, the documents plaintiffs are requesting involve privileged communications that occurred in October, November and

December 2001, after the original Testwuide case had been filed and during the F/A-18 E/F East Coast basing NEPA process. Some of this communication involved personnel from Wyle Laboratories, the Navy's contractor working on aircraft noise issues, specifically Dr. Micah Downing and Geral Long.

The questions Joseph Czech and Alan Zusman were directed by counsel not to answer at their depositions concerned consulting work that occurred substantially earlier, in 1999[1] and which was performed at the direction of Navy counsel in anticipation of litigation and for the purpose of providing information to Navy and Department of Justice counsel that would assist them in providing advice regarding such potential litigation. This work is not related to the effort that is the subject of the October-December 2001 documents. Exhibit B. Wyle Laboratories has been under contract under contract to the Navy since the early 1990's as the Navy's primary contractor for analyses of aircraft noise. Exhibit B para. 5. Mr. Czech, who was a Wyle Laboratories engineer, conducted the consulting work at the immediate direction of Alan Zusman, the Navy's principal adviser on aircraft noise and land use planning, who in turn acted under the direction of Navy counsel.[2] Exhibit B para. 5.

In the July 28, 2005 letter referenced above, plaintiffs' counsel requested additional information beyond what was contained in a privilege log regarding certain documents that were redacted based on the attorney-client privilege and the attorney work-product privilege.[3] Plaintiffs sought the same information concerning the questions

---

[1] On information and belief, Mr. Czech's reference to this work having been done in 1998 was simply incorrect.

[2] Defendant is forwarding a privilege log to plaintiffs regarding the consulting work Mr. Czech conducted that is responsive to plaintiffs' discovery requests.

[3] Specifically, with regard to the assertion of attorney-client privilege, plaintiffs asked defendant to identify the attorney involved, the confidential nature of the communication, the position held by each recipient of a communication, the authority of each recipient within the Department of the Navy, and all persons to

Mr. Czech was directed not to answer at his deposition. Before plaintiffs filed their motion, defendant was in the process of reviewing the documents at issue again and planned to produce, and has since produced, some previously redacted material contained in these documents. Exhibit C. Additionally, defendant provided plaintiffs with a revised privilege log with additional information to address the issues raised in plaintiffs' letter. Exhibit D.

The remaining redacted material and the information sought at the depositions of Joseph Czech and Alan Zusman are protected by both the attorney-client privilege and the attorney-work product doctrine. These protections have been asserted, a proper foundation for asserting them has been made in defendant's privilege log, as well as in the declaration of Ronald Borro, and these protections have not been waived. Accordingly, plaintiffs' motion to compel must be denied and defendant should be granted a protective order with regard to such privileged information.

**ARGUMENT**

The attorney-client privilege "is intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice.'" Swidler & Berlin v. United States, 524 U.S. 399, 403 (1998). The party asserting the privilege bears the burden to establish the following:

(1) the asserted holder of the privilege is or sought to become a client;

(2) the person to whom the communication was made

---

whom the information had been communicated. Concerning the assertion of the attorney work-product privilege, plaintiff requested the identity of the attorney involved, the litigation that was anticipated at the time the document was prepared, the litigation issues to which the document is directed, and all persons to whom the document had been disclosed.

(a) is a member of the bar of a court, or his subordinate and
(b) in connection with the communication is acting as a lawyer;

(3) the communication relates to a fact of which the attorney was informed

(a) by his client
(b) without the presence of strangers
(c) for the purpose of securing primarily either

(i) an opinion on law or
(ii) legal services or
(iii) assistance in some legal proceedings, and not

(d) for the purpose of committing a crime or tort; and

(4) the privilege has been

(a) claimed and
(b) not waived by the client.

See Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 484-85 (2000) (citations omitted).

Moreover, the attorney-client privilege can encompass communications with independent consultants when they are meaningfully associated with an entity to such a degree that they should be treated as insiders for purposes of litigation or anticipated litigation. See In re Bieter Co., 16 F.3d 929, 934, 9367-40 (8th Cir. 1994); see also, McCaugherty v. Sifferman, 132 F.R.D. 234 (N.D. Cal. 1990)(attorney-client privilege can extend to consultants when they are the functional equivalents of employees). "[N]onemployees who possess a significant relationship to the client and the client's involvement in the transaction that is the subject of legal services" may have information that is necessary for counsel to properly advise a client with respect to potential litigation. Bieter,16 F.3d at 938 (quoting John E. Sexton, A Post-Upjohn Consideration of the Corporate Attorney-Client Privilege, 57 N.Y.U. L. Rev. 443, 487 (1982)).

The attorney work product doctrine is intended to preserve a zone of privacy in which attorneys and their representatives can prepare and develop mental impressions, conclusions, opinions, or legal theories "with an eye toward litigation" free from unnecessary intrusion by adversaries. See Hickman v. Taylor, 329 U.S. 495, 510-11 (1947); see also Zenith Radio Corp. v. United States, 764 F.2d 1577, 1580 (Fed. Cir. 1985) (attorney-work product privilege "protects the attorney's thought processes and legal recommendations, which may also bear directly on the suit in question."). The attorney-work product privilege provides immunity from discovery for documents and tangible things which were "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Sparton Corp. v. United States, 44 Fed. Cl. 557, 564 (Fed. Cl. 1999). The privilege is qualified insofar as the party seeking discovery may obtain the protected document if it can show that it "has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." RCFC 26(b)(3); Sparton, 44 Fed. Cl. at 564. The privilege is absolute, however, with respect to work product that consists of the "mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." See Sparton, 44 Fed. Cl. at 564 (citing Hickman v. Taylor, 329 U.S. 495, 510-11 (1947), and Upjohn Co. v. United States, 449 U.S. 383, 400-01 (1981)).

## I. THE REDACTED MATERIAL IN THE DOCUMENTS AT ISSUE IS PRIVILEGED AND IMMUNE FROM DISCOVERY

The Navy has met the requirements necessary to assert attorney-client and attorney-work product privilege. As made clear by its privilege log and Mr. Borro's

declaration, the Navy has invoked the attorney-client and attorney-work product privilege and withheld only those documents, or portions of documents, that reflect communications between Navy personnel, its contractor, and Navy attorneys for the purpose of seeking, giving or receiving legal advice and also constitute attorney work product. As discussed *infra*, defendant's privilege log and Mr. Borro's declaration clearly satisfy the elements necessary to assert both the attorney-client privilege and the attorney-work product doctrine.

The redacted communications plaintiffs seek were made between October and December 2001, after the original Testwuide case was filed and in the midst of the National Environmental Policy Act process for the East Coast basing of the F/A-18E/F (Super Hornet) on the east coast ("Super Hornet NEPA process"). Exhibit B para. 7. The redacted communications include, in part, requests for legal advice and/or opinions from Navy attorneys and responses thereto. Other redacted communications involve attorney communications directly to Wyle Laboratories employees, or in some cases through Mr. Zusman, the Navy's technical expert on aircraft noise and land use planning and the Navy's principal adviser on technical issues related to Wyle Laboratories' work for the Navy on the F/A-18 E/F East Coast basing NEPA process. Exhibit B paras. 4, 7. Wyle Laboratories performed studies for the Navy prepared in conjunction with then-pending litigation (specifically, Testwuide) and in anticipation of potential litigation arising from the F/A-18 E/F East Coast basing NEPA process. These communications were intended to be protected from disclosure and were treated as such by the parties. Exhibit B para. 7.

This Court can determine from the descriptions provided in defendant's detailed

privilege log that the Navy's invocation of attorney-client and attorney-work product privileges is proper and necessary, including a detailed explanation in the "comments" block that explains why the redacted material is privileged. In each instance in which the attorney-client or attorney work product privilege is asserted, the log identifies, at a minimum, communications between attorneys representing the Navy and its clients who are employed by the Navy, or consultants who are acting at the direction of U.S. Navy counsel. The descriptions of Navy employees identify their official positions, except in certain instances where plaintiffs have deposed an individual and therefore know the person's official position. Moreover, the detailed descriptions in the privilege log note that the communication involving the attorney was conducted in "anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process," or "legal advice" related to anticipated or current litigation. Exhibit D.

Mr. Borro's declaration elaborates on the entries provided in defendant's privilege log. Exhibit B para. 7. Regarding the documents and communications at issue, Mr. Borro notes that the redacted communications and documents involved legal advice from Navy counsel pertaining to the current litigation or in anticipation of future litigation associated with the Super Hornet NEPA process**.** Exhibit B para. 7. Mr. Borro's declaration and defendant's privilege log clearly satisfy the elements necessary to assert the attorney-client and attorney-work product privileges.[4]

Plaintiffs further argue that at least 19 of the documents at issue in their motion to compel contain information that was waived "by dissemination" because the communications were received by Micah Downing and Geral Long, who are employed at

---

[4] Should the Court deem it necessary, Defendant is prepared to make unredacted versions of the documents available for in camera review by the Court.

Wyle. Plts.' Mem. at 12. As noted above, it is appropriate to treat confidential communications with independent consultants as subject to the attorney-client privilege when the consultants are meaningfully associated with the client. Bieter, supra, 16 F.3d at 936-40. Since the early 1990's, Wyle Laboratories has been the Navy's primary contractor for analyses of aircraft noise, and has prepared a number of noise studies, including several studies at NAS Oceana. Exhibit B para. 5. For all intents and purposes, Wyle was and is an extension of the Navy for technical analysis concerning jet noise. As Mr. Borro noted, Wyle was "an integral part of the team preparing the NEPA analysis" underlying the F/A-18 E/F East Coast basing EIS, and the communications at issue were critical to analyzing the noise environment at NAS Oceana for the purpose of the EIS. Exhibit B para. 7.

In addition to the EIS analysis, the noise environment at NAS Oceana was the clearly the subject of the Testwuide litigation. Exhibit B para. 7. To properly assess the litigation risks and advise its client, Navy counsel had to rely on open communication with Wyle employees, who possessed the technical knowledge of the NAS Oceana noise environment in light of their ongoing work. Exhibit B para. 7. Thus, Wyle was acting as the Navy's agent with regard to all matters that are the subject of plaintiffs' motion. Further, Wyle acted at the direction of Navy counsel as this work was prepared in conjunction with existing litigation and in anticipation of future litigation, and therefore, the communications do not lose their character as privileged simply because Wyle was an independent contractor.

## II. QUESTIONS AT THE CZECH AND ZUSMAN DEPOSITIONS SEEK PRIVILEGED INFORMATION

Plaintiffs incorrectly contend that the information sought in the Czech and

Zusman depositions is not privileged because Mr. Czech was not working directly for a lawyer. Mr. Borro's Declaration clarifies that Wyle prepared technical analyses to assist Navy and Department of Justice counsel in evaluating potential litigation risks in order to properly advise senior management at Navy and Department of Justice. Exhibit B para 5-6. This effort was directed by Navy counsel and performed in anticipation of litigation beginning in February 1999. Exhibit B para 5. At that time the Navy was defending litigation challenging the Navy's decision under NEPA to realign F/A-18C/D aircraft (Hornets) from NAS Cecil Field, Florida to NAS Oceana, Virginia. During the course of this litigation it was clear from media reports and public web sites that lawsuits alleging overflight takings claims resulting from the realignment of the Hornets were imminent.[5] Exhibit B para 4 (CCAJN Survey). In preparation for these lawsuits, the Navy began a litigation risk analysis, which involved data collection, studies, and reports. Exhibit B para 5. Wyle Laboratories assisted in the effort to evaluate the potential litigation risk. Exhibit B para 5. At the direction of counsel, Mr. Zusman acted as the bridge between Wyle and Navy counsel. Exhibit B para 5. Therefore, the Navy properly invoked these privileges at the depositions in question.

[5] The fact that no lawsuits were filed until April 2001 is irrelevant to the Navy's judgment in 1999 that such lawsuits were imminent based on information in the public domain. Indeed, given the magnitude of the suits brought, it is not surprising that it took plaintiffs two years to file their complaints.

## CONCLUSION

For the foregoing reasons, the Navy has properly asserted privilege for the documents and information sought by plaintiffs. Accordingly, plaintiffs' motion to compel should be denied and defendant respectfully requests that this Court grant defendant's motion for a protective order.

Dated this 10th day of November, 2005.

Respectfully Submitted,

/s/ Steven D. Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-0424
Fax: (202) 305-0267

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 10th day of November, 2005, a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER** has been served electronically to the following counsel of record:

Jack Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Sandpiper Key
Suite 12-B
Virginia Beach, VA 2345
(757) 425-5200
jferrebee@hoflaw.com

/s/ Steven D. Bryant________
Steven D. Bryant