**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 01-201L |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Victor J. Wolski |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO REVISE SCHEDULING ORDER**[1]

Defendant United States of America hereby files this Motion to Revise the August 26, 2005 Scheduling Order in the above-captioned case. Defendant has conferred with plaintiffs on several occasions regarding amending the scheduling order as set forth in this motion. The parties have agreed to propose certain deadlines in the schedule as discussed below; however, the parties were unable to agree on proposed amended deadlines for completing depositions and filing dispositive motions.

Defendant requests revising the schedule for three reasons. First, defendant selected Eileen May as a test plaintiff for cluster 4 on November 16, 2005.[2] Neither plaintiffs' nor defendant's experts have completed an appraisal of the May property. May's property was unavailable for inspection by defendant's expert appraiser until December 20, 2005. The experts from both sides have now inspected the property and are currently preparing the appraisals. Additionally, defendant has not received discovery responses from Ms. May. The parties have agreed that plaintiffs will provide responses to outstanding discovery related to Ms. May and her property by today,

[1] The parties have jointly moved to revise the schedule three times.

[2] Defendant initially selected the Janneys as the replacement for its previous cluster 4 selection, Edelstein; however, the Janneys indicated that they do not want to participate in the test case and according to plaintiffs' counsel have agreed to be dismissed with prejudice.

January 10, 2006. The parties have further agreed that defendant will have 10 days following the receipt of Ms. May's responses to submit additional written discovery requests pertaining to her.

Second, despite reasonable efforts, the parties have not been able to fully comply with the December 2nd deadline for completing expert depositions. The parties plan to conduct at least four more expert depositions. Specifically, two appraisers from each side will be deposed once the appraisals of the May property have been completed. Further, at least two additional expert depositions may be noticed by each side.[3] Given that at least four expert depositions remain, and additional expert depositions may be noticed, there is insufficient time for the parties to complete briefing concerning any Daubert challenges before the Evidentiary Hearing, which is currently scheduled for January 19, 2006. Therefore, defendant requests the evidentiary hearing be removed from the schedule, and rescheduled after the parties have completed expert witness depositions and have briefed any issues that should be addressed at such a hearing.

Third, plaintiffs and defendant exchanged witness lists on October 10, 2005, and each party added new fact witnesses that were not included in the parties' initial witness lists. Defendant added four new fact witnesses and plaintiffs added more than thirty new fact witnesses. Although the deadline for deposing fact witnesses was September 23, 2005, both parties want to conduct additional fact witness depositions.

Based on the foregoing, Defendant respectfully requests the following schedule:

---

[3] Plaintiffs have indicated that they have consulted with two experts that are reviewing certain expert reports produced by defendant's experts. Plaintiffs have informed defendant that they do not know if these experts will produce reports. Should they produce reports, defendant intends to depose them. Defendant has identified two additional experts on its witness list submitted on October 10, 2005; however, plaintiffs have not yet indicated if they intend to depose these witnesses.

1. Conclusion of Written Discovery Regarding the Eileen May property. Plaintiffs have agreed to produce responses to the current discovery requests regarding Eileen May and her property by today, Tuesday, January 10, 2006. Defendant shall submit any additional requests for written discovery pertaining to Ms. May and her property within 10 days after receiving responses from Ms. May.[4]

2. Deadline Regarding New Fact Witness Depositions. The parties shall conclude depositions of all new fact witnesses on or by Friday, February 24, 2006.

3. Expert Witness Depositions. The parties shall conclude the depositions of all expert witnesses on or by Friday, February 24, 2006.

4. Final Witness List. Any additional witnesses will be added to the previously-submitted Witness Lists by Wednesday, March 1, 2006. Further changes after that date may only be made by agreement of the parties or Court order. While the parties have not been able to agree on a specific final date for depositions, the parties have agreed that final witness lists can be submitted five days after the depositions conclude, under the conditions set forth regarding further amendment. March 1, 2006 is consistent with this agreement as applied to the government's proposed date on which the depositions will conclude.

5. Dispositive Motions. The parties shall file dispositive motions on or by Friday, March 24, 2006.

6. Evidentiary Hearing. The Court will schedule an evidentiary hearing following briefing concerning any Daubert challenges.

Dated: January 10, 2006 Respectfully submitted,

/s/ Steven D. Bryant
Steven D. Bryant
Kelle S. Acock
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants

[4] As noted above, the parties have conferred and agreed to these deadlines concerning written discovery related to Ms. May.

Of Counsel:
Robert J. Smith
Mary Raivel
Navy Litigation Office
720 Kennon Street
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlanic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT'S MOTION TO REVISE SCHEDULING ORDER** was served by electronic mail this 10th day of January, 2006, to the following:

Jack Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451-6365

/s/ Steven D. Bryant
Steven D. Bryant