**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| V. | ) | No.: 01-201L |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Victor J. Wolski |
| Defendant. | ) | |

**DEFENDANT UNITED STATES' SECOND MOTION TO REVISE SCHEDULING ORDER**

Defendant United States of America, by and through the undersigned counsel, hereby files this Motion to Revise Scheduling Order dated January 17, 2006. Defendant is not requesting a change in the trial dates, currently scheduled for October 16 – November 3, 2006. Defendant has conferred with counsel for plaintiffs regarding the proposed schedule as set forth in this motion. Counsel for plaintiffs, however, has not indicated whether plaintiffs will oppose this motion.

Defendant requests revising the scheduling order for four reasons. First, defendant did not receive the report of plaintiffs' aircraft noise expert, Dr. Noral Stewart, until February 22, 2006. As such, the deposition of Dr. Stewart cannot be scheduled before the current deposition deadline, February 24, 2006. Counsel for plaintiffs have suggested Dr. Stewart be deposed on March 9th or 10th, just two weeks before the current deadline for dispositive motions. Even assuming Dr. Stewart's deposition occurs on either of those days, there will not be enough time to obtain a transcript of the deposition, review it, and address Dr. Stewart's testimony as necessary in defendant's dispositive motions under the current schedule.

Second, Eileen May, the final test plaintiff, has yet to be deposed. Ms. May's deposition was originally scheduled for February 23, 2006; however, plaintiffs' counsel has advised defendant that she is caring for a sick relative and her deposition has been postponed until March 9th or 10th. Defendant will not have adequate time to obtain a transcript of the deposition, review it, and address Ms. May's testimony as necessary in defendant's dispositive motions under the current schedule.

Third, plaintiffs' experts have not completed an appraisal of Ms. May's property, and therefore, have not supplemented their report to reflect information regarding the May property. Once the report is complete and the final version has been provided to defendant, defendant will need time to review the report, reopen Mr. Gruelle's and Mr. Salzberg's depositions, obtain and review the transcripts of those depositions, and address the report and their testimony as necessary in defendant's dispositive motions.

Fourth, Mr. Gruelle indicated during his deposition that the exhibits to their expert report do not contain the final versions of the data Mr. Gruelle and Mr. Salzberg relied upon in reaching their conclusions.[1] The data are voluminous, encompassing thousands of sales transactions. Counsel for defendant has requested that counsel for plaintiffs provide the data by February 28, 2006. Counsel for plaintiff advised that he did not expect to have a problem providing the data by then, but was waiting for a response from Mr. Gruelle. Defendant has also requested that the final sorted data be produced in a manner that the filtering process Mr. Gruelle performed can be replicated and tested by defendant's experts. Defendant will need time to review the final sorted data prior to reopening Mr. Gruelle's and Mr. Salzburg's depositions. The proposed deadlines below

---

[1] Defendant has learned that it has inadvertently failed to produce all of the final data for one its experts as well. Defendant intends to produce that data by February 28, 2006.

are predicated on plaintiffs producing the revised expert report and final sorted data on which Mr. Gruelle and Mr. Salzberg relied by February 28, 2006 and completing the continuation of their depositions by March 22, 2006.

Based on the foregoing, defendant respectfully requests the following schedule:

1. Conclusion of depositions. The parties shall conclude all depositions on or by March 22, 2006, absent agreement of parties or court order.

2. Final Witness Lists. The parties shall exchange final witness lists on or by March 29, 2006.

3. Dispositive Motions. The parties shall file dispositive motions on or by April 24, 2006.

4. Responses to dispositive motions. The parties shall file responses to dispositive motions on or by May 22, 2006.

5. Replies to dispositive motions. The parties shall file replies to dispositive motions on or by June 5, 2006.

Defendant respectfully requests the Court reschedule the status conference currently scheduled for April 25, 2006, and the oral argument currently scheduled for May 16, 2006, to a time consistent with the proposed schedule above.

Dated: February 23, 2006 Respectfully submitted,

/s/ Steven D. Bryant
Steven D. Bryant
Kelle S. Acock
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants

Of Counsel:
Robert J. Smith
Mary Raivel
Navy Litigation Office

720 Kennon Street
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlantic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT UNITED STATES' SECOND MOTION TO REVISE SCHEDULING ORDER** was served by electronic mail this 23rd day of February, 2006, to the following:

Jack Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451-6365

/s/ Steven D. Bryant
Steven D. Bryant