**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, *et al.*, *Plaintiffs,* | ) | |
| v. | ) | No.: 01-201L (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, *Defendant*. | ) | |

**MOTION FOR SANCTIONS**

Plaintiffs, pursuant to RCFC 37 and this Court's inherent powers to monitor the discovery process, hereby move for an Order striking Defendant's Statute of Limitations Affirmative Defense. For almost five years, Plaintiffs have sought through discovery to obtain from Defendant an answer to a basic question propounded in Plaintiffs' Interrogatories: when does Defendant claim that a taking first occurred vis a vis Plaintiffs sufficient to trigger the running of the six year statute of limitations. For almost five years, as more fully delineated in the "Background" section of the Memorandum in Support of Motion for Sanctions, Defendant has refused to answer this question. Plaintiffs seek that the Court strike Defendant's limitations defense because that is an appropriate and proportional penalty for Defendant's dilatory and obstructionist discovery tactics.

RCFC 37, the Court's inherent power to promote the expeditious resolution of litigation, and case law interpreting these powers, permit the Court to impose penalties where, as here, a party has engaged in a persistent, longstanding refusal to cooperate with reasonable discovery requests. Now that discovery has ended, Defendant's failure to answer a question at the heart of this litigation has deprived Plaintiffs of the opportunity to plan a rebuttal of Defendant's

limitations defense. Striking Defendant's limitations defense is a limited sanction narrowly tailored to redress Defendant's discovery misconduct.

WHEREFORE, Plaintiffs request that the Court enter an Order (1) striking Defendant's affirmative defense that the six year statute of limitations bars Plaintiffs' causes of action; (2) precluding Defendant from introducing any evidence at trial in support of this affirmative defense; and (3) awarding such further relief as justice demands.

Dated this 23rd day of February 2006.

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

**CERTIFICATION OF GOOD FAITH**

I hereby certify pursuant to RCFC 37(a)(2)(B) that counsel for Plaintiffs have conferred and corresponded in good faith with counsel for Defendant. These efforts at obtaining the requested information to avoid court intervention are more fully spelled out in the background section of the attached Memorandum in Support of Motion for Sanctions.

/s/ Jack E. Ferrebee
Jack E. Ferrebee