HOFHEIMER/FERREBEE, P.C.
ATTORNEYS AND COUNSELORS AT LAW
1060 LASKIN ROAD, SUITE 12B
SANDPIPER KEY
VIRGINIA BEACH, VIRGINIA 23451-6365

MARY ELIZABETH DAVIS
JACK E. FERREBEE
SHEERA R. HERRELL
CHARLES R. HOFHEIMER
KRISTEN D. HOFHEIMER
JEFFREY D. TARKINGTON

TELEPHONE (757) 425-5200
FACSIMILE (757) 425-6100
*E-mail: jferrebee@hoflaw.com*
Our File No. 034233

September 7, 2005

<u>SENT VIA FIRST CLASS MAIL AND EMAIL</u>

Steven D. Bryant, Esquire
Environmental & Natural Resources Division
P.O. Box 663
Washington, DC 20044-0663

RE: Testwuide, et al. v. United States

Dear Steve:

[redacted]

**INTERROGATORY NUMBER 1 -**

"With respect to the fourteen properties now designated for the first trial in these proceedings, identify the following for each property: (a) whether you contend that prior to the relocation of F/A-18 aircraft to Oceana the properties were exposed to a noise level above or equivalent to the noise level after the relocation and, if so, state the date or dates of such exposure and the precise basis for your contention; (b) for each such date or dates identified above, state the decibel level or levels in terms of the highest single noise events, the frequency of the highest single noise events, the db ldn level, and the SEL level of aircraft noise to which each of the properties was exposed for each year beginning with the first year jet aircraft operated at Oceana to present; (c) if you contend that any noise level for any period above constituted a taking of an avigation easement with respect to any of the properties, provide the date of taking; and (d) for each date provided above, state the number of touch and go operations and the number of field carrier landing practices performed at Oceana, and the type of aircraft involved for each year."

**On February 22, 2005 you responded as follows:**

"Defendant objects on the ground that this Interrogatory is vague and ambiguous with respect to which model of the F/A-18 aircraft the Interrogatory refers to and what is meant by "noise level," and further objects that the Interrogatory is overly broad and unduly burdensome, and further objects that the Interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant responds as follows: Defendant is currently investigating the 14 properties that are the subject of the test case and is unable to state at this time whether it will contend that these properties were exposed to noise levels as measured by the DNL metric prior to the time that all of the F/A-18 C/D aircraft that were to be relocated to NAS Oceana from NAS Cecil Field were relocated that were equal to or greater than the noise levels as measured by the DNL metric to which those properties were exposed after all the F/A-18 C/D aircraft that were to be relocated to NAS Oceana from NAS Cecil Field were relocated. Even if Defendant is able to respond at a later time, Defendant may not be able to provide all of the information sought in the Interrogatory."

**On March 7, 2005**

I confirmed by letter that you were not withholding anything from your responses notwithstanding your objections.

**On March 15, 2005 –**

You wrote - "without waiving objections, the response is complete. We are in the early stages of investigating the current 11 (soon to be 12) properties." You further indicated that you were contracting with an expert regarding historical aircraft noise impacts on the test case properties.

**Please respond to the interrogatory with regarding to the noise impact on the current test case properties. In addition, please provide a list of beginning and end document numbers for all material previously produced to Plaintiffs that you have given to your expert as well as electronic copies of all documents not previously produced to plaintiffs in accordance with Plaintiffs' imaging specifications.**

[redacted]

With kind regards, I remain

Very truly yours,

Jack E. Ferrebee

JEF/tbf