**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROL AND ROBERT TESTWUIDE, et al.,** | ) | |
| **Plaintiffs,** | ) | **No. 01-201L** |
| **v.** | ) | **Honorable Victor J. Wolski** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT UNITED STATES' SUPPLEMENTAL RESPONSETO PLAINTIFFS' INTERROGATORIES NOS. 1, 2, 3, 4, 5, 6, 8, AND 10**

Defendant, the United States of America, by and through its undersigned counsel, hereby supplements its responses to Plaintiffs' Interrogatories Nos. 1, 2, 3, 4, 5, 6, 8, and 10. Defendant incorporates by reference its preliminary statement and objections to instructions, as well as the objections to each Interrogatory, as set forth in its initial responses.

**Supplemental Response to Interrogatory Number 1**

**Interrogatory Number 1** With respect to the fourteen properties now designated for the first trial in these proceedings, identify the following for each property:

[redacted]

(c) if you contend that any noise level for any period above constituted a taking of an avigation easement with respect to any of the properties, provide the date of taking; and

[redacted]

**Supplemental Response to Interrogatory Number 1** Defendant restates the objections asserted on February 22, 2005. Based on information and belief, and without waiving the objections asserted on February 22, 2005, Defendant provides the following supplemental response: [redacted]

**Number 1(c)** To the extent that noise level as measured by DNL at the test plaintiffs' properties at the time of the alleged taking is evidence of a taking, the test plaintiffs' properties have historically been exposed to comparable or higher DNL noise levels as reflected in Dr. Fidell's report. Defendant notes, however, that noise level alone is insufficient to establish a taking. [redacted]

[redacted]

**Supplemental Response to Interrogatory Number 3**

**Interrogatory Number 3**

With respect to any avigation easement, which you allege has been or was taken and identified in response to the preceding interrogatories, please state: (a) the fair market value of the avigation easement as of the date that you allege that the easement was taken; (b) the factual basis for determining the fair market value of the avigation easement you claim was taken; (c) the fair market value of each such property on the date on which you claim the avigation easement was taken; (d) The factual basis for determining the fair market value of such property interest on the date you claim the avigation easement was taken; and (e) whether the value of the property interest, either at the time that the avigation easement was allegedly taken, or at any subsequent time, has been prepared.

**Supplemental Response to Interrogatory Number 3** Defendant is still investigating the issue of when any prior avigation easements were taken as a result of prior aircraft operations. Defendant has not conducted an appraisal of the test case plaintiffs' properties before 1999.

[redacted]

The foregoing **UNITED STATES' SUPPLEMENT RESPONSE TO PLAINTIFFS' INTERROGATORIES NOS. 1, 2, 3, 4, 5, 6, 8, AND 10** were prepared under oath by the following person, who hereby certifies that these answers comply with RCFC 26(g).

/s/ CDR Dominick Yacono
CDR Dominick Yacono, JAGC, USN
Commander Navy Region, Mid-Atlantic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737

October 18, 2005
Date

Dated: October 18, 2005

Respectfully submitted,

/s/ Steven D. Bryant
Steven D. Bryant
Kelle Acock
Trial Attorneys
General Litigation Section
Environment and Natural Resources Division
United States Department of Justice
601 D Street, NW
Washington, DC 20004

Of Counsel:

Robert J. Smith
Mary S. Raivel
Navy Litigation Office
720 Kennon Street SE, Bldg. 36
Washington, DC 20374