**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-201L |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Victor J. Wolski |
| Defendant. | ) | |

**DEFENDANT UNITED STATES' MOTION FOR A PROTECTIVE ORDER REGARDING A SUBPOENA ISSUED TO WYLE LABORATORIES**

Pursuant to Rule 26(c) of the Rules of the Court of Federal Claims, the United States moves for a protective order regarding a subpoena served on Wyle Laboratories ("Wyle Labs"). The United States seeks a protective order concerning the production of duplicative documents and any privileged communications that may be contained in the documents requested in the subpoena. The subpoena was served on Wyle Labs, the primary aircraft noise contractor for the United States Navy, on February 7, 2006. Plaintiffs' counsel forwarded an unsigned and undated copy of the subpoena to counsel for the United States via e-mail on February 8, 2006. Exhibit A. The subpoena requests production of, inter alia, internal e-mail communications between Wyle Lab employees concerning the revised projected 1999 noise contours for NAS Oceana and NALF Fentress. Exhibit A. The subpoena directs the custodian of records for Wyle Laboratories to permit the inspection and copying of the responsive documents at Wyle Laboratories in Arlington, Virginia or at plaintiffs' counsels' office in Baltimore, Maryland. Exhibit A. It is not a subpoena for the purpose of deposing a Wyle Lab employee. Exhibit A.

**Background**

After receiving a copy of the subpoena, on February 16 and 21, 2006, counsel for the United States advised plaintiffs' counsel that Wyle Labs was actively searching for documents responsive to the subpoena, and defendant would produce by March 10, 2006, the deadline specified in the subpoena, any documents that had not previously been produced. Exhibit B. Counsel for defendant informed plaintiffs' counsel that some of the requested communications had previously been produced in response to a prior discovery request, specifically, Request for Production ("RFP") of documents No. 29. Exhibit B. Many documents produced in response to that discovery request contained redacted privileged communications. For that reason, counsel for defendant requested that plaintiffs withdraw the subpoena because it was seeking previously produced documents that may contain privileged communications and therefore was duplicative and unduly burdensome. Exhibit B.

Plaintiffs' counsel responded on February 22, 2006, and asserted that "if an email tree contains communications from [the Navy or Department of Justice] that forms no basis for the Navy (1) claiming a privilege, or (2) redacting a document." Exhibit C. Defendant's counsel sought clarification of plaintiffs' position in an e-mail dated February 23, 2006:

> Your letter indicates that you are seeking privileged communications that may be included in internal e-mails between Wyle employees. Specifically, you stated that we have no basis to claim a privilege or redact a communication if it is contained in an e-mail chain with Wyle. Although you do not address this issue, I infer that your position is the same if the privileged communication occurs within a purely internal Wyle communication. As you know, we disagree with your view and articulated our position in response to your motion to compel. That issue

> is pending before J. Wolski. It now appears based on your letter that you are attempting to obtain some of these disputed communications, as well as any others that contain privileged communication, in an unredacted form and before the judge has ruled. If I am misinterpreting your letter please advise. If I do not hear from you by 12PM tomorrow (Feb 24) I will move to modify the subpoena and for a protective order.

Exhibit D, p 3.

Plaintiffs' counsel responded on February 24, 2006 in an e-mail. Exhibit D, p 3. It appeared from that response that plaintiffs view the question of the scope of the subpoena as strictly hypothetical, since defendant has not yet specifically identified any additional responsive documents for which it is asserting a privilege. Defendant's counsel reiterated its position that it would produce on behalf of Wyle Labs any documents that have not previously been turned over to plaintiffs after the documents have been reviewed and any privileged communications redacted. Exhibit D, p 2. On February 25, 2006, plaintiffs' counsel clarified their position, claiming that defendant may not review responsive documents for privileged communications. Exhibit D, p 1. Defendant cannot know if any responsive documents that have not previously been produced will contain privileged communications until the search has completed and defendant's counsel has had an opportunity to review any additional responsive documents that are identified. Inexplicably, plaintiffs are also demanding the reproduction of previously produced documents that are responsive to the subpoena. Exhibit D, p 2.

As noted earlier, the subpoena directs the custodian of records for Wyle Laboratories to permit the inspection and copying of the responsive documents at Wyle Laboratories in Arlington, Virginia or at plaintiffs' counsels' office in Baltimore, Maryland. Exhibit A. It is not a subpoena for the purpose of deposing a Wyle Lab

employee. Exhibit A. Nevertheless, in a facsimile dated, February 28, 2006, plaintiffs' counsel "insist[s] that a Wyle employee with knowledge of the documents be produced to testify at the designated time." Exhibit E. Plaintiffs' counsel further states that if the "Court does not issue an Order precluding production before the designated date, a Wyle witness and the documents must appear." Exhibit E.

Defendant seeks a protective order to make clear (1) that, consistent with the nature of Wyle's relationship with the Government with respect to the efforts that are the subject of the subpoena, defendant may respond on behalf of Wyle Labs, (2) that the plaintiffs are not entitled to unredacted versions of any privileged communications contained in any responsive documents, but instead must demand production of any such material through the normal mechanism (i.e., challenging any assertion of privilege in any documents that are produced), rather than making the question of whether the plaintiffs are affirmatively seeking the production of privileged material via the subpoena without the normal protections dependent upon whether defendant can first identify any such privileged communications, (3) that previously produced documents do not have to be re-produced, and (4) that no Wyle lab employee is required to testify in response to the subpoena.

**Argument**

The subpoena seeks internal memoranda and communications among Wyle Lab employees concerning, inter alia, the revision of the projected 1999 jet noise contours surrounding Naval Air Station Oceana. Exhibit A. Communications regarding the revisions to the projected 1999 noise contours were also the subject matter of plaintiffs' RFP No. 29. Defendant has produced hundreds of pages of documents, primarily e-mail

communications, in response to RFP No. 29, including purely internal Wyle communications. Requiring re-production of documents already produced once, and requiring Defendant to review them again for privilege, is duplicative and wasteful.

More importantly, many of the e-mails involving Wyle Lab employees regarding the revisions to the projected 1999 noise contours produced pursuant to RFP No. 29 contained attorney-client and attorney work-product privileged communications between Navy personnel, Wyle Labs, and Navy attorneys for the purpose of seeking, giving, or receiving legal advice while Wyle was working under contract with the Navy. Defendant reviewed and redacted the privileged communications and documented the redactions in privilege logs that have been produced to plaintiffs. In a motion to compel filed on October 24, 2005, which is directed in part at documents produced in response to RFP No. 29, plaintiffs asserted that communications disclosed to Wyle Lab employees are not privileged, inter alia, because they are not Navy personnel. Plts.' Mem. p 12. In its response to the motion filed on November 10, 2005, defendant explained that attorney-client privileged communications did not lose their protection simply because Wyle Lab employees were participants in the e-mail discussions. Def.'s Response pp 6, 10. As the defendant noted, the matter that Wyle was working with Navy on at the time that is the subject of the subpoena was relevant both in terms of potential litigation associated with the F/A-18 E/F East Coast basing Environmental Impact Statement, as well as for the present litigation, which was active at the time. Def.'s Response p 10. Some of these communications are therefore protected by attorney work product. As more fully discussed in defendant's response to plaintiffs' motion to compel, Wyle Labs was 'an integral part of the team preparing the NEPA analysis' underlying the F/A-18 E/F East

Coast basing Environmental Impact Statement, as well as the source of technical analyses necessary for Navy counsel to assess litigation risks and advise its client. Def.'s Response p 10. Consequently, the attorney-client privilege also extends to communications disclosed to Wyle Labs' employees. See In re Bieter Co., 16 F.3d 929, 934, 9367-40 (8th Cir. 1994); see also, McCaugherty v. Sifferman, 132 F.R.D. 234 (N.D. Cal. 1990)(attorney-client privilege can extend to consultants when they are the functional equivalents of employees).

As noted in defendant's reply brief filed on December 5, 2005, plaintiffs failed to challenge defendant's position that Wyle Labs is essentially an extension of the Navy for purposes of technical issues related to aircraft noise, including the present litigation and anticipated litigation, and therefore, privileged communications disclosed to Wyle Lab employees remain protected. Def.'s Reply and Mot. for Protective Order p 5 n 2. It appeared, therefore, that plaintiffs had abandoned their contention that the mere dissemination to Wyle Lab employees of privileged communications waived the privilege.

Given plaintiffs' position as expressed in counsel's February 22, 2006 letter and February 25, 2006 e-mail, however, it now appears that plaintiffs not only still assert that the dissemination of privileged attorney-client and work product communications to Wyle Lab employees (including any internal communications among Wyle personnel that reflected privileged communication) waives any privilege that would otherwise attach, but that plaintiffs are attempting via this subpoena to circumvent the normal procedure for dealing with assertion of privilege, by demanding unredacted versions of any further responsive documents that contain privileged material, rather than challenging any

assertion of privilege by the privilege holder after the documents are produced. Exhibits D-E. If this is what plaintiffs are attempting to do, such an attempt to seek privileged material is without regard to the normal protections and contrary to the procedures envisioned by this Court's rules and the Federal Rules of Civil Procedure. It is also particularly curious in light of the fact that the issue of the appropriateness of asserting attorney-client and attorney work product protection with respect to communications involving Wyle Labs on the same subject matter is currently before the Court pending resolution of plaintiffs' motion to compel and defendant's motion for a protective order. As such, to the extent that there are internal Wyle Lab documents that are responsive to the subpoena and contain communications that would be protected under In re Bieter Co., and McCaugherty v. Sifferman, said documents should be produced to plaintiffs only after any privileged communications have been redacted. As noted earlier, Defendant intends to respond for Wyle once this additional privilege review has been completed. In addition, under the Navy's contract with Ecology & Environment (through which Wyle was a subcontractor) pursuant to which the F/A-18 E/F EIS was prepared, E&E (and Wyle) are prohibited from releasing any unclassified material (including documents) unless the Navy Contracting Officer has approved such release or the material is already in the public domain, so release by the Navy (after privilege review) is appropriate contractually as well. See generally, 48 C.F.R. § 252.204-7000.

For the foregoing reasons, defendant respectfully requests this Court grant defendant's motion for a protective order to exclude any responsive documents that have previously been produced, to exclude any privileged communications, and to recognize that defendant may respond on behalf of Wyle Labs and that a Wyle Lab employee is not

required to appear to testify. If the protective order is granted, plaintiffs are free to challenge any assertion of privilege by the defendant with respect to the material produced in the normal manner.

Dated: February 28, 2006

Respectfully submitted,

/s/ Steven D. Bryant

Steven D. Bryant
Kelle S. Acock
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants
202-305-0424

Of Counsel:
Robert J. Smith
Mary Raivel
Navy Litigation Office
720 Kennon Street
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlantic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT UNITED STATES' MOTION FOR A PROTECTIVE ORDER REGARDING A SUBPOENA ISSUED TO WYLE LABORATORIES** was served by electronic mail this 28th day of February, 2006, to the following:

Jack Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451-6365

/s/ Steven D. Bryant
Steven D. Bryant
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**In respect of**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Honorable Victor Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | **SUBPOENA** |

TO: Custodian of Records
Wyle, Laboratories, Inc.
2001 Jefferson Davis Highway, Suite 701
Arlington, VA 22202

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attached Exhibit A.**

| PLACE | | DATE AND TIME |
|---|---|---|
| | Wyle Laboratories, Inc., or<br>Quinn, Gordon & Wolf, Chtd.<br>102 West Pennsylvania Ave.<br>Baltimore, Maryland 21204 | March 10, 2006<br>10:00 AM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 32(b)(6).

| | DATE<br>February 6, 2006 |
|---|---|

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Kieron F. Quinn | Quinn, Gordon & Wolf, Chtd.<br>102 West Pennsylvania Avenue, Suite 402<br>Baltimore, Maryland 21204<br>(410) 825-2300 |

NOTE – If the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person served may regard the command as optional unless there is attached to the subpoena an order of the Court requiring his/her appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

**DECLARATION OF SERVICE**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________ ____________________________

DATE SIGNATURE OF SERVER

____________________________

ADDRESS OF SERVER

____________________________

Rule 45

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
or
(ii) requires disclosure or privileged or other protected matter and no exception or waiver applies,
or
(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A TO THE SUBPOENA DUCES TECUM**
**DIRECTED TO WYLE ENGINEERING**

1. All internal memoranda or internal communications (including emails) between or among employees, agents or contractors of Wyle Engineering from January, 2000 to the present concerning the review, revision or alteration of 1999 noise contours, flight profiles, parameters and/or flight tracks for NAS Oceana and NALF Fentress, which resulted in or concern revised noise contours and flight tracks submitted in March of 2002 to the Court in *Testwuide v. United States* (CFC No. 01-201L) as Revised Exhibits 49 and 49A.

2. All memoranda or communications (including emails) from January, 2000 to the present between employees, agents or contractors of Wyle Engineering and employees of ATAC concerning the revision or alteration of 1999 noise contours, flight tracks, flight profiles, and/or flight parameters for NAS Oceana and NALF Fentress, which resulted in or concern revised noise contours and flight tracks submitted in March of 2002 to the Court in *Testwuide v. United States* (CFC No. 01-201L) as Revised Exhibits 49 and 49A.

**PLEASE BE ADVISED THAT PRODUCTION OF THE DOCUMENTS PRIOR TO THE TIME AND PLACE SET FORTH ON THE FACE OF THE SUBPOENA WILL REMOVE THE NECESSITY OF A PERSONAL APPEARANCE OF A WITNESS. CONTACT KIERON QUINN OR MARTIN WOLF AT 410 825 2300 TO DISCUSS ARRANGEMENTS.**

# EXHIBIT B

## Bryant, Steven (ENRD)

| | |
|---|---|
| **From:** | Bryant, Steven (ENRD) |
| **Sent:** | Thursday, February 16, 2006 11:55 AM |
| **To:** | 'kfquinn@quinnlaw.com' |
| **Cc:** | Acock, Kelle (ENRD) |
| **Subject:** | Wyle Subpoena |
| **Contacts:** | Kieron Quinn |

Kieron,

Wyle has been searching for the documents requested in the subpoena that was served on them on February 8th (but dated February 6th). The documents requested in the subpoena include e-mail communications previously turned over in response to RFP29. Aside from being duplicative, it is an undue burden for us to re-review and redact as necessary e-mail communications/documents previously turned over. As such, I am requesting that you withdraw the subpoena. Any documents/e-mail communications that are responsive to the subpoena, but have not been previously produced will be turned over by March 10. Thus far, Wyle has only found a few emails that are responsive that have not been previously turned over.

Please advise if you will withdraw the subpoena. If not, we will be forced to file a motion to quash.

Thank you,

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

*This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.*

**Tracking:**

| Recipient | Delivery | Read |
|---|---|---|
| 'kfquinn@quinnlaw.com' | | |
| Acock, Kelle (ENRD) | Delivered: 2/16/2006 11:55 AM | Read: 2/16/2006 11:56 AM |

# EXHIBIT C

Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

February 22, 2006

**By Fax and Email**
**202-305-0506**

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: Oceana – Wyle Subpoena

Dear Steve:

This is in response to your email of February 16th about the subpoena to Wyle. I am attaching with this letter a copy of the exhibit to the Wyle subpoena which lists the documents that are covered by the subpoena.

First, let me observe that Wyle is not your client and their work for the Navy had to do with preparing two Environmental Impact Statements. The subpoena is limited to the differences in the flight tracks between the F/A-18 C/D EIS and the F/A-18 E/F EIS. Although you used flight tracks from the second EIS as exhibits in this litigation, and both sides have referred to the C/D EIS extensively in this case, that does not alter the reason for the preparation of those EIS reports, which is not privileged and not in preparation for litigation.

Second, the subpoena directs Wyle to produce internal memoranda and emails, and communications with ATAC. ATAC stands in relationship to the Navy in exactly the same position as Wyle with respect to the two Environmental Impact Statements. Both Wyle and ATAC were contractors in connection with the preparation of each EIS.

I agree that Defendant has turned over a lot of documents in response to RFP 29, but merely alluding to the fact that there might be an overlap does not assist me in trying to understand the difficulties you now raise. We did not ask Wyle for communications with the Department of Justice or even with the Navy, but if an email tree contains communications from either organization that forms no basis for the Navy (1) claiming a privilege, or (2) redacting a document.

We have no intention of making the Defendant do any more work than is necessary and certainly not to do a lot of duplicative work, but we do not see the "remedy" you are demanding (withdrawing the subpoena) as in any way related to the work you have to do. Your email said that documents that have not been previously produced will be produced. Clearly, there may be some overlap, but there is always some overlap in litigation when you are dealing with more than one entity. If you want to discuss how to reduce the number of pages produced, or to reduce the work you think you have to do, I am happy to discuss that with you. But, Plaintiffs are not prepared to withdraw a perfectly relevant subpoena.

It seems to me that if there is some defect in the subpoena, then Wyle should get in touch with us or Wyle's counsel should get in touch with us. The subpoena was not directed to the Navy and we see no basis for DOJ going through the subpoenaed documents prior to their delivery to the Plaintiffs.

Sincerely,

Kieron F. Quinn

KFQ/djs

**EXHIBIT A TO THE SUBPOENA DUCES TECUM DIRECTED TO WYLE ENGINEERING**

1. All internal memoranda or internal communications (including emails) between or among employees, agents or contractors of Wyle Engineering from January, 2000 to the present concerning the review, revision or alteration of 1999 noise contours, flight profiles, parameters and/or flight tracks for NAS Oceana and NALF Fentress, which resulted in or concern revised noise contours and flight tracks submitted in March of 2002 to the Court in *Testwuide v. United States* (CFC No. 01-201L) as Revised Exhibits 49 and 49A.

2. All memoranda or communications (including emails) from January, 2000 to the present between employees, agents or contractors of Wyle Engineering and employees of ATAC concerning the revision or alteration of 1999 noise contours, flight tracks, flight profiles, and/or flight parameters for NAS Oceana and NALF Fentress, which resulted in or concern revised noise contours and flight tracks submitted in March of 2002 to the Court in *Testwuide v. United States* (CFC No. 01-201L) as Revised Exhibits 49 and 49A.

**PLEASE BE ADVISED THAT PRODUCTION OF THE DOCUMENTS PRIOR TO THE TIME AND PLACE SET FORTH ON THE FACE OF THE SUBPOENA WILL REMOVE THE NECESSITY OF A PERSONAL APPEARANCE OF A WITNESS. CONTACT KIERON QUINN OR MARTIN WOLF AT 410 825 2300 TO DISCUSS ARRANGEMENTS.**

# EXHIBIT D

**Bryant, Steven (ENRD)**

**From:** kfquinn@quinnlaw.com
**Sent:** Saturday, February 25, 2006 11:28 AM
**To:** Bryant, Steven (ENRD)
**Cc:** Acock, Kelle (ENRD); jferrebee@hoflaw.com; tferrebee@hoflaw.com; clustig@srgslaw.com; mquinn@quinnlaw.com; tshuttleworth@srgslaw.com; scswain@srgslaw.com; mwolf@quinnlaw.com
**Subject:** RE: Wyle Subpoena

Steve

I'm sorry but Plaintiffs disagree. You will have to file the motion you have discussed. We object to your discussing the subpoena with Wyle or reviewing the produced documents prior to their review by Plaintiffs.

Kieron
==========================================================

At 03:44 PM 2/24/2006, you wrote:
>Kieron,
>
>I also point you to OCE213722-727, which contains redacted privileged
>communications. On page OCE213725 there is a purely internal e-mail
>between Wyle employees included within this string of e-mails.
>
>Steve
>
>-----Original Message-----
>From: Bryant, Steven (ENRD)
>Sent: Friday, February 24, 2006 2:55 PM
>To: 'kfquinn@quinnlaw.com'
>Cc: Acock, Kelle (ENRD); Bryant, Steven (ENRD)
>Subject: RE: Wyle Subpoena
>
>Kieron,
>
>I did not find your request for an example of an internal Wyle document
>that could be privileged. Nevertheless, a hypothetical example would be a
>Wyle employee repeating to another Wyle employee a Navy attorney's request
>for technical information that the Navy counsel requested in order to
>inform the counsel's legal advice to his client.
>
>I would appreciate if you would explain why you want duplicate documents.
>
>Thank you,
>
>Steve
>
>-----Original Message-----
>From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
>Sent: Friday, February 24, 2006 2:13 PM
>To: Bryant, Steven (ENRD); kfquinn@quinnlaw.com
>Cc: Acock, Kelle (ENRD)
>Subject: Re: Wyle Subpoena
>
>
>Steve
>
>I am not sure where I was unclear, but apparently I was.
>

>We object to the Navy's responding to a subpoena for a third party witness.
>
>We asked what internal documents could be privileged and never
>received an answer. We asked you to identify a privileged document
>and you have not done so. We therefore object to the Navy's proposed
>method of proceeding.
>
>We have not agreed to eliminate duplicates. Since, so far as I know,
>we have never received any internal Wyle documents, which is what we
>subpoenaed, we expect that any duplication is minimal. Of internal
>Navy documents we have received a large amount of duplicates
>from the Navy in past discovery and never heard any complaint from
>DOJ or the Navy about the burden of producing duplicates.
>
>In light of your position we will expect a knowledgeable Wyle witness
>to appear on the designated date and time with the documents in hand
>ready to answer questions. We will so inform Wyle and also advise
>them that it is not enough to ask for a protective order. Rather,
>one must get such an Order from the Court, or comply with the subpoena.
>
>Kieron
>2:09 PM
>=========================================================================
>
>At 01:41 PM 2/24/2006, Steven.Bryant@usdoj.gov wrote:
> >
> >Kieron,
> >
> >Now that you have clarified your position, it appears that you are not,
> >after all,
> >seeking unredacted versions of any responsive documents that contain
> >privileged
> >communications. As I have expressed in the previous e-mails on this
> >subject, we intend to proceed as follows:
> >
> >1) We will respond to the subpoena for Wyle;
> >
> >2) We will review any responsive documents that have not previously been
> >produced for any privileges that apply. As of now, we don't know if
> >there are any privileged communications contained in any responsive
> >documents that have not previously been produced to you. If any
> >documents contain privileged communications we will redact them and
> >prepare a privilege log that you can evaluate.
> >
> >3) Those documents that have previously been produced will not be
> >re-produced, because it is duplicative and wasteful.
> >
> >In response to your questions:
> >
> >1) see #2 above
> >
> >2) We have not directed Wyle not to respond to the subpoena. As stated
> >above, we are going to respond on their behalf by the March 10th
> >deadline.
> >
> >Please advise by 2:30PM if you have any objections to any of the
> >above.
> >
> >Thank you,
> >
> >Steve
> >
> >
> >-----Original Message-----
> >From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
> >Sent: Friday, February 24, 2006 12:16 PM
> >To: Bryant, Steven (ENRD)

> >Subject: Re: Wyle Subpoena
> >
> >
> >Steve
> >
> >I would appreciate it if you could tell me:
> >
> >1.   What privilege the Navy is asserting with respect to internal
> >memos of Wyle Laboratories relating to the noise contours and flight
> >tracks  Wyle prepared for the second EIS, (i.e., F/A-18 E/F);
> >
> >2.  Whether you have told Wyle not to respond to Plaintiffs's
> >subpoena in the manner directed and at the time set forth in the
> >subpoena.
> >
> >We are hampered in discussing your issues because you haven't
> >asserted a privilege concerning a single identified document or a
> >single memo of Wyle's.  Your characterization of our position is
> >incorrect.  We are waiting for the Navy to identify one or more
> >documents to which it asserts a privilege, providing us with the
> >objective data on which we could make a judgment as to whether to
> >agree or challenge your assertion.
> >
> >Kieron
> >
> >========================================================================
> >==================
> >
> >At 03:39 PM 2/23/2006, you wrote:
> > >Kieron,
> > >
> > >This responds to your February 22, 2006 letter regarding the subpoena
> > >you sent to Wyle.  Your letter indicates that you are seeking
> >privileged
> > >communications that may be included in internal e-mails between Wyle
> > >employees.  Specifically, you stated that we have no basis to claim a
> > >privilege or redact a communication if it is contained in an e-mail
> > >chain with Wyle.  Although you do not address this issue, I infer that
> > >your position is the same if the privileged communication occurs within
> > >a purely internal Wyle communication.  As you know, we disagree with
> > >your view and articulated our position in response to your motion to
> > >compel.  That issue is pending before J. Wolski.  It now appears based
> > >on your letter that you are attempting to obtain some of these disputed
> > >communications, as well as any others that contain privileged
> > >communication, in an unredacted form and before the judge has ruled.
> >If
> > >I am misinterpreting your letter please advise.  If I do not hear from
> > >you by 12PM tomorrow (Feb 24) I will move to modify the subpoena and
> >for
> > >a protective order.
> > >
> > >Thank you,
> > >
> > >Steve Bryant
> > >Trial Attorney
> > >Natural Resources Section
> > >Environment & Natural Resources Division
> > >U.S. Department of Justice
> > >P.O. Box 663
> > >Washington D.C. 20044-0663
> > >(v) 202-305-0424
> > >(f) 202-305-0506
> > >
> > >This e-mail (including any attachments) is intended for the use of the
> > >individual or entity to which it is addressed.  It may contain
> > >information that is privileged, confidential, or otherwise protected by
> > >applicable law.  If the reader of this e-mail is not the intended

> > >recipient or the employee or agent responsible for delivering the
> >e-mail
> > >to the intended recipient, you are hereby notified that any
> > >dissemination, distribution, copying or use of this e-mail or its
> > >contents is strictly prohibited. If you have received this e-mail in
> > >error, please notify us immediately by replying to this message, and
> > >please destroy all copies of this e-mail.

# EXHIBIT E

# QUINN, GORDON & WOLF, CHTD.

**Attorneys at Law**

102 West Pennsylvania Avenue, Suite 402
Baltimore, Maryland 21204

Tel: 410 825-2300
Fax: 410 825-0066

kquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com


## FACSIMILE

**Date:** **February 28, 2006**

**To:** **Dr. Ben Sharp (Wyle Laboratories)** **(703) 41549556**

**Mr. Rodger Odegard**

**Re:** **Subpoena – Oceana NAS**

**Sender:** **Kieron Quinn**

**YOU SHOULD RECEIVE 1 PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 410/825-2300.**

Dr. Sharp and Mr. Odegard

On Febrary 7 this office served a subpoena on Wyle for internal communications regarding Oceana NAS and Fentress OLF between the 1999 EIS and the 2002 EIS. Dr. Ben Sharp signed for the subpoena at Noon that date.

On February 24 I sent the attached letter to the wrong Wyle office in Virginia. Mr. Jewell of that office set me right on that point. However, the message of that fax remains in effect and I repeat it below.

Counsel for the Navy has advised that they will attempt to limit our access to the materiel subpoenaed. We therefore cannot continue to offer to accept the informal production of those records and must insist that a Wyle employee with knowledge of the documents be produced to testify at the designated time. If the Navy asks the Court to review our subpoena, it is our position that if the Court does not issue an Order precluding production before the designated date, a Wyle witness and the documents must appear.

If you have any questions, please call.

Sincerely

Kieron Quinn

Cc Steve Bryant 202-305-0506