**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et al.<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S SECOND MOTION TO REVISE SCHEDULING ORDER**

| **Court's Present Scheduling Order** | **Defendant's Requested Changes** |
|---|---|
| Conclusion of Depositions Feb. 24, 2006 | Depositions concluded March 22, 2006 |
| Witness Lists due by March 1, 2006 | Final Witness List March 29, 2006 |
| Dispositive Motions due March 24, 2006 | Dispositive Motions April 24, 2006 |
| Status Conference April 25, 2006 | Response to Dispositive Motions May 22, 2006 |
| Oral Argument on Dispositive Motions May 16, 2006 | Reply to Dispositive Motions June 5, 2006 |
| Trial October 16-November 3, 2006 | |

The Scheduling Order, which the Defendant wants to change, has been in effect only since January 19, 2006. For reasons that are not the fault of either party depositions could not be concluded by February 24, but the last depositions of Plaintiffs' witnesses are now scheduled for March 9 and March 10. The final depositions will be that of Eileen May, the last of the twelve

Test Plaintiffs to be deposed, Louis Figari, a pilot and resident of Virginia Beach, and Dr. Noral Stewart, designated to rebut one of Defendant's experts.

Defendant has taken thirty-four depositions to date. The testimony of Ms. May and Mr. Figari is expected not to diverge in any way from the testimony of the thirteen test Plaintiffs who have testified thus far and the score of other individuals, some Plaintiffs and some non-parties, who are residents of Virginia Beach and who have testified by deposition. Clearly, nothing that Ms. May or Mr. Figari will say can alter either the motion, which Defendant is ostensibly drafting, or Plaintiffs' response to that motion.

Similarly, Dr. Stewart's, rebuttal report was submitted to the Justice Department prior to the time Defendant filed the present motion and Defendant has ample time to prepare for his deposition. Because his deposition is a rebuttal to Sanford Fidell it is clear that Defendant will not utilize it in connection with any dispositive motion for summary judgment. Plaintiffs should note that Plaintiffs sent the report of Dr. Stewart to counsel for Defendant within 48 hours of its receipt by Plaintiffs' counsel. That can properly be compared to the deposition of Nicholas Miller, of Harris Miller Miller & Hanson, Inc., taken by Plaintiffs on February 10, 2006. Defendant produced a copy of Mr. Miller's report on February 6, 2006 -- four days before his deposition – even though the report is dated June 2005. Moreover, as set out below, on March 1, 2006, defendant expanded the description of Mr. Miller's anticipated testimony – three weeks <u>after</u> his deposition.

Plaintiffs twice suggested to Defendant that the parties should agree to move the date for the "final witness list" back <u>before</u> the scheduled end of depositions. Plaintiffs argued that if a party adds witnesses <u>after</u> the close of discovery, those witnesses will likely need to be deposed and the Court could expect yet another request to put off the schedule. On the March 1 present

deadline for exchanging final witness lists (five days after the deposition deadline) Defendant asked for a delay in that exchange. Plaintiffs advised that we anticipated adding no witnesses and requested that Defendant's counsel provide the names of witnesses whom they already knew they intended to add. Defense counsel then sent a list of seven new witnesses and changed the scope of anticipated testimony of three others. (Exhibit A hereto). Plaintiffs then asked whether any evidence or affidavits from the newly listed witnesses was going to be used by Defendant in support of its dispositive motion. Defendant answered affirmatively – identifying CDR Richard Erie. (Exhibit B hereto). This process will never lead to a conclusion.

Plaintiffs suggest that the Court move only the deadlines for depositions and the final witness list to March 10. At the moment the dispositive motion date is set for March 24, 2006. Argument on that motion is set for May 16, 2006. Plaintiffs believe that the Defendant is far along in preparing its motion[1] and that there is no reason why it cannot be filed on March 24. However, and alternatively, if the Court feels that Defendant should be given more time to file its dispositive motion, Plaintiffs suggest that the dispositive motion date be moved from March 24, 2006 to March 31, 2006 keeping all other dates in place. Plaintiffs also see no need for the Court to add detail to the schedule by having the briefing run for two months.

Thus, Plaintiffs suggested changes are:

Conclusion of Depositions March 10, 2006

Final Witness Lists due by March 10, 2006

Plaintiffs accordingly request that Defendant's motion be denied and that changes in the schedule be limited to that set out above.

[1] *See,* Exhibit B.

Dated: March 3, 2006

Respectfully,

______/s/_______________________

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheiemer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com