**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| V. | ) | No.: 01-201L |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Judge Victor J. Wolski |
| Defendant. | ) | |

**DEFENDANT UNITED STATES' REPLY IN SUPPORT OF ITS SECOND MOTION TO REVISE SCHEDULING ORDER**

Defendant United States of America, by and through the undersigned counsel, hereby files this Reply in support of its Motion to Revise the Scheduling Order dated January 17, 2006.[1] The United States provided four reasons for requesting an adjustment to the schedule in its motion. In their Opposition, plaintiffs responded to two of defendant's justifications and ignored the others. As discussed below and in the motion, the adjustment to the schedule should be granted because there is insufficient time to complete discovery and prepare dispositive motions and the delay was not caused by the United States. Significantly, defendant is only requesting an interim adjustment; this is not a request to change the trial dates, currently scheduled for October 16 – November 3, 2006.

Two of the justifications for the schedule adjustment concerned the unavailability of certain of plaintiffs' witnesses to be deposed by February 24, 2006, the deadline in the current scheduling order. The final test plaintiff, Eileen May, was not available for her

[1] As discussed below, the United States is requesting additional adjustments to the remaining proposed deadlines than originally reflected in its motion to revise the scheduling order. As noted in the motion, defendant predicated its proposed deadlines, in part, on plaintiffs producing certain data relied on by its appraisal experts by February 28, 2006 and completing the continuation of their depositions by March 22, 2006. Plaintiffs still have not produced the data.

deposition until March 9, 2006. Dr. Noral Stewart, plaintiffs' aircraft noise expert did not complete his report until February 22, 2006, and could not be deposed until March 10, 2006.[2] As stated in the motion, defendant needs time to obtain the transcripts for these depositions, review them, and address them as necessary in its dispositive motions.

Plaintiffs do not dispute the unavailability of Ms. May and Dr. Stewart before the February 24, 2006 deadline, nor do they dispute that Dr. Stewart's report was not produced until two days before that deadline. They simply assert, without any basis, that Ms. May's deposition testimony would not alter defendant's dispositive motion. Plaintiffs similarly claim, without any support, that Dr. Stewart's deposition testimony would not be "utilize[d] in connection with any dispositive motion" because it is a "rebuttal" to the United States' aircraft noise expert. In contrast to plaintiffs' assertions, the deposition testimony of all of the test plaintiffs and plaintiffs' aircraft noise expert, among many other things, will, in fact, be reviewed and considered in preparing defendant's dispositive motions. As such, an adjustment to the schedule is necessary so that defendant can obtain the remaining transcripts and review them in order to be able to address them as appropriate in its dispositive motion.

Plaintiffs erroneously attempt to minimize the fact that they did not produce Dr. Stewart's expert report until two days before the conclusion of depositions (on the current schedule) by pointing out that defendant did not produce Nicholas Miller's June 2005 report until February 6, 2006, four days before his deposition. This is a not an analogous situation. Mr. Miller, of Harris Miller Miller & Hanson ("HMMH"), is a fact witness

---

[2] Plaintiffs added an additional fact witness, Mr. Lou Figari, on February 23, 2006, who also could not be deposed until March 9, 2006. Mr. Figari is a former Navy pilot and current commercial pilot, who is a plaintiff in the Adams v. United States, 04-279. Mr. Figari testified regarding his knowledge of aircraft operations.

who was listed on defendant's preliminary witness list in March 2005. Mr. Miller prepared a report in June 2005 for the United States summarizing the jet noise analyses HMMH conducted in the 1980s and early 1990s at Naval Air Station Oceana ("NASO"). The detailed analyses were documented in noise studies that defendant produced to plaintiffs in response to discovery requests before the test case even began. Plaintiffs were therefore well aware of the work HMMH conducted and could have issued discovery specifically related to Mr. Miller when he was placed on defendant's witness list. Plaintiffs did not. As such, there was no basis for defendant to produce Mr. Miller's June 2005 summary report to plaintiffs. In preparation for Mr. Miller's deposition, plaintiffs on January 27, 2006 for the first time requested (informally) a copy of any documents Mr. Miller had prepared. In response, defendant produced Mr. Miller's June 2005 report on February 6, 2006.

Dr. Stewart, by contrast, is an expert plaintiffs added to their witness list on October 10, 2005. He is a testifying expert under RCFC 26(a)(2)(B-C) who plaintiffs have retained as a rebuttal witness to challenge the findings of defendant's jet noise expert, Dr. Sanford Fidell. It should be noted that the parties were required to produce expert reports by September 30, 2005 in accordance with the Court's previous scheduling order, dated August 26, 2005. Unlike Mr. Miller's report, which defendant had no reason to produce until plaintiffs requested it (informally), plaintiffs were obligated under RCFC 26(a)(2)(B-C) to produce any report prepared by Dr. Stewart. Plaintiffs' failure to produce a report from Dr. Stewart until February 22, 2006 caused his deposition to be delayed until March 10, 2006, which has resulted, in part, in the need to amend the schedule.

Plaintiffs also incorrectly claim that the final depositions were Ms. May, Dr. Stewart, and Mr. Figari. To the contrary, as discussed in the United States' motion and with counsel for plaintiffs during the depositions, defendant intends to reopen the depositions of plaintiffs' appraisal experts, Mr. Gruelle and Mr. Salzberg. On February 23, 2006, when the United States filed the motion to amend the schedule, Mr. Gruelle and Mr. Salzberg still had not appraised Ms. May's property. Although plaintiffs produced the appraisal of Ms. May's property on February 28, 2006, they have not produced all of the final data on which Mr. Gruelle and Mr. Salzberg relied upon in reaching their conclusions. The data are voluminous, encompassing thousands of sales transactions. Counsel for plaintiff has indicated that he is working with Mr. Gruelle in an attempt to locate this data. Until defendant receives this information and has a chance to review it, however, it is premature to reopen Mr. Gruelle's and Mr. Salzberg's depositions. Defendant has also requested that the final sorted data be produced in a manner that the filtering process Mr. Gruelle performed can be replicated and tested by defendant's experts. The requested adjustments to the schedule were predicated on plaintiffs producing the final sorted data on which Mr. Gruelle and Mr. Salzberg relied by February 28, 2006. Plaintiffs' continued failure to provide this information renders our originally proposed March 22, 2006 deadline for concluding depositions untenable. Therefore, defendant revises its proposal for concluding depositions to March 31, 2006, and subsequent dates accordingly as reflected below.

Plaintiffs also presumptuously assert that the United States is "far along in preparing its dispositive motion," The sole basis for this assertion appears to the fact that counsel for the United States in discussions with counsel for Plaintiffs identified certain

individuals who are anticipated to provide declarations in support of that motion But, as defendant made clear in its motion to amend the schedule, it has been unable to depose witnesses in accordance with the Court's schedule and to obtain relevant information that will be considered in preparing its dispositive motion, and some of this information is still not available even now. Defendant was not the cause of this delay, and should not be penalized with a truncated period of time after discovery is complete in which to prepare its dispositive motion.

Plaintiffs also erroneously suggest that because the government recently added seven witnesses to its witness list, exchanging final lists after conclusion of depositions is a process that "will never lead to a conclusion."[3] This procedure is precisely what is envisioned by this Court's Rules. RCFC Appendix A, 13(b) directs the parties to exchange final witness lists after discovery. The obvious implication is that additional witnesses are expected to be identified through discovery. There is nothing extraordinary about defendant adding new witnesses (one of whom the plaintiff deposed almost a year ago and is on plaintiffs' witness list). Finally, the expected modifications to the topics of testimony of the four existing witnesses are plainly minor.

Based on the foregoing, defendant respectfully requests the following schedule:

1. Conclusion of depositions. The parties shall conclude all depositions on or by March 31, 2006, absent agreement of parties or court order.

2. Final Witness Lists. The parties shall exchange final witness lists on or by April 7, 2006.

3. Dispositive Motions. The parties shall file dispositive motions on or by April 28, 2006.

---

[3] It is noteworthy that plaintiffs claim that the addition of these seven witnesses has somehow delayed discovery, considering that they added approximately 25 new witnesses to their witness list in October, 2005.

4. Responses to dispositive motions. The parties shall file responses to dispositive motions on or by May 26, 2006.

5. Replies to dispositive motions. The parties shall file replies to dispositive motions on or by June 9, 2006.

Defendant respectfully requests the Court reschedule the status conference currently scheduled for April 25, 2006, and the oral argument currently scheduled for May 16, 2006, to a time consistent with the proposed schedule above.

Dated: March 14, 2006

Respectfully submitted,

/s/ Steven D. Bryant
Steven D. Bryant
Kelle S. Acock
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
202-305-0424
Counsel for Defendants

Of Counsel:
Robert J. Smith
Mary Raivel
Navy Litigation Office
720 Kennon Street
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlanic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **DEFENDANT UNITED STATES' REPLY IN SUPPORT OF ITS SECOND MOTION TO REVISE SCHEDULING ORDER** was served by electronic mail this 14th day of March, 2006, to the following:

Jack Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road
Suite 12B
Sandpiper Key
Virginia Beach, Virginia 23451-6365

/s/ Steven D. Bryant
Steven D. Bryant
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants
202-305-0424