IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

**INTRODUCTION**

On February 23, 2006, Plaintiffs filed a Motion for Sanctions and accompanying Memorandum In Support of Motion for Sanctions ("Plaintiffs' Memorandum"). Plaintiffs argued that sanctions were appropriate under RCFC 37(d) and under the Court's inherent power to monitor and punish, in appropriate cases, abuse of the discovery process. Plaintiffs further argued that sanctions were particularly appropriate in this case. Plaintiffs emphasized that after five years of requests, follow up requests, and other correspondence on the issue, Defendant had failed to answer a simple, straightforward discovery request at the heart of the underlying litigation: when does Defendant allege that the six year statute of limitations applicable to Plaintiffs' claims began to run. Defendant first raised this issue as an affirmative defense in its initial responsive pleadings on June 1, 2001.

For almost five years, as more fully detailed in the Background section of Plaintiffs' Memorandum, Defendant asserted that it was investigating this issue and would supplement its answers at an appropriate time. Defendant has failed to live up to this promise. Accordingly, Plaintiffs sought the most logical and proportionate remedy for Defendant's discovery

misconduct, striking Defendant's statute of limitations affirmative defense. On March 13, 2006, Defendant filed its Opposition to Plaintiffs' Motion for Sanctions ("Defendant's Opposition"). Defendant's Opposition proffered five rationales for the Court to deny Plaintiffs' Motion for Sanctions: 1) Defendant's responses to Plaintiffs' Interrogatories have been proper; 2) sanctions are inappropriate under RCFC 37(d) because Defendant has provided some interrogatory answers; 3) sanctions are inappropriate under RCFC 37(b) because Defendant has violated no court order; 4) Defendant's actions in responding to all discovery requests has been in good faith, and, therefore, sanctions are inappropriate under the Court's inherent power; and 5) the Court does not have the power to award the requested sanctions because it would amount to an impermissible waiver of subject matter jurisdiction.

Defendant's arguments are erroneous and misstate both the law and Plaintiffs' arguments. First, Defendant's longstanding failure to reply to statute of limitations interrogatories has no basis in law. Defendant's contention that Plaintiffs' interrogatories seek "pure requests for admissions of law", is belied by Defendant's repeated insistence that the answer to this question demands a fact-specific analysis of each property. If Defendant believed that the interrogatory was improper as a pure question of law, then none of the promises to answer the question should have been made and the Court could have decided that issue in 2001. Moreover, the Government itself sought Plaintiffs' contention as to the date of taking in its discovery requests. Plaintiffs, unlike the Government, responded completely. Second, case law, including cases cited in Defendant's Opposition, allows the Court to impose reasonable sanctions for egregious discovery misconduct, both under Rule 37(d) and the court's inherent power to deter discovery abuse.

Third, Defendant makes the wholly irrelevant argument that sanctions under RCFC 37(b) are inappropriate without a preexisting court order, an argument expressly conceded in Plaintiffs' Memorandum. Fourth, case law cited in Plaintiffs' Memorandum makes abundantly clear that sanctions short of dismissal are appropriate even without a showing of bad faith, although failure to answer essential requests in discovery for almost five years is compelling evidence of bad faith. Finally, striking Defendant's statute of limitations affirmative defense because of dilatory, obstructionist discovery tactics is not an improper sanction and, in no way, amounts to a waiver of the statute limitations. By Defendant's contorted logic, the government would have a *carte blanche* to engage in any discovery chicanery so long as it related to a statute of limitations defense. Therefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Sanctions.

## ARGUMENT

### A. Defendant's Failure to Answer Interrogatories Relating to its Purported Statute of Limitations Defense Has No Basis in Law.

Defendant first contends that its responses to Plaintiffs' interrogatories on the statute of limitations issue have been "proper" and that Defendant "has responded to the interrogatories at issue in a straightforward and thorough manner." Defendant's Opposition at 6. Defendant also contends that it has appropriately objected to the interrogatories at issue because Interrogatory No. 3 from the class certification phase of the litigation "requests a legal conclusion, the date the statute of limitations began to run." Id., citing Williams v. Krieger, 61 F.R.D. 142, 144 (S.D.N.Y. 1973). Defendant's arguments on both accounts are unpersuasive. First, it is inconceivable that Defendant would assert that its responses to Interrogatory No. 3 from the Class Action phase, and Interrogatory No. 1 from the test-case phase, have been "straightforward

and thorough." To the contrary, Defendant's responses have been the antithesis of straightforward and thorough. For almost five years, Defendant has insisted that it was unable to answer any question related to its contention that the statute of limitations barred Plaintiffs' claims. In October 2001, Defendants claimed that "further research and discovery" were needed to answer the interrogatory. Exh. D to Plaintiffs' Memorandum. In July 2004, Defendant stated that it was "unable to respond to this interrogatory until discovery is complete." Exh. E to Plaintiffs' Memorandum. In February 2005, Defendant was "still investigating the statute of limitations defense" and promised to "supplement our response once we have gathered and analyzed the requisite information through discovery." Exh. G to Plaintiffs' Memorandum. In October 2005, Defendant was "still investigating the issue of when any prior avigation easements were taken as a result of prior aircraft operations." Exh. L to Plaintiffs' Memorandum. It bears repeating that during this entire process Defendant has been in full, and generally sole, possession of the facts surrounding what aircraft were stationed at Oceana at any given time and what operations those aircraft accomplished. After almost five years of such evasive, obstructionist answers, it simply defies logic for Defendant to argue that they have been "thorough and straightforward" in responding to the disputed interrogatory requests.

In addition, Defendant improperly relies on Krieger to support its contention that it has properly objected to the interrogatories at question. By its express terms, Krieger held that the rule of procedure governing admissions, Rule 36, "embraces only requests for admissions of fact or the application of law to fact." Krieger, 61 F.R.D. at 144 (emphasis added). Krieger went on to hold that only "pure requests for admissions of law" are improper. Id. Defendant's position also contradicts the plain language of RCFC 33(c) which provides that "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory

involves an opinion or contention that relates to fact or the application of law to fact." Courts have held that the analogous Rule 33 of Civil Procedure requires a response to contention interrogatories "if such an interrogatory eliminates unnecessary testimony, avoids wasteful preparation, narrows the issues, leads to relevant evidence or generally expedites fair disposition of the lawsuit." McClain v. Mack, 85 F.R.D. 53, 59 (E.D.Pa. 1979). As mentioned above, if Defendant believed that its response was in any way adequate, it should not have spent five years promising a real response that never came.

Similarly, in Coles v. Egan, 179 F.R.D. 179, 180-81 (W.D.Va. 1998), the court rejected a contention very similar to the position argued by Defendant in this case. In Coles, an estate representative filed a negligence action against a bicycle tour company. During discovery, plaintiff asked defendant what duty of care it owed to the decedent. Defendant in the case objected to the interrogatory "on the grounds that answering the Interrogatory calls for an opinion or legal conclusion." Id. The court found that the objection "rings hollow" in light of the 1970 amendments to Rule 33. Id. The court quoted with approval from the advisory notes to the 1970 amendments which emphasized that "[a]s to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." Id. The court concluded that the defendant must answer the interrogatory even though it called for a legal opinion:

> Even assuming that Interrogatory 12 calls for a legal opinion, it does not call for one on an issue of "pure law." The legal issue of the standard of care a bicycle tour operator owes to its guests is not only related to the facts of this case, but it is centrally related thereto.

Id. By the same token, the question of when the statute of limitations began to run on Plaintiffs' properties calls for the application of law to fact and is "centrally related" to the facts of

litigation. Defendant's answers to the disputed interrogatories have not been thorough or straightforward, and their objections have been meritless.

### B. RCFC 37(d) Authorizes Sanctions Against Defendant Because It Has Totally Failed to Answer Interrogatories Integral to Pending Litigation After Five Years of Fruitless Attempts to Obtain This Information.

Defendant claims that sanctions are inappropriate under RCFC 37(d) because it has "responded to plaintiffs' interrogatories, stating its objections and providing responses." This Court should not accept Defendant's cramped interpretation of the rules, which understates the significant authority of federal courts to monitor and sanction clear abuses of the discovery process pursuant either to Rule 37(d) or pursuant to its inherent powers. This court has held that RCFC 37 "provides a wide spectrum of discovery sanctions designed to discourage delay, waste of resources, and dilatory practices in favor of full disclosure of relevant information prior to trial." Morris v. United States., 37 Fed. Cl. 207, 212-213 (1997), quoting Applegate v. United States, 35 Fed. Cl. 47, 56 (1996); *see also* Advanced America Services, Inc. v. United States, 32 Fed. Cl. 191, 193 (1996). RCFC 37(d) expressly authorizes this Court to impose any sanctions available under RCFC 37(b)(2) for significant abuses of the discovery process. RCFC 37(b) specifically authorizes the Court to "enter an order refusing to allow the disobedient party to support or oppose designated claims or defenses.[1]" Subparagraph (b)(2)(C) authorizes the Court to go further and strike pleadings or dismiss the case outright. Plaintiffs' Memorandum cited numerous cases supporting the Court's authority to impose sanctions under RCFC 37(d) if there is a "complete failure to respond to interrogatories and document requests seeking information

1 The rule conspicuously declines to limit such sanctions in cases where affirmative defenses might implicate the Court's jurisdiction, such as the statute of limitations in Tucker Act cases. The rule's silence on this issue tellingly proves that it is wholly appropriate for the Court to strike Defendant's statute of limitations defense if it feels that Defendant's discovery misconduct warrants such a limited sanction.

needed by the defendant before the case can progress." Colbert v. United States, 30 Fed.Cl. 95, 97-99 (1993); see also Plaintiffs' Memorandum at 7-10. In light of this abundant authority and in light of the broad language contained in RCFC 37, Defendant cannot avoid sanctions merely because it technically responded to Plaintiffs' interrogatory requests.

In footnote five of its Opposition, Defendant concedes that sanctions may be appropriate in "certain situations where responses were served, but were so misleading and evasive as to amount to no response at all." Defendant's Opposition at 10, n. 5. In the instant case, Defendant has evinced a lengthy record of failing to respond to important interrogatories. In July 2004, Defendant insisted that it was "unable to respond" to Interrogatory Number 3 until discovery was complete. In Minnesota Mining & Mfg. Co. v. Eco Chem., Inc., 757 F.2d 1256, 1260 (Fed. Cir. 1985), a case cited in Defendant's Opposition, the court found that sanctions were appropriate under Rule 37(d) where a party used the exact same "unable to respond" language. Id. The court emphasized that the rule would be rendered "virtually meaningless" if such responses could satisfy the rule whose purpose is "to allow the courts to punish a full and willful noncompliance with the federal rules of discovery." Id.

In the other case cited in footnote 5 of Defendant's Opposition, the court ruled that a party need not show a "total failure to respond" to interrogatories where the discovery misconduct constitutes "an unjustified attempt by the defendants to prevent proper and necessary discovery." Bell v. Automobile Club of Michigan, 80 F.R.D. 228, 232 (E.D.Mich. 1982) In such cases, as Defendant concedes in it Opposition, sanctions are appropriate if interrogatory answers are "so misleading and deceptive as to constitute a total failure to answer these interrogatories." In this case, sanctions are appropriate under RCFC 37(d) given the five-year, unjustified refusal by Defendant to answer interrogatories seeking that Defendant specify when

it asserts the statute of limitations began to run on Plaintiffs' properties. Defendant's discovery misconduct has been serious enough to "constitute a total failure" to answer, thereby justifying limited sanctions.

**C. Defendant's Opposition Inaccurately Asserts that Plaintiff Seeks Sanctions Under RCFC 37(b)(2)**

Defendant's Opposition devotes an entire section to the argument that sanctions are not appropriate under RCFC 37(b)(2) because Defendant has not violated any existing court order. Defendant's Opposition at 10-11. Yet, throughout their Memorandum, Plaintiffs concede that it is premature to seek sanctions under this subsection of RCFC 37 without a preexisting court order. See Plaintiffs' Memorandum at 7, 9, and 10. Defendant then implies that it is improper to cite cases involving RCFC 37(b)(2) to shed light on the Court's transparent interest in deterring and punishing discovery misconduct. The 37(b)(2) cases cited in Plaintiff's Memorandum demonstrate the wide array of discovery misconduct which Rule 37 was created to deter and to remedy, discovery misconduct strikingly similar to that engaged in by Defendant in this case. Clearly, Defendant is seeking to distract the Court from this misconduct through the red herring argument that it has not violated a court order and, thus, is not subject to sanctions under 37 (b)(2).

**D. Contrary to Defendant's Assertion, The Court May Impose the Requested Sanction Without A Showing of Bad Faith, Although Plaintiffs' Motion and Memorandum Establish That Defendant Has Acted in Bad Faith By Repeatedly Failing To Answer Any Interrogatories Relating To the Statute of Limitations.**

Defendant concedes that this Court possesses the "inherent authority to impose sanctions for abuses of the discovery process in certain egregious cases." Defendant's Opposition at 11. Defendant argues, however, that the Court may not impose sanctions pursuant to its inherent power unless Defendant has demonstrated bad faith or perpetrated a fraud on the Court. There are

several problems with this argument. First, the Background section of Plaintiffs' Memorandum amply demonstrates that Defendant's misconduct in the present case is precisely the sort of misconduct contemplated by the court's inherent power to discourage abuse of discovery. In Shepherd v. American Broadcasting Companies, Inc., 62 F3d 1469, 1474-75 (D.C. Cir. 1995), the court concluded that its inherent power is designed to respond to cases in which the "rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process." Similarly, in Amsted Industries, Inc. v. Buckeye Steel Castings, Co., 23 F.3d 374, 377-78 (Fed.Cir. 1994), the court, citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991), held that if neither a sanctions statute nor "the rules are up to the task, the court may safely rely on its inherent power" to root out discovery misconduct. While the court in Amsted did note that courts should exercise this inherent power "with caution", it nonetheless concluded that a court may impose sanctions pursuant to its inherent power "where a party shows bad faith by delaying or disrupting the litigation." Amsted, id.

Assuming, *arguendo*, that Rule 37 does not permit sanctions for Defendant's discovery misconduct, this is precisely the kind of case envisioned by Amsted for the Court to judiciously apply its inherent power. Plaintiffs have repeatedly and persistently sought answers to its interrogatories regarding when Defendant asserts a taking occurred to trigger the statute of limitations. Defendants have been equally dogged in declining to answer these interrogatories, and, in the process, have seriously undermined the value and utility of a discovery process designed to narrow the issues between the parties and to promote an expeditious resolution of the issues underlying the litigation. Almost five years after they first sought this information from Defendant, Plaintiffs are no closer to an answer from Defendants on this core issue. If the requested sanction does not fall under Rule 37, the Court should invoke its inherent power and

penalize Defendant's bad faith refusals to comply with the letter and spirit of the rules of discovery.

The final flaw in Defendant's argument is that Defendant's Opposition fails to rebut Plaintiffs' contention that the limited sanction sought by Plaintiffs is narrowly tailored to the discovery abuse spelled out in Plaintiffs' Memorandum. Courts interpreting Society Internationale have held that the court may impose sanctions less draconian than dismissal without a showing of bad faith. See Dellums v. Powell, 566 F.2d 231, 235 (D.C. Cir. 1977)("mere failure to respond to discovery is sufficient to justify less severe sanctions than dismissal.") Granting the relief requested by Plaintiffs in their Motion for Sanctions will serve the Court's unquestioned interest in the orderly and expeditious disposition of its cases. On the other hand, granting Plaintiffs' motion will not deprive Defendant of the opportunity to contest, at trial, the merits of Plaintiffs' allegations. The Court should exercise its inherent power and grant Plaintiffs' Motion because Plaintiffs' Memorandum vividly demonstrates Defendant's bad faith in failing to respond to the contested interrogatories almost five years after they were first posed. Alternatively, even if Defendant has not acted in bad faith, striking Defendant's statute of limitations defense does not require such a showing because it is far more limited than the sanction of dismissal.

**E. The Court May Properly Grant Plaintiffs' Motion for Sanctions.**

Defendant argues that it is improper for the Court to impose sanctions either pursuant to RCFC 37 or pursuant to its inherent power. Defendant points out that the Court may not waive the statute of limitations in Tucker Act cases since it is a jurisdictional requirement attached as a condition of the government's waiver of sovereign immunity. Martinez v. United States, 48 Fed. Cl. 851, 857-58 (2001). From this rule of law, Defendant illogically extrapolates that the Court

may not impose a sanction expressly permitted by the clear language of RCFC 37 and interpretative case law. The drafters of RCFC 37, and the analogous rule of Civil Procedure, undoubtedly could have limited the sanctions available under the rule and precluded sanctions which directly, or indirectly, implicated jurisdictional issues. Instead, the drafters broadly, and without limitation, authorized federal courts to impose a broad array of sanctions for discovery misconduct, ranging from striking pleadings and defenses to dismissing the cause of action outright. By contrast with the clear language of the rules, and the broad holdings in cases upholding a federal court's power to impose sanctions in appropriate cases, Defendant cites no cases which have held that it is improper to strike a statute of limitations defense where sanctions are otherwise appropriate. Nor has Defendant cited any case law to support the strained reasoning that striking a statute of limitations defense amounts to a waiver of that statute of limitations, particularly where the Government's own misconduct precipitated the Motion for Sanctions in the first place. It would be fundamentally unfair to allow a party, such as Defendant, which has engaged in wholesale disregard for the rules of discovery, to then hide behind the cloak of jurisdiction. More pernicious, accepting Defendant's tortured logic would remove all incentives for the federal government to cooperate on discovery issues relating to an assertion of the statute of limitations. If the Court adopts Defendant's rationale, the government could presumably violate an existing court order to answer a statute of limitations interrogatory without suffering any negative consequences. Neither the rules nor case law justifies such a perverse interpretation of the Tucker Act. The Court should reject this bold invitation to mischief and deny Defendant's jurisdictional argument.

**CONCLUSION**

Defendant has engaged in a five-year effort to frustrate Plaintiffs' attempts to flesh out Defendant's assertion that Plaintiffs causes of actions are barred by the Tucker Act's statute of limitations. None of the arguments tendered by Defendant in opposition to Plaintiffs' Motion and Memorandum offer persuasive rationales for denying Plaintiffs' Motion. Defendant's answers to the contested interrogatories are thorough and consistent only in their refusal to answer the core question of when it alleges a taking first occurred for statute of limitations purposes. Defendant's objections to these interrogatories have no basis in law because the disputed interrogatories call for application of legal opinions to facts central to the case. Sanctions are appropriate under both Rule 37(d) and the court's inherent power to sanction abuses of the discovery process. Sanctions are appropriate and mandated on both grounds because Defendant has acted in bad faith in refusing to provide answers to the contested interrogatories and because Plaintiffs are seeking a limited penalty entirely proportionate to the scope of discovery abuse. The Court may appropriately strike a statute of limitations defense for gross discovery violations without implicating the Tucker Act's jurisdictional requirements. Plaintiffs respectfully request the Court to grant their motion and strike Defendant's statute of limitations defense.

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS** was sent electronically this 27th day of March 2006 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/ Jack E. Ferrebee
Jack E. Ferrebee