# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 01-201L
(Filed April 21, 2006)

| | |
|---|---|
| **CAROL & ROBERT TESTWUIDE, et al.,** | |
| Plaintiffs, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

The Court has reviewed the defendant's Motion to Compel Production of Discovery Responses Concerning Military Records ("Motion"). For the reasons stated below, the Motion is DENIED-IN-PART and GRANTED-IN-PART.

Defendant seeks to compel responses to Interrogatory number 19, which sought from each test plaintiff information concerning military service, and copies of all documents in the possession of each relating to that individual's military service. The plaintiffs objected, on the basis of a protective order, memorialized on February 7, 2002, and issued in the context of the class certification motion. That order "precluded [defendant] from accessing plaintiffs' personnel records." Order (Feb. 7, 2002). Although this order would only pertain to subpart e of Interrogatory number 19, it appears that plaintiffs did not answer any subpart of the interrogatory. *See* Ex. B to Motion.

The protective order responded to information sought in the context of the class certification motion, and might be construed to cover only the individuals identified as potential class representatives at that time. The Court concludes that it is appropriate to reaffirm the vitality of this order and to clarify that it extends to protect the service records of all plaintiffs in this consolidated case. The Court had left open the possibility that, upon a proper demonstration of relevance to issues in this matter, the defendant might renew its request for access to these records. Order (Feb. 7, 2002). Defendant has failed to demonstrate their relevance, and the Motion is denied insofar as it seeks access to these records. Defendant remains forbidden from obtaining them.

While Interrogatory number 19 sought more than just the production of service records, both sides focus exclusively on this aspect of the interrogatory. Defendant makes two arguments in support of its request. It first argues that the contents of the requested records are "relevant to assessing [plaintiffs'] exposure to and knowledge of Naval aircraft operations," and that knowledge of their "exposure to jet operations will assist in evaluating plaintiffs' claims that F/A-18 CD operations have substantially interfered with the use and enjoyment of their property." Motion at 5. Second, it argues that the requested records "may contain information pertaining to [plaintiffs'] credibility as witnesses," including "disciplinary matters and whether they were prosecuted in courts-martial." Motion at 6. That is, examining the records might lead to evidence admissible under Rules 404, 607 and 609 of the Federal Rules of Evidence. *Id.*

As to the first argument, defendant has provided no convincing reason to believe that service records of anyone would contain information reasonably calculated to lead to the discovery of relevant, admissible evidence. The plaintiffs' Naval careers have no bearing on the matter of whether an increase in flight operations and noise levels interferes with their use and enjoyment of property. And to the extent that their Naval backgrounds may have given them special knowledge or insight that helped to form their perceptions, this should have been explored in their depositions. Moreover, if it is true, as defendant argues, that "memories fade over time," Motion at 6, scrutinizing personnel records for the purpose of arguing that a plaintiff had some lay expertise that he has forgotten and that he is not himself claiming hardly seems an appropriate use of discovery tools.

Concerning the second argument, the character of the plaintiffs has nothing to do with whether *the Government's actions* resulted in takings of property. As for the questions of credibility of witnesses generally, these hardly support a request for "all documents in [plaintiffs'] possession relating to [their] military service." Ex. B to Motion. The Government's argument in this regard suggests that the service records of every witness on either side who served in the military should be available to both sides to facilitate a hunt for credibility-impeaching convictions. The Court seriously doubts that this is a road the Government would want to travel. In addition, the Government did not limit its request to crimes that are relevant under Rule 609, and instead asked plaintiffs to provide information about convictions of "any crime under the Uniform Code of Military Service." *Id.* Had it been limited to the crimes listed in Rule 609(a), the request for a written response would have been permissible.

The Court is also not persuaded by the Government that the Department of Defense's "routine use" exception to the Privacy Act would allow disclosure of plaintiffs' records. By its terms, this exception applies when the disclosure is "for the purpose of representing the DOD [Department of Defense] . . . in . . . litigation to which the record is pertinent." 51 F.R. 18086, 18087 (1986). This litigation concerns alleged violations of the Takings Clause and not the service records of any individual, and thus no record itself is "pertinent." It does not appear to the Court that the use of a service record to hunt for information to impeach a witness who happens to be a veteran constitutes "the use of such record for a purpose compatible with the purpose for which it was collected." 5 U.S.C. § 552a (a)(7).

As the Court noted above, neither party discussed whether plaintiffs should have to provide written responses to subparts a through d of Interrogatory number 19. Defendant's request is that the Court "order plaintiffs to fully respond to Interrogatory number 19 and to produce the requested military records in their possession." Motion at 7. The Court has no way of knowing whether the response contained in Exhibit B to the Motion is the full response to this interrogatory, or whether this was later supplemented. Since the plaintiffs' arguments in opposition concerned only the service records, and they even suggested that some information could be sought by posing direct questions to plaintiffs, *see* Pls.' Mem. Opp. at 7, there appears to be no objection to answering the first three subparts. Concerning subpart d, plaintiffs implicitly explained that it was overbroad, seeking information relating to matters that are not cognizable under Rule 609. *Id*. at 5.

Thus, if they have not done so already, plaintiffs are **ORDERED** to provide answers to Interrogatory number 19, subparts a, b, and c; and to Interrogatory number 19, subpart d, but limited to crimes described in Rule 609(a) of the Federal Rules of Evidence. To this extent, defendant's motion to compel is **GRANTED**. As explained above, the motion is **DENIED** in all other respects. Defendant is **ORDERED** not to access the military records of any plaintiffs. Plaintiffs shall serve the required responses on defendant within twenty-eight days of the date of this order.

**IT IS SO ORDERED**.

/s Victor J. Wolski

**VICTOR J. WOLSKI**
Judge