# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., Plaintiffs, | |
| v. | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | |

## PLAINTIFFS' SUPPLEMENTAL RESPONSE TO INTERROGATORY NUMBERS 1, 10 AND 20

COMES NOW the Plaintiffs and in supplementary response to Defendant's First Set of Interrogatories, states as follows:

## INTRODUCTORY STATEMENT AND GENERAL OBJECTIONS

These answers represent the efforts of Plaintiffs in the presently pending test case to respond to Defendant's written discovery based on the investigation which Plaintiffs' counsel have thus far been able to carry out in connection with the facts relative to this litigation. Unless otherwise stated or suggested "Plaintiffs" refers to those twelve identified properties.

There may exist further information responsive to discovery that is not within Plaintiffs' present knowledge or reasonably available to Plaintiffs. There exist documents relating to the subject matter of Defendants' discovery, which Plaintiffs have not yet been given access to, identified, or reviewed, despite their best efforts to do so. There are certainly persons with knowledge relating to the subject matter of Defendant's discovery of whom Plaintiffs are not presently aware. Accordingly, these responses are based upon

**INTERROGATORY 20 –**

For each of the test plaintiffs, explain all of the reasons why you have not moved from your residence (the residential property that is the subject of this litigation) in the time since the F/A-18 C/D aircraft were relocated from NAS Cecil Field, Florida to NAS Oceana. If the costs associated with moving and/or purchasing a new home was a factor in your decision to remain in your residence provide the following:

a. A list of all your assets and their value, including, but not limited to financial assets (investment accounts, including, but not limited to stocks, bonds mutual funds, retirement accounts (401 K, IRA, bank accounts), college savings accounts (529, Coverdell), real property assets other than your principal residence.

b. A list of all of your debts (secured or unsecured) and to what entities and/or persons the debts are owed, including, but not limited to all credit cards lines of credit, loans (home equity, personal, automobile, or otherwise), mortgages (other than those you have previously identified in response to previous discovery requests).

c. Your annual income from 1999 to the present, including, but not limited to all personal income, investment income, capital gains, and business income alimony and/or child support, gifts (exceeding $1 000), and inheritance.

d. A copy of your federal and state income tax returns from 1999 to 2004.

RESPONSE:

William and Betty Capps - Plaintiffs object to this interrogatory on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further object to this interrogatory on the grounds that financial information, including a litigants net worth, is only discoverable when punitive damages is an issue. Without waiving such objection, plaintiffs respond that their decision to move was based solely on the substantial increase in jet noise in 1999 and subsequent years from aircraft operations at NAS Oceana that made living in their home intolerable.

ON BEHALF OF TEST CASE PLAINTIFFS

/s/ Jack E. Ferrebee
Jack E. Ferrebee
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-1539
jferrebee@hoflaw.com