**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, *et al.*,<br>*Plaintiffs,*<br>v.<br>THE UNITED STATES OF AMERICA,<br>*Defendant*. | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE ADDITIONAL DOCUMENTS IN CAMERA**

On October 24, 2005, Plaintiffs filed a Motion to Compel related to allegedly privileged documents and deposition testimony of witnesses Joseph Czech (a Wyle Laboratories employee) and Alan Zusman (a Navy employee), all related to what Defendant's counsel has referred to as the "Mystery Project".

On April 20, 2006, this Court ordered that Defendant produce unredacted copies of the documents "requested by Plaintiffs' Motion to Compel for In Camera Review" and directed that the Defendant file a supplemental Privilege Log on or before April 28, 2006, identifying all of the individuals mentioned in the documents. That latter deadline was extended to May 2, 2006.

On November 10, 2005, Defendant produced a revised Privilege Log as an exhibit to their response to Plaintiffs' Motion to Compel, called "Supplemental Oceana Privilege Log RFP 29, 08/31/2005, Revised 10/28/2005" (Exhibit 1)[1].

[1] Exhibit 1 is the third version of this particular privilege log served by the Government. The first was served on October 28, 2005 and all three versions continued to carry the October 28, 2005 date. There never was an August 31, 2005 privilege log of which Exhibit 1 is recited as a revision.

The documents referred to in the Log are clearly related to the Mystery Project. In addition, as the last column establishes, they relate specifically to Plaintiffs' January 21, 2005 Request for Production No. 29, which is as follows:

> All reports, memoranda, communications, emails or other documents sent or copied by or to any of the following persons and entities concerning the revision of 1999 noise contours for Oceana and Fentress, which resulted in revised noise contours submitted in March of 2002 to this Court in Testwuide v. United States (CFV No. 01-201L) as Revised Exhibits 49 and 49A:
>
> a. ATAC
> b. Wyle
> c. NAVEACENGCOM
> d. Alan Zusman
> e. F/A-18 operational squadron personnel
> f. Commanding Officer, Oceana
> g. AICUZ office, Oceana
> h. FICAN
> i. City of Virginia Beach
> j. City of Chesapeake

To date in this case, Defendant has produced documents in response to RFP No. 29 eight times, from early 2005 through last week, long after discovery ended. Those production dates are as follows:

2/23/2005
3/24/2005
3/28/2005
4/21/2005
10/18/2005
1/31/2006
2/3/2006
5/25/2006
6/6/2006

In connection with those productions, the Government has served a series of Privilege Logs alleging privileges that attach either to redacted documents or to documents not produced at all. The privilege logs submitted thus far to Plaintiffs, with regard to RFP 29[2], are as follows:

4/18/2005
4/20/2005
8/31/2005
10/28/2005 (see above)
3/2/2006
4/7/2006
5/3/2006
6/6/2006

Also on November 10, 2005, the same day that the Government served its third version of Exhibit 1, Defendant filed its Response to Plaintiffs' Motion to Compel and also served another Privilege Log titled "November 10, 2005 Privilege Log" (Exhibit 2). This log lists three "technical analyses" by Wyle's Joseph Czech. Defense counsel's explanation of that Log in a November 10, 2005 email (Exhibit 3) was:

> Attached is a privilege log covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of your discovery requests.

Plaintiffs' counsel requested clarification on November 21, 2005 (Exhibit 4):

> Please indicate to which discovery requests you are responding. Also are you going to provide bates nos. for these documents? (Paragraph 5)

Defense counsel's response on November 23, 2005 (Exhibit 5), was:

> Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you. (Paragraph 5)

[2] These are only a portion of the privilege logs served by the Government, most of which relate to other issues.

The Government refused and continues to refuse to identify the actual name of the documents on Exhibit 2, or their assigned bates numbers as well as which RFP or Interrogatory they are responsive to. Nonetheless, Plaintiffs explicitly stated in their November 23, 2005 Reply Memorandum in Support of our Motion to Compel:

> Paragraphs 5 and 6 of the Borro Affidavit set forth the sum of the Defendant's claim to assert the privilege and work product doctrine. In essence, Mr. Borro states that Alan Zusman had Mr. Czech at Wyle Laboratories perform analyses from February 1999 through February 2000. (p. 5)
>
> For the first time, in response to the motion to compel, the Defendant has identified three documents created by Mr. Czech, which appear to be the output of the Mystery Project. Defendant has claimed the same attorney-client privilege and attorney work-product doctrine treatment for these documents. Although the documents are responsive to prior discovery requests and existed well before the case commenced, Defendant did not identify them or place them on any prior privilege log exchanged in this case. Of course, the analysis that applies to the Czech and Zusman testimony regarding the Mystery Project applies equally to these documents. Thus, the Court should order that the documents be produced as well as ordering that Messrs. Czech and Zusman appear for deposition to answer questions regarding the Mystery Project. (p. 9-10). (emphasis added)

The Czech "technical analyses" are not only directly related to and mentioned in the Motion to Compel, but also to RFP No. 29, thus subject to the Court's *in camera* review of Mystery Project documents. In fact, the documents listed in Exhibit 2 may very well be the Mystery Project itself.

Plaintiffs believed that all documents relevant to the Mystery Project, and particularly those alluded to in Plaintiffs' motion or their reply, were required by this Court's Order of April 20 to be delivered unredacted to the Court. After the Court's Order the Government, on May 2

and 3, 2006, filed first a Supplemental and then an Amended Supplemental Privilege Log, along with unredacted documents for *in camera* review. On May 9, 2006, Counsel for Plaintiffs sent an email to Defense Counsel requesting clarification as to changes or additions between the Supplemental and the Amended Supplemental Privilege Log. (Exhibit 6). On May 10, 2006, Defense Counsel responded in an email describing differences between the Logs but then went on to say:

> Neither the May 2nd Supplemental Log nor the May 3rd amended Supplemental Log address the technical analysis performed by Joe Czech, which were not the subject of your Motion to Compel. (emphasis added). (Exhibit 7).

Plaintiffs' Counsel then wrote Defense Counsel on May 12, 2006:

> The Request for Production you refuse to identify we believe to be RFP 29, which was served on Defendant almost a year and a half ago. To refuse even to identify the documents until after Plaintiffs filed a motion to compel documents relevant to a project you have never even given a name to is not the way litigation is supposed to be conducted under the Rules as we understand them.
> (Exhibit 8)

Defense Counsel responded on May 15, 2006:

> Given that the documents relating to Joe Czech's analyses were not the subject of your motion to compel, nor the Court's order, we did not provide them to the Court.
> (Exhibit 9)

Joseph Czech's "Technical Analyses" **were** the subject of Plaintiffs' Motion to Compel. Those documents were specifically discussed in Plaintiffs' Reply Memorandum and should be produced to the Court for *in camera* review. In addition, the May 3d Privilege Log that Defendant provided to the Court lists every document as responsive to Plaintiffs' RFP No. 29. Defendant has produced eight Privilege Logs to date listing documents responsive to Plaintiffs RFP No. 29. All of the documents listed on those

Logs should have been produced to the Court, and those not previously produced should be produced at this time.

Plaintiffs' Counsel sent an email to Defense Counsel on June 12, 2006, advising that if the documents were not produced to the Court by close of business on June 14, 2006, Plaintiffs would file the present motion. (Exhibit 10). On June 14 counsel for the Government declined to produce any additional documents to the Court stating that they were not the subject of Plaintiffs' motion.

**Conclusion**

We request that the Court direct that the Government identify the name of the Mystery Project, turn over unredacted copies of the three documents listed in Exhibit 2, and turn over to the Court all of the other documents that pertain to the Mystery Project and/or RFP 29.

Respectfully submitted,

/s/ Jack E. Ferrebee
Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

Supplemental Oceana Privilege Log RFP 29
08/31/2005
REVISED 10/28/2005

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 10/3/2001 | Report | Attorney-Client; Attorney Work Product | NAS Oceana and NALF Fentress Noise Contours - Proposed PAO Q&As | Jude L. Klena | Julia Evans, David Shuey, Jacqueline Yost, Robert J. Smith, Alberto J. Mora, Duncan Holaday, Kirk A. Foster, Carl J. Turnquist, Ronald Borro, Christopher D. Jung, Marc G. Laverdiere, Alan F. Zusman, James Brookshire | James Houck, Michael Brady | OCE213648-9 | Attachment to OCE213647. Same descriptions apply regarding attorney-client privilege and attorney work product. | RFP 29 |
| 10/5/2001 | E-mail | Attorney-Client; Attorney Work Product | Draft Contours | Alan F. Zusman | Robert J. Smith, Dan Cecchini, Ronald Borro, Bret J. Mullenburg | Alan F. Zusman, Kimberly B. DePaul, Marc G. Laverdiere, Jude Klena, Christopher D. Jung, John D. Noel, Todd M. Kraft | OCE213574-9 | Redacted communication between Alan Zusman and Dan Cecchini and attorneys Robert Smith and Ron Borro (Assistant Secretary of the Navy, Installations & Environment counsel's office) requesting legal advice regarding contours, and from Alan Zusman responding to this advice. Non-lawyer cc's are Kim Depaul (OPNAV N45, Environmental Compliance) and Bret Mullenburg (OPNAV N44). Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 10/25/2001 | E-mail | Attorney-Client; Attorney Work Product | F/A 18 C/D Profiles | Alan F. Zusman | Robert J. Smith | | OCE213585 | Redacted communication between Alan Zusman and attorney Robert Smith requesting legal advice regarding F/A 18 C/D Profiles. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 10/31/2001 | E-mail | Attorney-Client; Attorney Work Product | Work Priority for Wyle | Robert J. Smith | Alan F. Zusman, Dan J. Cecchini, Robert J. Smith | Fred E. Pierson, Phil Logan, Ronald Borro, Christopher D. Jung (Navy Litigation Office), John D. Noel (Navy Litigation Office), Jude Klena (Commander in Chief, U.S. Atlantic Fleet, Fleet Judge Advocate's Office) | OCE213627-8 | Redacted communication between Alan Zusman and attorney Robert Smith requesting legal advice regarding work by Wyle Laboratories and from attorney Smith responding to such request for advice. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |



PLAINTIFF'S EXHIBIT 1

tabbies

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 10/31/2001 | E-mail | Attorney-Client; Attorney Work Product | Memo Regarding C/D Profiles | Zusman, A. | Robert J. Smith | G Long, Dan J. Cecchini | OCE213629 | Redacted communication between Alan Zusman and attorney Robert Smith responding to direction from Smith to proivde material requested by Smith regarding CD Profiles. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 10/31/2001 | Report | Attorney-Client; Attorney Work Product | FA-18CD Profile Change Memo Final | Zusman, A.; Long, G. | Robert J. Smith | Dan J. Cecchini | OCE213630-1 | Redacted report done at the direction of attorney Robert Smith regarding FA-18 CD Profile Change. Document prepared in anticipation of and in conjunction with inverse condemnation litigation and potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 11/5/2001 | E-mail | Attorney-Client; Attorney Work Product | AESO Information on F/A-18 Power Settings | Allison D. Ling | Robert J. Smith | | OCE213632 | Redacted communication from Lynn Colfer and attorney Alison Ling (Assistant Secretary of the Navy, Installations & Environment Counsel's Office) and Robert Smith regarding materials prepared as a result of discussions with counsel regarding AESO information on F/A-18 Power Settings and requesting legal advice regarding such materials. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing process. | RFP 29 |
| 11/5/2001 | E-mail | Attorney-Client; Attorney Work Product | AESO Information on F/A-18 Power Settings | Allison D. Ling | Lyn P. Colfer, Everette Douglas | Christopher D. Jung, John D. Noel, Ronald Borro, Robert J. Smith | OCE213633-4 | Same material as OCE213632, with additional redacted material reflecting communication from attorney Smith provided first to attorney Ling to Lynn Colfer (Navy's Aircraft Environmental Support Office) and Everett Douglass (Navy's Aircraft Environmental Support Office). Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 11/20/2001 | E-mail | Attorney-Client; Attorney Work Product | E/F P/B to Mr. Holaday | Ronald Borro | Kathy Reed, Ronald E. Tickle, Allison D. Ling, Alan Zusman, Robert J. Smith | Ruby L. Killebrew | OCE213636-7 | Redacted communication between attorney Ronald Borro and Kathy Reed and Ronald Tickle (OPNAV N45, Environmental Compliance) providing legal advice on a meeting regarding E/F matters, copied to Ruby Killebrew (scheduler for Mr. Holaday). Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |

Supplemental Oceana Privilege Log RFP 29
08/31/2005
REVISED 10/28/2005

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 11/28/2001 | E-mail | Attorney-Client; Attorney Work Product | C/D Flight Profile Memo to File | Jude L. Klena | Robert J. Smith, Alan F. Zusman | Jude L. Klena, Phillip Logan | OCE213638-9 | Redacted communication between attorneys Jude Klena and Robert Smith reflecting communication with counsel and seeking and providing advice regarding C/D Flight Profile Memo to File. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 11/29/2001 | E-mail | Attorney-Client; Attorney Work Product | C/D Flight Profile Memo to File | Alan F. Zusman | Jude L. Klena, Robert J. Smith, Alan F. Zussman | Phillip Logan | OCE213642-3 | Same as OCE213638-213639, with additional redacted communication from Zusman responding to communication from Klena. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 11/29/2001 | E-mail | Attorney-Client; Attorney Work Product | Oceana Noise Contours | Charlotte Wise | Robert J. Smith | Michelle K. Paynter | OCE213644-5 | Redacted communication from attorney Robert Smith providing legal advice to attorneys Fred Phelps (Director, Navy Litigation Office), John Turnquist (Assistant Secretary of the Navy, Installations & Environment Counsel's Office), James Houck (Fleet Judge Advocate, Commander in Chief, U.S. Atlantic Fleet), Mark Wilkoff (Deputy Director, Navy Litigation Office), Marc Laverdiere and Todd Kratt (OPNAV Code N45), Steve Banks (Navy Litigation Office), Jim Brookshire and Julia Evans (DOJ), David Shuey (DOJ), Alberto Mora (Navy General Counsel), Thomas Kranz (Navy Principal Deputy General Counsel), William Molzahn (Navy Deputy General Counsel), Kirk Foster (Navy OLA), and Charlotte Wise (Executive Assistant, Navy General Counsel), as well as non-attorney client Duncan Holaday, copied to Michelle Paynter (Mr. Mora's scheduler). Document prepared in conjunction with pending inverse condemnation litigation. | RFP 29 |
| 12/4/2001 | E-mail | Attorney-Client; Attorney Work Product | NAS Oceana and NALF Fentress Noise Contours - Proposed PAO Q&As and Letter to Local Officials | Jude L. Klena | Alberto J. Mora, Duncan Holaday, Kirk A. Foster, Carl J. Turnquist, Ronald Borro, Robert J. Smith, Christopher D. Jung, Jude L. Klena, Marc G. Laverdiere, Alan F. Zusman, James Brookshire, Julia Evans, David Shuey | James W. Houck, Michael Brady, Jacqueline Yost | OCE213647 | Redacted communication from attorney Jude Klena to attorneys Mora, Foster, Turnquist, Borro, Smith, Jung, Laverdiere, Brookshire, Evans, Shuey, and Houck seeking legal advice regarding proposed NAS Oceana and NALF Fentress Noise Contours Proposed PAO Q&As and Letter to Local Officials. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18E/F East Coast Basing NEPA process. | RFP 29 |

Supplemental Oceana Privilege Log RFP 29
08/31/2005
REVISED 10/28/2005

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 12/5/2001 | E-mail | Attorney-Client; Attorney Work Product | NAS Oceana and NALF Fentress Noise Contours - Proposed PAO Q&As and Letter to Local Officials | James Brookshire | Julia Evans, David Shuey, Jacqueline Yost, Robert J. Smith, Jude L. Klena, Alberto J. Mora, Duncan Holaday, Kirk A. Foster, Carl J. Turnquist, Ronald Borro, Christopher D. Jung, Marc G. Laverdiere, Alan F. Zusman | James Houck, Michael Brady | OCE213650-51 | Same as OCE213647, with additional material reflecting response to Klena from attorney Smith and non-attorney CDR Yost, and response from attorney Brookshire. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential inverse condemnation litigation arising out of F/A-18 E/F East Coast basing process. | RFP 29 |
| 12/5/2001 | E-mail | Attorney-Client; Attorney Work Product | NAS Oceana and NALF Fentress Noise Contours - Proposed PAO Q&As and Letter to Local Officials | Jude L. Klena | Julia Evans, David Shuey, Jacqueline Yost, Robert J. Smith, Alberto J. Mora, Duncan Holaday, Kirk A. Foster, Carl J. Turnquist, Ronald Borro, Christopher D. Jung, Marc G. Laverdiere, Alan F. Zusman, James Brookshire | James Houck, Michael Brady | OCE213652-4 | Same as OCE213650-213561, with additional redacted communication from attorney Kirk Foster and attorney Klena, which reflects communication from attorney LT Flo Yuzon (NAS Oceana). Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising out of F/A-18 E/F East Coast basing process. | RFP 29 |
| 12/5/2001 | E-mail | Attorney-Client; Attorney Work Product | NAS Oceana and NALF Fentress Noise Contours - Proposed PAO Q&As and Letter to Local Officials | Alan F. Zusman | Jude L. Klena, Duncan Holaday, Kirk A. Foster, Turnquist, Ronald Borro, Robert J. Smith, Christopher D. Jung, Marc G. Laverdiere, Alan F. Zusman, James Brookshire, Julia Evans, David Shuey | James W. Houck, Michael Brady, Jacqueline Yost | OCE213653 | Redacted communication from attorney Jude Klena to attorneys Mora, Foster, Turnquist, Borro, Smith, Jung, Laverdiere, Brookshire, Evans, and Shuey, among others, copying attorney Houck, among others, regarding NAS Oceana and NALF Fentress Noise Contours Proposed PAO Q&As and Letter to Local Officials, and response from Zusman to Klena. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising from F/A-18 E/F East Coast basing NEPA process. | RFP 29 |

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 12/6/2001 | E-mail | Attorney-Client; Attorney Work Product | Media Release ICW Noise Contours at NAS Oceana and NAF Fentress | Duncan Holaday | Robert J. Smith, Jude L. Klena, Alberto J. Mora, Kirk A. Foster, Carl J. Turnquist, Ronald Borro, Christopher D. Jung, Marc G. Laverdiere, Alan F. Zusman, James Brookshire, Julia Evans, David Shuey, Todd M. Kraft | James W. Houck, Michael Brady, Jacqueline Yost, Thomas Crabtree | OCE213655-6 | Redacted communication from attorney Klena to attorneys Mora, Foster, Turnquist, Borro, Smith, Jung, Laverdiere, Brookshire, Evans, Shuey and Kraft, among others, and copying attorney Houck, among others, regarding proposed Media Release ICW Noise Contours at NAS Oceana and NAF Fentress, response reflecting opinion of attorney Smith and response from Holaday to opinion of Smith. Non-lawyer CC's are CAPT Brady and CDR Yost, CINCLANTFLT Public Affairs, and Tom Crabtree, CINCLANTFLT Deputy for Fleet Readiness and Training. Document prepared in anticipation and in conjunction with pending inverse condemnation litigation. | RFP 29 |
| 12/10/2001 | E-mail | Attorney-Client; Attorney Work Product | F-14 A vs. B | Robert J. Smith | Micah Downing, Alan F. Zusman, Robert J. Smith, Fred E. Pierson, Dan J. Cecchini | Geral Long, Christopher D. Jung, John D. Noel | OCE213741 | Redacted communication between attorney Smith and Micah Downing, et al regarding F-14 A vs. B analysis. Document prepared in conjunction with pending inverse condemantion litigation and in anticipation of potential litigation arising from F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 12/11/2001 | E-mail | Attorney-Client; Attorney Work Product | F/A 18 E/F EIS Noise Contours; Litigation Support | Jude L. Klena | Phillip Logan, Robert J. Smith, Micah Downing, Alan F. Zusman | Geral Long, Christopher D. Jung, John D. Noel, Julia Evans, David Shuey, Tim Braue | OCE213659-62 | Redacted communication between attorney Smith and attorneys Klena, Jung, Noel, Shuey, Evans adn Tim Braue (DOJ) and others, and responses from attorney Klena and non-attorney Phillip Logan regarding F 18 E/F EIS noise contours and related materials and litigation support. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising from F/A-18 E/F East Coast basing NEPA process. | RFP 29 |
| 12/12/2001 | E-mail | Attorney-Client; Attorney Work Product | F-14 A vs. B | Alan F. Zusman | Micah Downing, Alan F. Zusman, Bob Smith, Fred E. Pierson, Dan J. Cecchini | Geral Long | OCE213716 | Redacted communication between Alan Zusman and Micah Downing, et al regarding F-14 A vs. B, reflecting advice from attorney Bob Smith. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising from F/A-18 E/F East Coast basing NEPA process. | RFP 29 |

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| 12/12/2001 | E-mail | Attorney-Client; Attorney Work Product | F 18 E/F EIS Noise Contours; Litigation Support | Alan F. Zusman | Phillip Logan, Robert J. Smith, Micah Downing | Geral Long, Jude Klena, Christopher D. Jung, David Shuey, Julia Evans | OCE213717-20 | Redacted communication from attorney Bob Smith to Micah Downing, Alan Zusman and Phillip Logan (CINCLANTFLT Staff Officer assigned to F/A-18 E/F East Coast basing NEPA process) and Dan Cecchini, F/A-18 E/F East Coast basing EIS project manager regarding F/A-18 E/F EIS Noise Contours related to revisions to noise contours, and reply from Zusman reflecting advice of Smith. Document prepared in conjunction with pending inverse condemnation litigation and in anticipation of potential litigation arising from F/A-18 E/F East Coast basing process. | RFP 29 |
| 12/20/2001 | E-mail | Attorney-Client; Attorney Work Product | MCAS Beaufort Data Validation | Alan F. Zusman | Robert J. Smith | | OCE213722-7 | Redacted communication between Alan Zusman and Cecchini, Micah Downing and Fred Pierson (Mr. Cecchini's Deputy) and attorney Robert Smith regarding MCAS Beaufort Data Validation, which reflects advice from attorney Smith. Document prepared in conjunction with pending inverse condemnation litigation. | RFP 29 |
| 12/21/2001 | E-mail | Attorney-Client; Attorney Work Product | Oceana Noise Contours | Alan F. Zusman | Kathy Reed, Kimberly B. Depaul, Robert J. Smith, Joseph F. Gradisher, Alan F. Zusman, Phillip Logan, Dan J. Cecchini, James Lang, Jude Klena, Bret J. Mullenburg, Kirk A. Foster, Michael E. McGregor, Ginger B. Rice | | OCE213730 | Redacted communication between Alan Zusman and Kathy Reed, et al, responding to advice of attorney Bob Smith, regarding Oceana Noise Contours. Non-lawyer CC's include Ginger Rice from the staff of the Assistant Secretary of the Navy (Installations and Facilities) staff and Joseph Gradisher, Deputy Chief of Naval Information. Document prepared in conjunction with pending inverse condemnation litigation. | RFP 29 |
| 12/21/2001 | E-mail | Attorney-Client; Attorney Work Product | F-14 Endorsement | Robert J. Smith | Phillip Logan, Dan J. Cecchini, James Lang, Jude Klena, Fred E. Pierson, Ronald Borro, Robert J. Smith, Alan F. Zusman | | OCE213731 | Redacted communication between attorney Robert Smith and Phillip Logan, et al regarding F-14 Endorsement reflecting advice from Smith. Document prepared in conjunction with pending inverse condemnation litigation. | RFP 29 |
| 11/5/2001 | Memorandum | Attorney-Client; Attorney Work Product | F/A-18 Power Settings | AESO-Lynn P. Coffer | Alison Ling | | No Bates Stamp | At direction of attorney Alison Ling to assist in prepartation of legal advice. Document prepared in conjunction with pending inverse condemnation litigation and potential litigation arising from arising from F/A-18 E/F East Coast basing process. | RFP 29 |
| Undated | Chart | Attorney-Client; Attorney Work Product | F/A-18 Power Settings | AESO-Lynn P. Coffer | Alison Ling | | No Bates Stamp | At direction of attorney Alison Ling to assist in prepartation of legal advice. Document prepared in conjunction with pending inverse condemnation litigation and potential litigation arising from arising from F/A-18 E/F East Coast basing process. | RFP 29 |

Supplemental Oceana Privilege Log RFP 29
08/31/2005
REVISED 10/28/2005

| Date | Doc Type | Basis | Subject | Author | Recipient | CC | Bates Range | Attorney Comments | Responsive |
|---|---|---|---|---|---|---|---|---|---|
| Undated | | Attorney-Client; Attorney Work Product | F/A-18 Power Settings | AESO-Lynn P. Cotter | Alison Ling | | No Bates Stamp | At direction of attorney Alison Ling to assist in preparation of legal advice. Document prepared in conjunction with pending inverse condemnation litigation and potential litigation arising from arising from F/A-18 E/F East Coast basing process. | RFP 29 |
| | | | | | | | | | |

PLAINTIFF'S EXHIBIT 2
tabbies

November 10, 2005 Privilege Log

| Date | Doc Type | Basis | Author | Recipient | Attorney Comments |
|---|---|---|---|---|---|
| 6/14/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/13/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/17/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |

***Providing additional information concerning the content of this analysis would reveal privileged information**

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.0 (2005-09-13) on
    grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
    autolearn=no version=3.1.0
Alternate-recipient: Allowed
Disclose-recipients: Prohibited
Date: Thu, 10 Nov 2005 17:32:36 -0500 (EST)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: Privilege Log - Wyle (Joe Czech) 1999
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested)
Cc: "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"scswain@srgslaw.com" <scswain@srgslaw.com> (Receipt Notification Requested)
(IPM Return Requested), "khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested)
(IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-P1MID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-2-051110223109Z-147352]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov



tabbies
PLAINTIFF'S
EXHIBIT
3

X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy= score=0 mlx=0 adultscore=0
adjust=0 engine=2.5.0-05110701 definitions=3.0.0-05111003

Jack,

Attached is a privilege log covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of your discovery requests.

Regards,

Steve

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.

Envelope-to: mquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.0 (2005-09-13) on
grafias.lunarpages.com
X-Spam-Level:
X-Spam-Status: No, score=-0.2 required=5.0
tests=ALL_TRUSTED,AWL,HTML_MESSAGE
autolearn=unavailable version=3.1.0
From: "Martin Wolf" <mwolf@quinnlaw.com>
To: <Steven.Bryant@usdoj.gov>
Cc: "Kieron F. Quinn" <kfquinn@quinnlaw.com>,
"Jack Ferrebee" <jferrebee@hoflaw.com>,
"'Margaret Quinn'" <mquinn@quinnlaw.com>,
"'Tom Ferrebee'" <tferrebee@hoflaw.com>
Subject: Privilege Log
Date: Mon, 21 Nov 2005 15:57:47 -0500
X-Mailer: Microsoft Office Outlook, Build 11.0.6353
Thread-Index: AcXu3jm38RMUY7HETFK4Xd4dUuDq1A==

Dear Steve,

We have received numerous emails and privilege logs from you over the last two weeks, and there are still questions we need addressed and information we would appreciate your clarifying:

1. Regarding the Privilege Log captioned "Supplemental Oceana Privilege Log RFP29 08/31/2005 REVISED 10/28/2005", which was forwarded with your November 10 email stating that we should "disregard the privilege log I just e-mailed you a few minutes ago" – Is this the Defendant's final privilege log?
2. Please confirm that you never provided a Privilege Log to us dated 08/31/2005, even though this new Log is captioned with that date. Why is this date on the caption?
3. The Privilege Log marked as Exhibit D on your Response to the Motion to Compel, while it appears to be the same as No.1 above, is not identical. While the differences seem to be mostly in formatting, such as column width and page

PLAINTIFF'S EXHIBIT 4
tabbies

breaks, I don't understand why Exhibit D is not identical. Please confirm that the two logs are the same.

4. You state in your October 28 letter that you are "releasing some documents in their entirety, and in other cases are releasing certain material previously redacted, while still withholding other material." You then produced the Supplemental Log, with no indication as to which documents fall into which of the categories cited in your letter. It would be helpful if you could indicate this on your Logs and, in the meantime, confirm our understanding of the documents as outlined on the attached table.

5. In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

Thanks,

Marty

Plaintiff 11 21 05 Table re Requested Clarification from Defendant as to Defendant Privilege Log RFP29 8 31 05 Revised 10 28 05.doc

Plaintiff 11/21/05 Table re: Requested Clarification from Defendant as to Defendant Privilege Log RFP29 8/31/05 Revised 10/28/05

| NOT ON PRIVILEGE LOG; PRODUCED IN ENTIRETY | ORIGINAL DOCUMENT – DOJ SAYS ATTACHMENTS ARE ON LOG OR PRODUCED | BATES NOS FOR ATTACHMENTS TO ORIGINAL DOCUMENTS – PLEASE PROVIDE | PLEASE INDICATE WHETHER THESE ATTACHMENTS ARE ON LOG OR PRODUCED | ON PRIVILEGE LOG; PRODUCED WITH RELEASE OF PREVIOUSLY REDACTED MATERIAL | ON WOLF LTR OF 7/28/05 AND ON PRIVILEGE LOG; NOT RELEASED | NEWLY LISTED ON PRIVILEGE LOG AND NOT PRODUCED |
|---|---|---|---|---|---|---|
| OCE213540 | OCE213540 | | PRODUCED? | OCE213627-8 | OCE213648-9 | 3 DOCUMENTS WITH NO BATES NO – ARE YOU GOING TO PROVIDE NOS? |
| OCE213635 | OCE213632 | | ON LOG? | OCE213636-7 | OCE213574-9 | |
| OCE213646 | OCE213635 | | ON LOG? | OCE213741 | OCE213585 | |
| OCE213664 | | | | OCE213659-62 | OCE213629 | |
| OCE213665 | | | | OCE213716 | OCE213630-1 | |
| OCE213683 | | | | OCE213717-20 | OCE213632 | |
| OCE213721 | | | | OCE213722-7 | OCE213633-4 | |
| | | | | OCE213731 | OCE213637 | |
| | | | | | OCE213638-9 | |
| | | | | | OCE213642-3 | |
| | | | | | OCE213644-5 | |
| | | | | | OCE213647 | |
| | | | | | OCE213650-1 | |
| | | | | | OCE213652-4 | |
| | | | | | OCE213663 | |
| | | | | | OCE213655-6 | |
| | | | | | OCE213730 | |

11.23 email Bryant to MEW re Oct 28 & Czech Priv Logs.txt

-----Original Message-----
From: Steven.Bryant@usdoj.gov [mailto:Steven.Bryant@usdoj.gov]
Sent: Wednesday, November 23, 2005 2:40 PM
To: mwolf@quinnlaw.com (Receipt Notification Requested) (IPM Return Requested)
Cc: Kelle.Acock@usdoj.gov (Receipt Notification Requested) (IPM Return Requested); dominick.yacono@navy.mil (Receipt Notification Requested) (IPM Return Requested); mary.raivel@navy.mil (Receipt Notification Requested) (IPM Return Requested); Steven.Bryant@usdoj.gov (Receipt Notification Requested) (IPM Return Requested); jferrebee@hoflaw.com (Receipt Notification Requested) (IPM Return Requested); kfquinn@quinnlaw.com (Receipt Notification Requested) (IPM Return Requested); Lynn.Miller@usdoj.gov (Receipt Notification Requested) (IPM Return Requested); tferrebee@hoflaw.com (Receipt Notification Requested) (IPM Return Requested); robert.j.smith2@navy.mil (Receipt Notification Requested) (IPM Return Requested)
Subject: October 28 Revised Privilege Log

Marty,

Your comment that we have sent you "numerous emails and privilege logs" over the last two weeks is confusing. To clarify, on October 28th I sent you, as an attachment to a letter responding to your July 28th letter, a revised privilege log for the documents that are the subject of the motion to compel. This log and the later revisions are erroneously dated August 31, 2005. On November 10, 2005 I e-mailed you a revised version of this privilege log. In that revision I corrected the formatting of the revised log because some of the entries were not in "wrap around text" which cut off portions of some of the entries when it was printed as a pdf file. In that log I also identified Joseph Gradisher, whose name appears on the log. Approximately thirty minutes later I sent you a further revision that identified some additional Navy employees whose names appeared on the log. I have not sent any further revisions to this log since November 10th, and indeed heard nothing from the plaintiffs with regard to the log until I received your e-mail. On November 10th at 5:31PM I also sent you a privilege log regarding work Joe Czech performed in 1999. I have not sent any revisions to that log since November 10th, nor did I hear anything from the plaintiffs about that log until your e-mail.

1-2. As discussed above, the date on the log related to your motion to compel is an error. Regarding whether this is the final privilege log, it is the most current with respect to the documents cited in your July 28, 2005 letter and motion to compel, subject to revision or supplementation as appropriate.



PLAINTIFF'S EXHIBIT 5

tabbies

3. As mentioned above, the substance of Exhibit D is identical to the log produced with the November 10, 2005 e-mail sent at 3:49PM. There are a few formatting differences that you pointed out, but the entries are the same.

4. I did a quick review of the table and believe it to be correct with a couple of changes or additions. OCE213540 and OCE213635 were produced on March 28, 2005, and OCE213646 was produced in unredacted form on October 28, 2005. Also, the document beginning at OCE213574 ends at OCE213578, not OCE213579.

5. Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you.

Please let me know if you need additional clarification.

Thank you,

Steve

-----Original Message-----
From: mwolf@quinnlaw.com [mailto:mwolf@quinnlaw.com]
Sent: Monday, November 21, 2005 3:58 PM
To: Bryant, Steven (ENRD)
Cc: kfquinn@quinnlaw.com; jferrebee@hoflaw.com; mquinn@quinnlaw.com; tferrebee@hoflaw.com
Subject: Privilege Log

Dear Steve,

We have received numerous emails and privilege logs from you over the last two weeks, and there are still questions we need addressed and information we would appreciate your clarifying:

1. Regarding the Privilege Log captioned "Supplemental Oceana Privilege Log RFP29 08/31/2005 REVISED 10/28/2005", which was forwarded with your November 10 email stating that we should "disregard the privilege log I just e-mailed you a few minutes ago" - Is this the Defendant's final privilege log?

2. Please confirm that you never provided a Privilege Log to us dated 08/31/2005, even though this new Log is captioned with that date. Why is this date on the caption?

3. The Privilege Log marked as Exhibit D on your Response to the Motion to Compel, while it appears to be the same as No.1 above, is not identical. While the differences seem to be mostly in formatting, such as column width and page breaks, I don't understand why Exhibit D is not identical. Please confirm that the two logs are the same.

4. You state in your October 28 letter that you are "releasing some documents in their entirety, and in other cases are releasing certain material previously redacted, while still withholding other material." You then produced the Supplemental Log, with no indication as to which documents fall into which of the categories cited in your letter. It would be helpful if you could indicate this on your Logs and, in the meantime, confirm our understanding of the documents as outlined on the attached table.

5. In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

Thanks,

Marty

To: "Ferrebee, Jack" <jferrebee@hoflaw.com>,
"Ferrebee, Tom" <tferrebee@hoflaw.com>,
"Lustig, Charles" <clustig@srgslaw.com>,
"Quinn, Margaret" <mquinn@quinnlaw.com>,
Subject: Fwd: Privilege Log Confusion

FYI

> Date: Tue, 09 May 2006 11:58:04 -0400
> To: SteveBryant
> From: Kieron Quinn <kfquinn@quinnlaw.com>
> Subject: Privilege Log Confusion
> Cc: KelleAcock
>
> Steve,
>
> DOJ's recent filings of the Supplemental and then Amended Supplemental Privilege Logs regarding the'Mystery Project/in camera review of documents" is not completely clear.
>
> Could you please clarify that, since DOJ changed the document formatting from the Supplemental Log (5/2/06) to the Amended Supplemental Log (5/3/06) (so that we cannot just do a record by record comparison to track changes or additions), the only differences between the Supplemental and Amended Logs are those mentioned in the 'Amended Document Addressing Defendant's Supplemental Privilege Log filed May 2, 2006' -- and that we do not have to do a word by word / record by record comparison looking for other changes.
>
> Kieron

PLAINTIFF'S EXHIBIT 6

tabbies

5.10.06 email Bryant to KFQ RE Privilege Log Confusion

Date: Wed, 10 May 2006 10:45:16 -0400 (EDT)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: RE: Privilege Log Confusion
To: "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>

Hi Kieron,

The only differences between the May 2nd supplemental privilege log and the May 3rd amended supplemental log were the line formatting change (referenced in the amended filing) and the additional entry for the attachment (also referenced in the filing). Neither the May 2nd supplemental log nor the May 3rd amended supplemental log address the technical analyses performed by Joe Czech, which were not the subject of your motion to compel.

Regards,

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
Sent: Tuesday, May 09, 2006 11:58 AM
To: Bryant, Steven (ENRD)
Cc: Acock, Kelle (ENRD)
Subject: Privilege Log Confusion

Steve,

DOJ's recent filings of the Supplemental and then Amended Supplemental Privilege Logs regarding the'Mystery Project/in camera
review of documents" is not completely clear.



PLAINTIFF'S EXHIBIT 7

5.10.06 email Bryant to KFQ RE Privilege Log Confusion
Could you please clarify that, since DOJ changed the document
formatting from the Supplemental Log (5/2/06) to the Amended
Supplemental Log (5/3/06) (so that we cannot just do a record by
record comparison to track changes or additions), the only differences between the Supplemental and Amended Logs are those
mentioned in the 'Amended Document Addressing Defendant's Supplemental Privilege Log filed May 2, 2006' -- and that we do not
have to do a word by word / record by record comparison looking for
other changes.

Kieron

*Quinn, Gordon & Wolf, Chtd.*

102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

May 12, 2005

**By Electronic and Email**
**202-305-0506**

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: Oceana

Steve,

This is to follow up on your email below, specifically that "Neither the May 2nd supplemental log nor the May 3rd amended supplemental log address the technical analyses performed by Joe Czech, which were not the subject of your motion to compel." We believe that those three documents are clearly the subject of our motion to compel. We request that those three documents (and any others the Defendant has not identified and bates stamped) be produced *in camera* to the Court, by the close of business on Monday, May 15, 2006, in accordance with the Court's Order of April 20, 2006.

Our Motion to Compel specifically requested that the Court require witnesses Czech and Zusman to answer questions regarding work performed for the Navy by Wyle Laboratories and/or specifically by Joe Czech. Both Czech and Zusman were instructed not to answer many questions forcing us in a state of ignorance to call the whole area the "Mystery Project". AFTER we filed our Motion to Compel on October 24, 2005, you filed a Supplemental Privilege Log RFP 29 on October 28, 2005 AND you filed a Privilege Log on November 10, 2005 (with no bates numbers, no lawyers listed anywhere on the log, and with the documents given completely generic names) "covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of our discovery requests." (Your email to Jack Ferrebee of November 10, 2005, attached as Ex. 1). Your November 10, 2005 Privilege Log is attached as Ex. 2.

In a series of emails between you and Marty Wolf, Marty asked on November 21, 2005:

PLAINTIFF'S EXHIBIT 8
tabbies

> In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that
>
> it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

You replied on November 23, 2005,

> Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you.

The Request for Production you refuse to identify we believe to be RFP 29, which was served on Defendant almost a year and a half ago. To refuse even to identify the documents until after Plaintiffs filed a motion to compel documents relevant to a project you have never even given a name to is not the way litigation is supposed to be conducted under the Rules as we understand them.

Sincerely

Kieron F. Quinn

05.15.06 Bryant Response to Quinn re Czech log docs

```
>Date: Mon, 15 May 2006 18:15:43 -0400 (EDT)
>From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
>Subject: RE: Privilege Log Confusion
>To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt
> Notification Requested)
>  (IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
>  (IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
>  (Receipt Notification Requested) (IPM Return Requested)
>Cc: "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt
> Notification Requested)
>  (IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
>  (Receipt Notification Requested) (IPM Return Requested),
>  "Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
>  (Receipt Notification Requested) (IPM Return Requested)
>
>
>Kieron,
>
>         This responds to your May 12, 2006 letter regarding the
> documents we provided to the Court for in camera review.  The Court
> ordered us to provide unredacted copies of the privileged documents
> that were the subject of your motion to compel for in camera
> review, as well as to provide a supplemental privilege log related
> to those documents.  We provided the unredacted documents on April
> 28th, and provided a supplemental privilege log for those documents
> on May 2nd, and a further amended supplemental privilege log for
> those documents on May 3rd.  Given that the documents relating to
> Joe Czech's analyses were not the subject of your motion to compel,
> nor the Court's order, we did not provide them to the Court.
>
>         With respect to Joe Czech's technical analyses, we have
> already informed you that these analyses were done as part of an
> overall litigative risk analysis.  If there is additional
> information that you feel you must have in order to assess whether
> these efforts are privileged, please let me know what information you require.
>
>Regards,
>
>Steve
>
```



tabbles
PLAINTIFF'S EXHIBIT
9

From: "Kieron Quinn" <kfquinn@quinnlaw.com>
To: "Steven Bryant" <steven.bryant@usdoj.gov>
Cc: "Charles B. Lustig" <clustig@srgslaw.com>,
"Jack Ferrebee" <jferrebee@hoflaw.com>,
"Kieron Quinn" <kfquinn@quinnlaw.com>,
"Margaret Quinn" <mquinn@quinnlaw.com>,
"Martin Wolf" <mwolf@quinnlaw.com>,
"Tom Ferrebee" <tferrebee@hoflaw.com>
Subject: In Camera Review
Date: Mon, 12 Jun 2006 15:08:12 -0400

6/12/06

Steve,

There has been a series of emails and a letter between us (see below) regarding documents to be produced to the Court for *in camera* review.

You have stated that the documents called " Technical Analyses " dated 6/14/199, 8/13/1999 and 8/17/1999 which are listed on your November 10, 2005 Privilege Log, were not the subject of [Plaintiffs ' ] motion to compel. You also state that your May 3d amended supplemental log, which was provided to the Court with the documents for *in camera* review, did not address these analyses. You also assert that " given that the documents relating to Joe Czech's analyses were not the subject of [Plaintiffs ' ] motion to compel, nor the Court's order we did not provide them to the Court " .

Any and all documents which are related to RFP 29 and/or the Mystery Project are the subject of our Motion to Compel and should have been provided to the Court for *in camera* review. The May 3d Privilege Log that you provided to the Court lists <u>every</u> document as responsive to Plaintiffs' RFP No. 29. You have produced <u>eight</u> Privilege Logs to date listing documents responsive to Plaintiffs RFP No. 29. All of the documents listed on those Logs should be produced to the Court.

As for the three analyses listed on your November 10, 2005 Privilege Log, the Government has refused and continues to refuse to identify the actual name of the documents or their assigned bates numbers as well as which RFP or Interrogatory they are responsive to. Nonetheless, we stated in our Reply Memorandum in Support of our Motion to Compel:

"Paragraphs 5 and 6 of the Borro Affidavit set forth the sum of the Defendant ' s claim to assert the privilege and work product doctrine. In essence, Mr. Borro states that Alan Zusman had Mr. Czech at Wyle Laboratories perform 'analyses' from February 1999 through February 2000. " (p. 5)
"For the first time, in response to the motion to compel, the Defendant has identified three documents created by Mr. Czech, which appear to be the output of the Mystery Project. Defendant has claimed the same attorney-client privilege and attorney work-

PLAINTIFF'S EXHIBIT 10

product doctrine treatment for these documents. Although the documents are responsive to prior discovery requests and exi s ted well before the case commenced, Defendant did not identify them or place them on any prior privilege log exchanged in this case. Of course, the analysis that applies to the Czech and Zusman testimony regarding the Mystery Project applies equally to these documents. Thus, the Court should order that the documents be produced as well as ordering that Messrs. Czech and Zusman appear for deposition to answer questions rega r ding the Mystery Project." (p. 9-10)

The Court then ordered the production of documents for *in camera* inspection. Your May 10 email stating that these analyses are not the subject of Plaintiffs' Motion to Compel is inexplicable. Even if Plaintiffs had not specifically mentioned the three documents in the reply memo, those documents are directly related to the prohibited testimony of Czech and Zusman which is the subject of the motion, as well as directly and independently related to the "Mystery Project" and to RFP 29, both of which are the subject of Plaintiffs' Motion to Compel.

These three analyses, and all documents responsive to Plaintiffs ' RFP No. 29, are clearly the subject and substance of Plaintiff s' Motion to Compel.
If those documents are not produced to the Court by COB June 14, 2006, we will file a supplemental request that the Court demand them.

Kieron

---

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.1 (2006-03-10) on
grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
autolearn=no version=3.1.1
Alternate-recipient: Prohibited
Disclose-recipients: Prohibited
Date: Mon, 15 May 2006 18:15:43 -0400 (EDT)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: RE: Privilege Log Confusion
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),

"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested)
Cc: "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested)
(IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-PIMID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-20-060515221520Z-12206]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 mlx=0
adultscore=0 adjust=0 reason=mlx engine=3.1.0-06042601
definitions=3.0.0-06051514

Kieron,

This responds to your May 12, 2006 letter regarding the documents we provided to the Court for in camera review. The Court ordered us to provide unredacted copies of the privileged documents that were the subject of your motion to compel for in camera review, as well as to provide a supplemental privilege log related to those documents. We provided the unredacted documents on April 28th, and provided a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd. Given that the documents relating to Joe Czech's analyses were not the subject of your motion to compel, nor the Court's order, we did not provide them to the Court.

With respect to Joe Czech's technical analyses, we have already informed you that these analyses were done as part of an overall litigative risk analysis. If there is additional information that you feel you must have in order to assess whether these efforts are privileged, please let me know what information you require.

Regards,

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
Sent: Friday, May 12, 2006 11:43 AM
To: Bryant, Steven (ENRD)
Subject: RE: Privilege Log Confusion

Steve

Attached is a letter in response to this email (with two exhibits)

Kieron

=============================================

At 10:45 AM 5/10/2006, you wrote:
>Hi Kieron,
>
>The only differences between the May 2nd supplemental privilege log
>and the May 3rd amended supplemental log were the line formatting
>change (referenced in the amended filing) and the additional entry
>for the attachment (also referenced in the filing). Neither the May
>2nd supplemental log nor the May 3rd amended supplemental log
>address the technical analyses performed by Joe Czech, which were
>not the subject of your motion to compel.
>
>Regards,
>
>Steve

>
>-----Original Message-----
>From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
>Sent: Tuesday, May 09, 2006 11:58 AM
>To: Bryant, Steven (ENRD)
>Cc: Acock, Kelle (ENRD)
>Subject: Privilege Log Confusion
>
>Steve,
>
>DOJ's recent filings of the Supplemental and then Amended
>Supplemental Privilege Logs regarding the'Mystery Project/in camera
>review of documents" is not completely clear.
>
>Could you please clarify that, since DOJ changed the document
>formatting from the Supplemental Log (5/2/06) to the Amended
>Supplemental Log (5/3/06) (so that we cannot just do a record by
>record comparison to track changes or additions), the only
>differences between the Supplemental and Amended Logs are those
>mentioned in the 'Amended Document Addressing Defendant's
>Supplemental Privilege Log filed May 2, 2006' -- and that we do not
>have to do a word by word / record by record comparison looking for
>other changes.
>
>Kieron

Ex 2 PrivLog 112.10.pdf

Bryant ltr re Czech docs.5-12-063.pdf

Ex 1 11.10 em Bryant-Ferrebee2.pdf