*Quinn, Gordon & Wolf, Chtd.*

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

May 12, 2005

**By Electronic and Email**
**202-305-0506**

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: Oceana

Steve,

This is to follow up on your email below, specifically that "Neither the May 2nd supplemental log nor the May 3rd amended supplemental log address the technical analyses performed by Joe Czech, which were not the subject of your motion to compel." We believe that those three documents are clearly the subject of our motion to compel. We request that those three documents (and any others the Defendant has not identified and bates stamped) be produced *in camera* to the Court, by the close of business on Monday, May 15, 2006, in accordance with the Court's Order of April 20, 2006.

Our Motion to Compel specifically requested that the Court require witnesses Czech and Zusman to answer questions regarding work performed for the Navy by Wyle Laboratories and/or specifically by Joe Czech. Both Czech and Zusman were instructed not to answer many questions forcing us in a state of ignorance to call the whole area the "Mystery Project". AFTER we filed our Motion to Compel on October 24, 2005, you filed a Supplemental Privilege Log RFP 29 on October 28, 2005 AND you filed a Privilege Log on November 10, 2005 (with no bates numbers, no lawyers listed anywhere on the log, and with the documents given completely generic names) "covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of our discovery requests." (Your email to Jack Ferrebee of November 10, 2005, attached as Ex. 1). Your November 10, 2005 Privilege Log is attached as Ex. 2.

In a series of emails between you and Marty Wolf, Marty asked on November 21, 2005:

PLAINTIFF'S EXHIBIT 8
tabbies

> In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that
>
> it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

You replied on November 23, 2005,

> Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you.

The Request for Production you refuse to identify we believe to be RFP 29, which was served on Defendant almost a year and a half ago. To refuse even to identify the documents until after Plaintiffs filed a motion to compel documents relevant to a project you have never even given a name to is not the way litigation is supposed to be conducted under the Rules as we understand them.

Sincerely

Kieron F. Quinn