From: "Kieron Quinn" <kfquinn@quinnlaw.com>
To: "Steven Bryant" <steven.bryant@usdoj.gov>
Cc: "Charles B. Lustig" <clustig@srgslaw.com>,
"Jack Ferrebee" <jferrebee@hoflaw.com>,
"Kieron Quinn" <kfquinn@quinnlaw.com>,
"Margaret Quinn" <mquinn@quinnlaw.com>,
"Martin Wolf" <mwolf@quinnlaw.com>,
"Tom Ferrebee" <tferrebee@hoflaw.com>
Subject: In Camera Review
Date: Mon, 12 Jun 2006 15:08:12 -0400

6/12/06

Steve,

There has been a series of emails and a letter between us (see below) regarding documents to be produced to the Court for *in camera* review.

You have stated that the documents called " Technical Analyses " dated 6/14/199, 8/13/1999 and 8/17/1999 which are listed on your November 10, 2005 Privilege Log, were not the subject of [Plaintiffs ' ] motion to compel. You also state that your May 3d amended supplemental log, which was provided to the Court with the documents for *in camera* review, did not address these analyses. You also assert that " given that the documents relating to Joe Czech's analyses were not the subject of [Plaintiffs ' ] motion to compel, nor the Court's order we did not provide them to the Court " .

Any and all documents which are related to RFP 29 and/or the Mystery Project are the subject of our Motion to Compel and should have been provided to the Court for *in camera* review. The May 3d Privilege Log that you provided to the Court lists <u>every</u> document as responsive to Plaintiffs' RFP No. 29. You have produced <u>eight</u> Privilege Logs to date listing documents responsive to Plaintiffs RFP No. 29. All of the documents listed on those Logs should be produced to the Court.

As for the three analyses listed on your November 10, 2005 Privilege Log, the Government has refused and continues to refuse to identify the actual name of the documents or their assigned bates numbers as well as which RFP or Interrogatory they are responsive to. Nonetheless, we stated in our Reply Memorandum in Support of our Motion to Compel:

"Paragraphs 5 and 6 of the Borro Affidavit set forth the sum of the Defendant ' s claim to assert the privilege and work product doctrine. In essence, Mr. Borro states that Alan Zusman had Mr. Czech at Wyle Laboratories perform 'analyses' from February 1999 through February 2000. " (p. 5)
"For the first time, in response to the motion to compel, the Defendant has identified three documents created by Mr. Czech, which appear to be the output of the Mystery Project. Defendant has claimed the same attorney-client privilege and attorney work-

PLAINTIFF'S EXHIBIT 10

product doctrine treatment for these documents. Although the documents are responsive to prior discovery requests and exi s ted well before the case commenced, Defendant did not identify them or place them on any prior privilege log exchanged in this case. Of course, the analysis that applies to the Czech and Zusman testimony regarding the Mystery Project applies equally to these documents. Thus, the Court should order that the documents be produced as well as ordering that Messrs. Czech and Zusman appear for deposition to answer questions rega r ding the Mystery Project." (p. 9-10)

The Court then ordered the production of documents for *in camera* inspection. Your May 10 email stating that these analyses are not the subject of Plaintiffs' Motion to Compel is inexplicable. Even if Plaintiffs had not specifically mentioned the three documents in the reply memo, those documents are directly related to the prohibited testimony of Czech and Zusman which is the subject of the motion, as well as directly and independently related to the "Mystery Project" and to RFP 29, both of which are the subject of Plaintiffs' Motion to Compel.

These three analyses, and all documents responsive to Plaintiffs ' RFP No. 29, are clearly the subject and substance of Plaintiff s' Motion to Compel.
If those documents are not produced to the Court by COB June 14, 2006, we will file a supplemental request that the Court demand them.

Kieron

---

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.1 (2006-03-10) on
grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
autolearn=no version=3.1.1
Alternate-recipient: Prohibited
Disclose-recipients: Prohibited
Date: Mon, 15 May 2006 18:15:43 -0400 (EDT)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: RE: Privilege Log Confusion
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),

"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested)
Cc: "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested)
(IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-PIMID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-20-060515221520Z-12206]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 mlx=0
adultscore=0 adjust=0 reason=mlx engine=3.1.0-06042601
definitions=3.0.0-06051514

Kieron,

This responds to your May 12, 2006 letter regarding the documents we provided to the Court for in camera review. The Court ordered us to provide unredacted copies of the privileged documents that were the subject of your motion to compel for in camera review, as well as to provide a supplemental privilege log related to those documents. We provided the unredacted documents on April 28th, and provided a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd. Given that the documents relating to Joe Czech's analyses were not the subject of your motion to compel, nor the Court's order, we did not provide them to the Court.

With respect to Joe Czech's technical analyses, we have already informed you that these analyses were done as part of an overall litigative risk analysis. If there is additional information that you feel you must have in order to assess whether these efforts are privileged, please let me know what information you require.

Regards,

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
Sent: Friday, May 12, 2006 11:43 AM
To: Bryant, Steven (ENRD)
Subject: RE: Privilege Log Confusion

Steve

Attached is a letter in response to this email (with two exhibits)

Kieron

At 10:45 AM 5/10/2006, you wrote:
>Hi Kieron,
>
>The only differences between the May 2nd supplemental privilege log
>and the May 3rd amended supplemental log were the line formatting
>change (referenced in the amended filing) and the additional entry
>for the attachment (also referenced in the filing). Neither the May
>2nd supplemental log nor the May 3rd amended supplemental log
>address the technical analyses performed by Joe Czech, which were
>not the subject of your motion to compel.
>
>Regards,
>
>Steve

>
>-----Original Message-----
>From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
>Sent: Tuesday, May 09, 2006 11:58 AM
>To: Bryant, Steven (ENRD)
>Cc: Acock, Kelle (ENRD)
>Subject: Privilege Log Confusion
>
>Steve,
>
>DOJ's recent filings of the Supplemental and then Amended
>Supplemental Privilege Logs regarding the'Mystery Project/in camera
>review of documents" is not completely clear.
>
>Could you please clarify that, since DOJ changed the document
>formatting from the Supplemental Log (5/2/06) to the Amended
>Supplemental Log (5/3/06) (so that we cannot just do a record by
>record comparison to track changes or additions), the only
>differences between the Supplemental and Amended Logs are those
>mentioned in the 'Amended Document Addressing Defendant's
>Supplemental Privilege Log filed May 2, 2006' -- and that we do not
>have to do a word by word / record by record comparison looking for
>other changes.
>
>Kieron

Ex 2 PrivLog 112.10.pdf

Bryant ltr re Czech docs.5-12-063.pdf

Ex 1 11.10 em Bryant-Ferrebee2.pdf