**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATION AND EXHIBITS OF CURTIS A. UTZ**

Plaintiffs submit the following memorandum in support of the Motion to Strike the Declaration and Exhibits of Curtis A. Utz appended to Defendant's reply memorandum as Exhibit M.

Preliminary Statement

As set forth in Plaintiffs' pending motion for sanctions, Plaintiffs have, through discovery and correspondence, repeatedly requested that the Defendant identify the date it claims the six year statute of limitations began to run. Defendant declined to do so for the past five years, contending that it needed more time to study the issue.

In its April 28, 2006 opening memorandum in support of summary judgment, Defendant, for the first time, identified 1981 as the date. It has based its assertion wholly upon the total number of operations in 1981, a number it has had in its possession from the beginning of this proceeding.

In **June 2001**, Plaintiffs propounded the following discovery to the Defendant:

> 1. **NAS Oceana and NALF Fentress annual operations.** For each year since and including 1975, state the number and type of operations at NAS Oceana and NALF Fentress for each aircraft category operating at those airfields during that year in the format set out in Exhibit A hereto [from Table A-3 Airfield and Airspace Analysis, dated February 18, 1998 by ATAC Corporation].
>
> 2. Identify each form, record or document which, in the ordinary course, would report all or some of the operations set out in Exhibit A hereto:
> a) monthly
> b) quarterly
> c) annually
>
> 3. State the date on which you allege that a six year statute of limitations began to run as asserted in Paragraph 2 of your Affirmative Defenses.
>
> **1. DOCUMENT REQUESTS**
>
> 5. All documents that identify the number and type of operations at Oceana for each aircraft category operating there during each respective year since 1975.
>
> 32. All documents that identify the number and type of aircraft stationed at Oceana since 1975.

(EXHIBIT 1).

Following receipt of Defendant's April 28, 2006 memorandum, Plaintiffs' counsel sent Defendant a letter, dated May 12, 2006, pointing out that the base loading figures (number and type of aircraft) for the period following 1975, including 1981, had not been produced. (EXHIBIT 2).

Defendant responded on May 16, 2006. Included in its response was a CD containing "projected allowances" for the end of FY 1981. (EXHIBIT 3).

On May 19, 2006, Plaintiffs' counsel again wrote Defendant expressing concern that the documents contained on the CD were not base loading reports for aircraft

actually onboard at N.A.S. Oceana. Examples of base loading reports previously produced by Defendant for the 1990s are attached. (EXHIBIT 4).

On May 23, 2006, Defendant responded, asserting that the documents contained in the CDs reflect "the number and types of aircraft **located and operating** as part of NAS Oceana-based squadrons from 1978 to 1988…" Attached to the response, were five CDs containing "Naval Aeronautical Organization" reports for the same years. (EXHIBIT 5).

Certain documents contained in the May 23, 2006 production were omitted from the Curtis Utz declaration. They are:

1. A July 13, 1981 memorandum regarding the April 1981 Naval Aeronautical Organization, explaining that **"[o]n board estimates are submitted** by air stations and facilities a month or two in advance. Detailed accounting of aircraft in storage or undergoing rework at Naval Air Rework Facilities can be obtained from the Blue Book." (emphasis added) (EXHIBIT 6).

2. A June 8, 1982 memorandum concerning the April 1982 Naval Aeronautical Organization, reporting that there were 40 F-4 Phantoms on board at N.A.S. Oceana in April 1982; (EXHIBIT 7).

3. A November 24, 1982 memorandum concerning the October 1982 Naval Aeronautical Organization, reporting that there were 44 F-4 Phantoms on board at N.A.S. Oceana. (EXHIBIT 8).

The last page of Exhibit L from Defendant's reply memorandum demonstrates that there was not a single F-4 Phantom operation at N.A.S. Oceana in 1982. Defendant has not produced any documents showing which aircraft performed FCLPs, touch and

goes in 1981 or how many were performed in that year. In fact, Defendant admitted in its May 16, 2006 letter that it does not have the operation counts for each type of operation at NAS Oceana in 1981. (EXHIBIT 3)

## Argument

The function of a reply memorandum supporting a motion for summary judgment is to respond to the memorandum of the non-moving party, not to introduce new matters or evidence. A number of courts have addressed the issue. By way of example, in *Canady v. Erbe Elektromedizin Gmbh*, 307 F.Supp.2d 2, 10 (D.D.C. 2004), the Court found that the introduction of new matters in a reply memorandum invited a sur-reply by the non-moving party. In *Groobert v. President and Directors of Georgetown College*, 219 F.Supp.2d 1, 13 (D.D.C. 2002), the Court found that introducing a new matter in reply invites a sur-reply. Similarly, in *Provenz v. Miller*, 201 F.3d 1478, 1483 (9th Cir. 1996), the Court found that the non-moving party should be given an opportunity to respond when new matters are raised in a reply memorandum.

Here, Defendant has introduced evidence in its reply memorandum that it not only did not raise in its opening memorandum, but withheld from Plaintiffs from June 2001 until May 23, 2006, just seven days before Plaintiffs' memorandum in opposition was due.

By producing documents five years after they should have been produced and on the eve of Plaintiffs' memorandum in response to the motion for summary judgment, Defendant has placed Plaintiffs at an unfair disadvantage. The disadvantage to Plaintiffs was compounded by Defendant's use of the numbers for the first time in its reply memorandum. Not only were these records produced on the eve of the due date for

Plaintiffs' memorandum, they were produced after the close of discovery, after the close of the naming of witnesses (including experts), and after the filing of the motion for summary judgment. If permitted to stand, the selective use of those documents by Defendant implies that there were F-4 Phantoms flying numerous FCLPs and touch and goes over the test case Plaintiffs' homes in 1981. The total package of documents produced on May 23, 2006 reveal two things: (1) that an "estimated" number of F-4s were sitting at the N.A.S. Oceana facility in 1981; and (2) that of 40 F-4s "estimated" to be at N.A.S. Oceana in April 1982 and the 44 "estimated" to be there in October 1982, not one flew a single reported operation during the entire year. The F-4 Phantom was either not at Oceana at all in the year it was reported to be part of the estimated inventory of aircraft or it simply sat on the ground. In either case, it had no noise impact on the community. Defendant has not provided a single document for 1981 demonstrating that a single F-4 flew a single operation at N.A.S. Oceana. Under the circumstances, simply reporting it to be in the inventory of aircraft is misleading.

Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the declaration of Curtis Utz, and all exhibits attached to his declaration, be stricken.

Dated: June 15, 2006

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, VA 23451
(757) 452-5200
Counsel for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com
kquinn@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Memorandum in Support of Motion to Strike was sent electronically this 15th day June 2006 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/Jack E. Ferrebee
Jack E. Ferrebee