**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(E-Filed: July 5, 2006)

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, Et. Al., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 01-201 L |
| | ) | Honorable Victor J. Wolski |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE ADDITIONAL DOCUMENTS IN CAMERA**

Defendant United States of America hereby files this Response in opposition to Plaintiffs' Motion to Compel Defendant to Produce Additional Documents In Camera. Pursuant to the Court's order entered April 20, 2006, defendant delivered unredacted documents responsive to plaintiffs' first motion to compel to the Court for *in camera* inspection on April 28, 2006. Plaintiffs have now filed a new motion to compel on June 14, 2006, arguing additional documents, which plaintiffs' claim were requested in their initial motion, should be produced to the Court for *in camera* review. This new motion should be denied. The additional documents sought by plaintiff were not the subject of plaintiffs' first motion to compel. Moreover, plaintiffs' new motion to compel fails to provide any justification to support production of these additional documents. Accordingly, plaintiffs' motion to compel the production of additional documents must be denied.

**Factual and Procedural Background**

On October 24, 2005, plaintiffs filed a Motion to Compel Discovery requesting the Court compel defendant to produce unredacted versions of documents from late 2001 included as Exhibit 1 attached to plaintiffs' motion. In a separate section of this motion to compel, plaintiffs moved the Court to direct witnesses Joe Czech and Alan Zusman respond to deposition questions that defendant's counsel had directed them not to answer based on the attorney-client and attorney work product privileges. See Plts. First Mot. to Compel, pp. 1 -2; see also Plts. Mem., pp. 11-17.

Defendant responded to plaintiffs' motion on November 10, 2005, and simultaneously moved for a protective order for its privileged documents and information. In its response, defendant argued that Plaintiff's motion to compel should be denied because the redacted material in plaintiffs' Exhibit 1, as well as the information sought at the Czech and Zusman depositions, were, and are still, clearly protected by the attorney-client privilege and attorney-work product doctrine. See Deft. Resp. and Mot. for Protective Order. Further support for defendant's response and motion for protective order was provided through the declaration of Mr. Ronald Borro, Deputy Assistant General Counsel (Installations and Environment) for the Department of the Navy, attached as Exhibit B to defendant's response and motion.

On April 20, 2006, the Court ordered defendant to "provide the Court with unredacted versions of the documents requested by plaintiff's Motion to Compel for *in camera* review." The Court also ordered that defendant file a supplemental privilege log identifying each person to whom the document was disclosed, those persons' official positions, whether they were attorneys, and the purpose for the disclosure. See Court

Order entered April 20, 2006. Defendant complied with the Court's order on April 28, 2006, by delivering to the Court the documents specifically identified in Exhibit 1 to plaintiffs' motion to compel. On May 3, 2006, defendant filed an amended supplemental privilege log providing the information required by the Court's Order.

From May 9, 2006, to June 14, 2006, the parties exchanged e-mails and correspondence disputing whether Mr. Czech's technical analyses[1] were the subject of their October 24th motion to compel. Exhibit A.[2] Defendant repeatedly informed plaintiffs that Mr. Czech's privileged analyses were not the subject of their October 24th motion to compel. Instead, these documents were part of an overall litigative risk analysis that occurred between February 1999 and February 2000. The documents that were the subject of plaintiffs' October 24th motion to compel were prepared in 2001 and were expressly referenced in plaintiffs' motion.

**Argument**

In their instant motion to compel additional documents, plaintiffs ask that the Court direct the Government to turn over unredacted copies of the documents listed in Exhibit 2, and also to turn over to the Court "all of the other documents that pertain to the Mystery Project and/or RFP 29." Plts. Mot., p. 6. Plaintiffs claim these additional documents were the subject of plaintiffs' motion to compel filed on October 24, 2005, and therefore, should have been delivered to the Court for *in camera* review. For the following reasons, plaintiffs' motion to compel additional documents must be denied.

---

[1] Plaintiffs refer to these analyses as the "Mystery Project." Plts. Oct. 24th Mot. to Compel, p. 2.

[2] Correspondence between plaintiffs' counsel and defendant's counsel occurring between May 9, 2006, and June 14, 2006, including a letter dated May 12, 2005, from Kieron Quinn to Steve Bryant with two exhibits, is attached to defendant's response as Exhibit A.

## I. Documents Relating to Analyses Performed by Joseph Czech Were Not the Subject of Plaintiffs' First Motion to Compel And Are Protected from Production

Plaintiffs first claim that Mr. Czech's technical analyses, listed in Exhibit 2 attached to their motion to compel additional documents, were the subject of their motion to compel filed on October 24, 2005. Plaintiffs' assertion is without merit.

Mr. Czech's technical analyses, listed in Exhibit 2 attached to plaintiffs' June 14th motion, were not the subject of plaintiffs motion to compel filed on October 24th.[3] Rather, the only documents that were the subject of their October 24th motion were the documents explicitly referenced in Exhibit 1 attached to their motion. See Plts.' Mot., pp. 1-2 (requesting the Court order defendant "to produce unredacted copies of the documents identified in Exhibit 1 to the motion to compel . . . ).

Additionally, the newly requested documents for *in camera* review were not the subject of the Court's April 20th Order. The Court's April 20th Order specifically directed defendant to "provide the Court with unredacted versions of the documents requested by plaintiff's Motion to Compel." That motion specifically referred to the documents referenced in Exhibit 1 attached to plaintiffs' motion to compel. Pursuant to the Court's Order and the plaintiffs' specific reference to Exhibit 1, defendant delivered unredacted versions of these documents to the Court on April 28, 2006, for *in camera* inspection.

In his declaration, Mr. Borro explained in detail why the litigation risk assessment conducted between February 1999 and February 2000, which included Mr. Czech's technical analyses, was protected by both the attorney-client privilege and the attorney

[3] The privilege log contains three separate entries related to Mr. Czech's privileged analyses; however, there are four documents associated with these entries.

work product protection.[4] Declaration of Ronald Borro ("Borro Decl."), attached to defendant's response and motion for protective order as Exhibit B, ¶¶ 4-6. Plaintiffs have failed to assert any substantive argument as to why the documents relating to Mr. Czech's technical analyses are not privileged, other than to restate the brief claim in their reply brief that "the analysis that applies to the Czech and Zusman testimony . . . applies equally to these documents." Reply in Support of Plts.' Mot. To Compel p. 4. The attorney-client privilege and attorney work product doctrine protections have been properly asserted regarding the documents relating to Mr. Czech's technical analyses, and a proper foundation for asserting them has been made in defendant's privilege log and Mr. Borro's declaration. These protections have not been waived.

## II. All Documents Responsive to RFP No. 29 Were Not the Subject of Plaintiffs' Motion to Compel

In addition to documents relating to Mr. Czech's technical analysis, plaintiffs now inexplicably request that all privileged documents[5] responsive to plaintiffs' Request for Production No. 29 be delivered to the Court for *in camera* review. As previously stated, the only documents subject to plaintiffs' first motion to compel were those referenced in Exhibit 1 attached to their motion.[6]

Moreover, plaintiffs fail to assert any argument as to why the remaining documents responsive to RFP No. 29 are not privileged. To the extent plaintiffs are attempting to rely on arguments set forth in their motion to October 24th motion to

[4] The documents that were in fact the subject of the motion to compel, by contrast, were prepared in late 2001. Borro Decl., ¶ 7.

[5] In their prayer for relief, plaintiffs request the Court compel defendant to produce all documents responsive to RFP No. 29, not just those documents withheld for privilege. For the purposes of this response, defendant assumes plaintiffs intended to request production of those responsive documents, or portions thereof, withheld as privileged.

[6] In their October 24th motion to compel, plaintiffs refer to "27 documents at issue. . . ." Pl. Mot. to Compel. P. 12.

compel, defendant incorporates by reference the arguments previously asserted in its prior briefing. However, until plaintiffs articulate reasons why these specific documents are not privileged, defendant cannot adequately respond. Therefore, plaintiffs' request that all privileged documents responsive to plaintiffs' Request for Production No. 29 be delivered to the Court for *in camera* review must be denied.[7]

**Conclusion**

For the foregoing reasons, plaintiffs' motion to compel additional documents must be denied.

Dated: July 5, 2006

Respectfully Submitted,

s// Steven D . Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-0424
Fax: (202) 305-0267

[7] In their prayer for relief, plaintiffs cursorily request two additional items not addressed in their October 24th motion or their instant motion. Plaintiffs request the Court compel defendant to produce (1) the name of the "Mystery Project" and (2) all other documents that pertain to the "Mystery Project." To the extent plaintiffs are referring to Mr. Czech's technical analyses, defendant has already addressed why these efforts, including any documents that pertain to those efforts, are privileged. It appears in item (2) above that plaintiffs are attempting to expand their request beyond the technical analyses. That would be an entirely new discovery request, which is untimely by many months. For these reasons, both requests should be denied.

# EXHIBIT A

**Bryant, Steven (ENRD)**

**From:** Bryant, Steven (ENRD)
**Sent:** Wednesday, June 14, 2006 1:03 PM
**To:** 'kfquinn@quinnlaw.com'
**Cc:** clustig@srgslaw.com; jferrebee@hoflaw.com; mquinn@quinnlaw.com; mwolf@quinnlaw.com; tferrebee@hoflaw.com; 'robert.j.smith2@navy.mil'; dominick.yacono@navy.mil; mary.raivel@navy.mil; Acock, Kelle (ENRD); Miller, Lynn (ENRD)
**Subject:** RE: In Camera Review

Kieron,

The additional documents you address in your e-mail below are not the subject of either your motion to compel or the court's April 20, 2006 order. As I stated in my May 15th e-mail to you, we have fully complied with the court's order, by providing the unredacted documents that were the subject of your motion and the order on April 28th, and by providing a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd.

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
Sent: Monday, June 12, 2006 3:08 PM
To: Bryant, Steven (ENRD)
Cc: clustig@srgslaw.com; jferrebee@hoflaw.com; kfquinn@quinnlaw.com; mquinn@quinnlaw.com; mwolf@quinnlaw.com; tferrebee@hoflaw.com
Subject: In Camera Review

6/12/06

Steve,

There has been a series of emails and a letter between us (see below) regarding documents to be produced to the Court for in camera review.

You have stated that the documents called " Technical Analyses " dated 6/14/199, 8/13/1999 and 8/17/1999 which are listed on your November 10, 2005 Privilege Log, were not the subject of [Plaintiffs ' ] motion to compel. You also state that your May 3d amended supplemental log, which was provided to the Court with the documents for in camera review, did not address these analyses. You also assert that " given that the documents relating to Joe Czech's analyses were not the subject of [Plaintiffs ' ] motion to compel, nor the Court's order we did not provide them to the Court " .

Any and all documents which are related to RFP 29 and/or the Mystery Project are the subject of our Motion to Compel and should have been provided to the Court for in camera review. The May 3d Privilege Log that you provided to the Court lists every document as responsive to Plaintiffs' RFP No. 29. You have produced eight Privilege Logs to date listing documents responsive to Plaintiffs RFP No. 29. All of the documents listed on those Logs should be produced to the Court.

As for the three analyses listed on your November 10, 2005 Privilege Log, the Government has refused and continues to refuse to identify the actual name of the documents or their assigned bates numbers as well as which RFP or Interrogatory they are responsive to. Nonetheless, we stated in our Reply Memorandum in Support of our Motion to Compel:

"Paragraphs 5 and 6 of the Borro Affidavit set forth the sum of the Defendant ' s claim to assert the privilege and work product doctrine. In essence, Mr. Borro states that Alan Zusman had Mr. Czech at Wyle Laboratories perform 'analyses' from February 1999 through February 2000.

" (p. 5)
"For the first time, in response to the motion to compel, the Defendant has identified three documents created by Mr. Czech, which appear to be the output of the Mystery Project. Defendant has claimed the same attorney-client privilege and attorney work-product doctrine treatment for these documents. Although the documents are responsive to prior discovery requests and exi s ted well before the case commenced, Defendant did not identify them or place them on any prior privilege log exchanged in this case. Of course, the analysis that applies to the Czech and Zusman testimony regarding the Mystery Project applies equally to these documents. Thus, the Court should order that the documents be produced as well as ordering that Messrs. Czech and Zusman appear for deposition to answer questions rega r ding the Mystery Project." (p. 9-10)

The Court then ordered the production of documents for in camera inspection. Your May 10 email stating that these analyses are not the subject of Plaintiffs' Motion to Compel is inexplicable. Even if Plaintiffs had not specifically mentioned the three documents in the reply memo, those documents are directly related to the prohibited testimony of Czech and Zusman which is the subject of the motion, as well as directly and independently related to the "Mystery Project" and to RFP 29, both of which are the subject of Plaintiffs' Motion to Compel.

These three analyses, and all documents responsive to Plaintiffs ' RFP No. 29, are clearly the subject and substance of Plaintiff s' Motion to Compel. If those documents are not produced to the Court by COB June 14, 2006, we will file a supplemental request that the Court demand them.

Kieron

---

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.1 (2006-03-10) on
 grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
 autolearn=no version=3.1.1
Alternate-recipient: Prohibited
Disclose-recipients: Prohibited
Date: Mon, 15 May 2006 18:15:43 -0400 (EDT)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: RE: Privilege Log Confusion
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
 (Receipt Notification Requested) (IPM Return Requested),
 "tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification
Requested)
 (IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com>
 (Receipt Notification Requested) (IPM Return Requested),
 "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
 (Receipt Notification Requested) (IPM Return Requested),
 "chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
 (Receipt Notification Requested) (IPM Return Requested),
 "khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
 (Receipt Notification Requested) (IPM Return Requested),
 "mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
 (IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
 (Receipt Notification Requested) (IPM Return Requested)
Cc: "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
 (Receipt Notification Requested) (IPM Return Requested),

"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification
Requested)
(IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-P1MID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-20-060515221520Z-12206]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 mlx=0
adultscore=0 adjust=0 reason=mlx engine=3.1.0-06042601
definitions=3.0.0-06051514

Kieron,

This responds to your May 12, 2006 letter regarding the documents we provided to the Court for in camera review. The Court ordered us to provide unredacted copies of the privileged documents that were the subject of your motion to compel for in camera review, as well as to provide a supplemental privilege log related to those documents. We provided the unredacted documents on April 28th, and provided a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd. Given that the documents relating to Joe Czech's analyses were not the subject of your motion to compel, nor the Court's order, we did not provide them to the Court.

With respect to Joe Czech's technical analyses, we have already informed you that these analyses were done as part of an overall litigative risk analysis. If there is additional information that you feel you must have in order to assess whether these efforts are privileged, please let me know what information you require.

Regards,

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [ <mailto:kfquinn@quinnlaw.com>
mailto:kfquinn@quinnlaw.com]
Sent: Friday, May 12, 2006 11:43 AM
To: Bryant, Steven (ENRD)
Subject: RE: Privilege Log Confusion

Steve

Attached is a letter in response to this email (with two exhibits)

*Quinn, Gordon & Wolf, Chtd.*

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

May 12, 2005

**By Electronic and Email**
**202-305-0506**

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: Oceana

Steve,

This is to follow up on your email below, specifically that "Neither the May 2nd supplemental log nor the May 3rd amended supplemental log address the technical analyses performed by Joe Czech, which were not the subject of your motion to compel." We believe that those three documents are clearly the subject of our motion to compel. We request that those three documents (and any others the Defendant has not identified and bates stamped) be produced *in camera* to the Court, by the close of business on Monday, May 15, 2006, in accordance with the Court's Order of April 20, 2006.

Our Motion to Compel specifically requested that the Court require witnesses Czech and Zusman to answer questions regarding work performed for the Navy by Wyle Laboratories and/or specifically by Joe Czech. Both Czech and Zusman were instructed not to answer many questions forcing us in a state of ignorance to call the whole area the "Mystery Project". AFTER we filed our Motion to Compel on October 24, 2005, you filed a Supplemental Privilege Log RFP 29 on October 28, 2005 AND you filed a Privilege Log on November 10, 2005 (with no bates numbers, no lawyers listed anywhere on the log, and with the documents given completely generic names) "covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of our discovery requests." (Your email to Jack Ferrebee of November 10, 2005, attached as Ex. 1). Your November 10, 2005 Privilege Log is attached as Ex. 2.

In a series of emails between you and Marty Wolf, Marty asked on November 21, 2005:

> In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that
>
> it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

You replied on November 23, 2005,

> Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you.

The Request for Production you refuse to identify we believe to be RFP 29, which was served on Defendant almost a year and a half ago. To refuse even to identify the documents until <u>after</u> Plaintiffs filed a motion to compel documents relevant to a project you have never even given a name to is not the way litigation is supposed to be conducted under the Rules as we understand them.

Sincerely

Kieron F. Quinn

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.0 (2005-09-13) on
grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
autolearn=no version=3.1.0
Alternate-recipient: Allowed
Disclose-recipients: Prohibited
Date: Thu, 10 Nov 2005 17:32:36 -0500 (EST)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: Privilege Log - Wyle (Joe Czech) 1999
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested)
Cc: "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"scswain@srgslaw.com" <scswain@srgslaw.com> (Receipt Notification Requested)
(IPM Return Requested), "khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested)
(IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-P1MID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-2-051110223109Z-147352]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy= score=0 mlx=0 adultscore=0
adjust=0 engine=2.5.0-05110701 definitions=3.0.0-05111003

Jack,

Attached is a privilege log covering consulting work that Joe Czech performed at Wyle in 1999

that is responsive to certain of your discovery requests.

Regards,

Steve

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.

Oceana-Privilege_Log_(Czech_1999).pdf

November 10, 2005 Privilege Log

| Date | Doc Type | Basis | Author | Recipient | Attorney Comments |
|---|---|---|---|---|---|
| 6/14/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/13/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/17/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |

***Providing additional information concerning the content of this analysis would reveal privileged information**

Kieron

==============================================================

At 10:45 AM 5/10/2006, you wrote:
>Hi Kieron,
>
>The only differences between the May 2nd supplemental privilege log
>and the May 3rd amended supplemental log were the line formatting
>change (referenced in the amended filing) and the additional entry
>for the attachment (also referenced in the filing). Neither the May
>2nd supplemental log nor the May 3rd amended supplemental log
>address the technical analyses performed by Joe Czech, which were
>not the subject of your motion to compel.
>
>Regards,
>
>Steve

>
>-----Original Message-----
>From: kfquinn@quinnlaw.com [ <mailto:kfquinn@quinnlaw.com>
mailto:kfquinn@quinnlaw.com]
>Sent: Tuesday, May 09, 2006 11:58 AM
>To: Bryant, Steven (ENRD)
>Cc: Acock, Kelle (ENRD)
>Subject: Privilege Log Confusion
>
>Steve,
>
>DOJ's recent filings of the Supplemental and then Amended
>Supplemental Privilege Logs regarding the'Mystery Project/in camera
>review of documents" is not completely clear.
>
>Could you please clarify that, since DOJ changed the document
>formatting from the Supplemental Log (5/2/06) to the Amended
>Supplemental Log (5/3/06) (so that we cannot just do a record by
>record comparison to track changes or additions), the only
>differences between the Supplemental and Amended Logs are those
>mentioned in the 'Amended Document Addressing Defendant's
>Supplemental Privilege Log filed May 2, 2006' -- and that we do not
>have to do a word by word / record by record comparison looking for
>other changes.
>
>Kieron