# EXHIBIT A

**Bryant, Steven (ENRD)**

**From:** Bryant, Steven (ENRD)
**Sent:** Wednesday, June 14, 2006 1:03 PM
**To:** 'kfquinn@quinnlaw.com'
**Cc:** clustig@srgslaw.com; jferrebee@hoflaw.com; mquinn@quinnlaw.com; mwolf@quinnlaw.com; tferrebee@hoflaw.com; 'robert.j.smith2@navy.mil'; dominick.yacono@navy.mil; mary.raivel@navy.mil; Acock, Kelle (ENRD); Miller, Lynn (ENRD)
**Subject:** RE: In Camera Review

Kieron,

The additional documents you address in your e-mail below are not the subject of either your motion to compel or the court's April 20, 2006 order. As I stated in my May 15th e-mail to you, we have fully complied with the court's order, by providing the unredacted documents that were the subject of your motion and the order on April 28th, and by providing a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd.

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [mailto:kfquinn@quinnlaw.com]
Sent: Monday, June 12, 2006 3:08 PM
To: Bryant, Steven (ENRD)
Cc: clustig@srgslaw.com; jferrebee@hoflaw.com; kfquinn@quinnlaw.com; mquinn@quinnlaw.com; mwolf@quinnlaw.com; tferrebee@hoflaw.com
Subject: In Camera Review

6/12/06

Steve,

There has been a series of emails and a letter between us (see below) regarding documents to be produced to the Court for in camera review.

You have stated that the documents called " Technical Analyses " dated 6/14/199, 8/13/1999 and 8/17/1999 which are listed on your November 10, 2005 Privilege Log, were not the subject of [Plaintiffs ' ] motion to compel. You also state that your May 3d amended supplemental log, which was provided to the Court with the documents for in camera review, did not address these analyses. You also assert that " given that the documents relating to Joe Czech's analyses were not the subject of [Plaintiffs ' ] motion to compel, nor the Court's order we did not provide them to the Court " .

Any and all documents which are related to RFP 29 and/or the Mystery Project are the subject of our Motion to Compel and should have been provided to the Court for in camera review. The May 3d Privilege Log that you provided to the Court lists every document as responsive to Plaintiffs' RFP No. 29. You have produced eight Privilege Logs to date listing documents responsive to Plaintiffs RFP No. 29. All of the documents listed on those Logs should be produced to the Court.

As for the three analyses listed on your November 10, 2005 Privilege Log, the Government has refused and continues to refuse to identify the actual name of the documents or their assigned bates numbers as well as which RFP or Interrogatory they are responsive to. Nonetheless, we stated in our Reply Memorandum in Support of our Motion to Compel:

"Paragraphs 5 and 6 of the Borro Affidavit set forth the sum of the Defendant ' s claim to assert the privilege and work product doctrine. In essence, Mr. Borro states that Alan Zusman had Mr. Czech at Wyle Laboratories perform 'analyses' from February 1999 through February 2000.

" (p. 5)
"For the first time, in response to the motion to compel, the Defendant has identified three documents created by Mr. Czech, which appear to be the output of the Mystery Project. Defendant has claimed the same attorney-client privilege and attorney work-product doctrine treatment for these documents. Although the documents are responsive to prior discovery requests and exi s ted well before the case commenced, Defendant did not identify them or place them on any prior privilege log exchanged in this case. Of course, the analysis that applies to the Czech and Zusman testimony regarding the Mystery Project applies equally to these documents. Thus, the Court should order that the documents be produced as well as ordering that Messrs. Czech and Zusman appear for deposition to answer questions rega r ding the Mystery Project." (p. 9-10)

The Court then ordered the production of documents for in camera inspection. Your May 10 email stating that these analyses are not the subject of Plaintiffs' Motion to Compel is inexplicable. Even if Plaintiffs had not specifically mentioned the three documents in the reply memo, those documents are directly related to the prohibited testimony of Czech and Zusman which is the subject of the motion, as well as directly and independently related to the "Mystery Project" and to RFP 29, both of which are the subject of Plaintiffs' Motion to Compel.

These three analyses, and all documents responsive to Plaintiffs ' RFP No. 29, are clearly the subject and substance of Plaintiff s' Motion to Compel. If those documents are not produced to the Court by COB June 14, 2006, we will file a supplemental request that the Court demand them.

Kieron

---

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.1 (2006-03-10) on
grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
autolearn=no version=3.1.1
Alternate-recipient: Prohibited
Disclose-recipients: Prohibited
Date: Mon, 15 May 2006 18:15:43 -0400 (EDT)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: RE: Privilege Log Confusion
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested), "scswain@srgslaw.com" <scswain@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested)
Cc: "robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),

"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification
Requested)
(IPM Return Requested), "Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-P1MID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-20-060515221520Z-12206]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy=default score=0 mlx=0
adultscore=0 adjust=0 reason=mlx engine=3.1.0-06042601
definitions=3.0.0-06051514

Kieron,

This responds to your May 12, 2006 letter regarding the documents we provided to the Court for in camera review. The Court ordered us to provide unredacted copies of the privileged documents that were the subject of your motion to compel for in camera review, as well as to provide a supplemental privilege log related to those documents. We provided the unredacted documents on April 28th, and provided a supplemental privilege log for those documents on May 2nd, and a further amended supplemental privilege log for those documents on May 3rd. Given that the documents relating to Joe Czech's analyses were not the subject of your motion to compel, nor the Court's order, we did not provide them to the Court.

With respect to Joe Czech's technical analyses, we have already informed you that these analyses were done as part of an overall litigative risk analysis. If there is additional information that you feel you must have in order to assess whether these efforts are privileged, please let me know what information you require.

Regards,

Steve

-----Original Message-----
From: kfquinn@quinnlaw.com [ <mailto:kfquinn@quinnlaw.com>
mailto:kfquinn@quinnlaw.com]
Sent: Friday, May 12, 2006 11:43 AM
To: Bryant, Steven (ENRD)
Subject: RE: Privilege Log Confusion

Steve

Attached is a letter in response to this email (with two exhibits)

**Quinn, Gordon & Wolf, Chtd.**

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

May 12, 2005

**By Electronic and Email**
**202-305-0506**

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: Oceana

Steve,

This is to follow up on your email below, specifically that "Neither the May 2nd supplemental log nor the May 3rd amended supplemental log address the technical analyses performed by Joe Czech, which were not the subject of your motion to compel." We believe that those three documents are clearly the subject of our motion to compel. We request that those three documents (and any others the Defendant has not identified and bates stamped) be produced *in camera* to the Court, by the close of business on Monday, May 15, 2006, in accordance with the Court's Order of April 20, 2006.

Our Motion to Compel specifically requested that the Court require witnesses Czech and Zusman to answer questions regarding work performed for the Navy by Wyle Laboratories and/or specifically by Joe Czech. Both Czech and Zusman were instructed not to answer many questions forcing us in a state of ignorance to call the whole area the "Mystery Project". AFTER we filed our Motion to Compel on October 24, 2005, you filed a Supplemental Privilege Log RFP 29 on October 28, 2005 AND you filed a Privilege Log on November 10, 2005 (with no bates numbers, no lawyers listed anywhere on the log, and with the documents given completely generic names) "covering consulting work that Joe Czech performed at Wyle in 1999 that is responsive to certain of our discovery requests." (Your email to Jack Ferrebee of November 10, 2005, attached as Ex. 1). Your November 10, 2005 Privilege Log is attached as Ex. 2.

In a series of emails between you and Marty Wolf, Marty asked on November 21, 2005:

> In your November 10 email attaching the privilege log covering consulting work that Joe Czech performed at Wyle in 1999, you state that
>
> it is "responsive to certain of your discovery requests". Please indicate to which discovery requests you are responding. Also, are you going to provide bates nos. for these documents?

You replied on November 23, 2005,

> Identifying the discovery requests the material at issue may be responsive to may reveal privileged information. Neither that information nor bates numbers for the material are necessary in order for you to evaluate whether the attorney client privilege or the attorney work product protections have been appropriately asserted. Nevertheless, when the documents are bates-stamped I will provide the numbers to you.

The Request for Production you refuse to identify we believe to be RFP 29, which was served on Defendant almost a year and a half ago. To refuse even to identify the documents until <u>after</u> Plaintiffs filed a motion to compel documents relevant to a project you have never even given a name to is not the way litigation is supposed to be conducted under the Rules as we understand them.

Sincerely

Kieron F. Quinn

Envelope-to: kfquinn@quinnlaw.com
X-Spam-Checker-Version: SpamAssassin 3.1.0 (2005-09-13) on
grafias.lunarpages.com
X-Spam-Level: *
X-Spam-Status: No, score=1.5 required=5.0 tests=AWL,INVALID_MSGID
autolearn=no version=3.1.0
Alternate-recipient: Allowed
Disclose-recipients: Prohibited
Date: Thu, 10 Nov 2005 17:32:36 -0500 (EST)
From: "Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
Subject: Privilege Log - Wyle (Joe Czech) 1999
To: "jferrebee@hoflaw.com" <jferrebee@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"tferrebee@hoflaw.com" <tferrebee@hoflaw.com> (Receipt Notification Requested)
(IPM Return Requested)
Cc: "tshuttleworth@srgslaw.com" <tshuttleworth@srgslaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"scswain@srgslaw.com" <scswain@srgslaw.com> (Receipt Notification Requested)
(IPM Return Requested), "khofheimer@hoflaw.com" <khofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"chofheimer@hoflaw.com" <chofheimer@hoflaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"Kelle.Acock@usdoj.gov" <Kelle.Acock@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"Lynn.Miller@usdoj.gov" <Lynn.Miller@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"dominick.yacono@navy.mil" <dominick.yacono@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"robert.j.smith2@navy.mil" <robert.j.smith2@navy.mil>
(Receipt Notification Requested) (IPM Return Requested),
"Steven.Bryant@usdoj.gov" <Steven.Bryant@usdoj.gov>
(Receipt Notification Requested) (IPM Return Requested),
"mwolf@quinnlaw.com" <mwolf@quinnlaw.com> (Receipt Notification Requested)
(IPM Return Requested), "kfquinn@quinnlaw.com" <kfquinn@quinnlaw.com>
(Receipt Notification Requested) (IPM Return Requested),
"mary.raivel@navy.mil" <mary.raivel@navy.mil> (Receipt Notification Requested)
(IPM Return Requested)
Autoforwarded: FALSE
X-Mailer: NetJunction (NetJunction 6.0.2-p2)/MIME
Priority: Normal
X-NJ-P1MID: [/P=USDOJ/A=_/C=US/;ENRD-MSGE-2-051110223109Z-147352]
X-NJ-Delivery-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-Disposition-Notification-To: Steven.Bryant@usdoj.gov
X-NJ-IPM-Content-Return-To: Steven.Bryant@usdoj.gov
X-Implicit-Conv-Prohibited: FALSE
X-Proofpoint-Spam-Details: rule=notspam policy= score=0 mlx=0 adultscore=0
adjust=0 engine=2.5.0-05110701 definitions=3.0.0-05111003

Jack,

Attached is a privilege log covering consulting work that Joe Czech performed at Wyle in 1999

that is responsive to certain of your discovery requests.

Regards,

Steve

Steve Bryant
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington D.C. 20044-0663
(v) 202-305-0424
(f) 202-305-0506

This e-mail (including any attachments) is intended for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the e-mail to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this e-mail or its contents is strictly prohibited. If you have received this e-mail in error, please notify us immediately by replying to this message, and please destroy all copies of this e-mail.

Oceana-Privilege_Log_(Czech_1999).pdf

November 10, 2005 Privilege Log

| Date | Doc Type | Basis | Author | Recipient | Attorney Comments |
|---|---|---|---|---|---|
| 6/14/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/13/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |
| 8/17/1999 | Technical Analysis* | Attorney-Client; Attorney Work Product | Wyle Laboratories (Joseph Czech) | Alan Zusman | See November 10, 2005 declaration of Ron Borro (paras 4-6). |

***Providing additional information concerning the content of this analysis would reveal privileged information**

Kieron

==============================================================

At 10:45 AM 5/10/2006, you wrote:
>Hi Kieron,
>
>The only differences between the May 2nd supplemental privilege log
>and the May 3rd amended supplemental log were the line formatting
>change (referenced in the amended filing) and the additional entry
>for the attachment (also referenced in the filing). Neither the May
>2nd supplemental log nor the May 3rd amended supplemental log
>address the technical analyses performed by Joe Czech, which were
>not the subject of your motion to compel.
>
>Regards,
>
>Steve

>
>-----Original Message-----
>From: kfquinn@quinnlaw.com [ <mailto:kfquinn@quinnlaw.com>
mailto:kfquinn@quinnlaw.com]
>Sent: Tuesday, May 09, 2006 11:58 AM
>To: Bryant, Steven (ENRD)
>Cc: Acock, Kelle (ENRD)
>Subject: Privilege Log Confusion
>
>Steve,
>
>DOJ's recent filings of the Supplemental and then Amended
>Supplemental Privilege Logs regarding the'Mystery Project/in camera
>review of documents" is not completely clear.
>
>Could you please clarify that, since DOJ changed the document
>formatting from the Supplemental Log (5/2/06) to the Amended
>Supplemental Log (5/3/06) (so that we cannot just do a record by
>record comparison to track changes or additions), the only
>differences between the Supplemental and Amended Logs are those
>mentioned in the 'Amended Document Addressing Defendant's
>Supplemental Privilege Log filed May 2, 2006' -- and that we do not
>have to do a word by word / record by record comparison looking for
>other changes.
>
>Kieron