**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN REPLY TO DEFENDANT'S RESPONSE TO MOTION TO STRIKE DECLARATION AND EXHIBITS OF CURTIS A. UTZ**

Plaintiffs submit the following memorandum in reply to Defendant's response to Plaintiffs' motion to strike the declaration and exhibits of Curtis A. Utz.

Contrary to Defendant's assertions, a comparison of its reply memorandum with its opening memorandum clearly reveals that the Utz declaration and exhibits represent an introduction of matters not raised in its opening memorandum nor in response to Plaintiffs' memorandum.

Defendant now suggests that it was not in a position to identify 1981 as the alleged date of taking because it did not have the benefit of Commander Richard Erie's or Captain Keeley's declarations until April 2006. According to Defendant the Erie and Keeley declarations set forth the relative historic use of the various runways at NAS Oceana and the types and number of flight operations from 1980 to 1999. Why these statistics regarding the percentage of runway use and the number and types of flight operations between 1980 and 1999 did not become available until April 28, 2006 is unexplained. Defendant also fails to explain why, if it is the case, that Commander Erie and Captain Keeley were the only

military personnel capable of putting such information together in response to Plaintiffs' repeated discovery requests regarding the date of taking, beginning in June 2001. The analysis contained in Commander Erie's 2006 declaration could have been performed by Defendant in 2001 or at any time well in advance of April 28, 2006. The only excuse for its belated identification of the alleged date of taking is that Commander Erie and Captain Keeley did not complete their declarations until shortly before Defendant filed its motion for summary judgment on April 28, 2006. (Defendant's Response to Motion to Strike, p. 5).

Plaintiffs do not base their assertion that Defendant has acted in bad faith on the basis of its failure to timely publish the number of total flight operations in 1981. Early in this proceeding, Defendant provided the total number of flight operations at NAS Oceana for each year spanning over two decades. What it did not do is identify 1981 as the alleged date of taking until it filed its motion for summary judgment on April 28, 2006. The additional information it has repeatedly argued that it did not have available to it to enable it to identify the date of taking is information contained in the Erie and Keeley declarations. There is no information in either declaration that was not readily available to Defendant well before April 28, 2006.

The memoranda of the parties as well as the case histories in *Branning v. United States*, 654 F.2d 88 (Fed. Cir. 1981) and *Argent v. United States*, 124 F.3d 1277 (Fed. Cir. 1997) make clear that the peculiarly burdensome flight operations involved in these takings cases are principally those involving low level patterns of aircraft flying touch and go and field carrier landing practice operations. Defendant has not identified a single touch and go operation or field carrier landing practice at NAS Oceana in 1981. Defendant has also alleged that the F-4 Phantom aircraft, an aircraft it alleges was substantially louder than the

F/A-18 C/D aircraft in several modes of operation, was operating at NAS Oceana in 1981. The comparative noise levels of the two types of aircraft, as shown in prior memoranda, is in dispute. Defendant has produced no evidence of the number and types of operations, if any, flown by the F-4 Phantom in 1981. Defendant now admits that the F-4 Phantom "completely stopped operating at NAS Oceana in 1983…" (Defendant's memorandum, p. 3). The burden of proving that the statute of limitations has run falls on Defendant. Defendant produced no evidence regarding the number of operations of each type of aircraft assigned to NAS Oceana in 1981. It did, however, produce a 1984 Harris, Miller, Miller & Hanson (HMMH) study demonstrating that there was not a single reported operation of an F-4 Phantom at Oceana in 1982. (Defendant's Summary Judgment Reply Memorandum, Exhibit L). The same source for the 1981 report shows that there were 44 F-4 Phantoms at NAS Oceana in October 1982. (Plaintiff's Motion to Strike Utz Declaration, Exhibit 8). Defendant incorrectly asserts that the HMMH report does not reveal whether or not there were F-4 Phantom operations at NAS Oceana in 1982. Its argument is that: (1) the report is an "average busy day" statistic; and (2) the report is only for selected squadrons of other types of aircraft. First, the average busy day measurement utilizes the five day work week for averaging the number of annual operations. Defendant does not explain why the use of a five day work week fails to reveal that F-4 Phantoms were actually operating at NAS Oceana unless, by implication, Defendant is now contending that F-4s only flew on Saturdays and Sundays. With respect to its second argument, the HMMH report states that it omitted certain aircraft from the 1982 average busy day operations table because they contributed so little to the total noise contours. (Defendant's Reply Memorandum, Exhibit L). The aircraft omitted from NAS Oceana were the F-5E, T-2C and TC-4C. The aircraft

omitted from NAF Fentress were the E-2 and C-1. The aircraft included in total average busy day operations for 1982 at NAS Oceana were the A-6, A-4, F-14, F-5E, T2-C and the TC-4C. (*Id.*). There is no suggestion anywhere in the report that any other aircraft were omitted from the annual calculation for any reason. To suggest, as Defendant does, that there is a separate table devoted to the F-4 Phantom alone strains credulity. If such a table exists, for any year, particularly 1981, it was incumbent upon Defendant to produce it. Plaintiff was unable to subject Defendant's records to a similar analysis for 1981 for the simple reason that Defendant failed to produce any information for 1981 in response to discovery other than the total number of operations. It did not produce the number and types of aircraft allegedly operating at NAS Oceana in 1981 until Plaintiffs requested it to do so after it identified 1981 as the date of taking in its April 28, 2006 memorandum. As 1982 demonstrates, the report that there were F-4s projected to be on the ground at NAS Oceana in 1981 does not demonstrate that any flew touch and go operations or field carrier landing practices or any other operations in that year. Unless and until Defendant produces records showing the number of field carrier landing practices and touch and goes flown by the F-4 aircraft in 1981, if any, the number is left to speculation clouded by doubt, given the fact that the record now shows that there was not a single F-4 operation at NAS Oceana in 1982 although 44 were reported to be in its inventory.

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, VA 23451
(757) 452-5200
Counsel for Plaintiffs

Of Counsel:
Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com
kquinn@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Memorandum in Reply to Defendant's Response to Plaintiff's Motion to Strike was sent electronically this 14th day July, 2006 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/Jack E. Ferrebee
Jack E. Ferrebee