**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, *et al*., *Plaintiffs*, v. THE UNITED STATES OF AMERICA, *Defendant*. | ) | No.: 01-201L (Honorable Victor J. Wolski) |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO PRODUCE ADDITIONAL DOCUMENTS IN CAMERA**

**The Documents Which Plaintiffs Seek to Have Produced to the Court For *in camera* Review Were the Subject of Plaintiffs' Original Motion to Compel**

The Government apparently believes that, to paraphrase Aristotle, "I can win any argument if I can define the question." The result is that Defendant's Response to Plaintiffs' Motion to Compel, which runs six pages, argues repeatedly, and almost exclusively, that the documents which Plaintiffs seek to have produced to the Court for *in camera* review are not properly the subject of Plaintiffs' original Motion to Compel. Defendant's position is a mantra, not an argument, as illustrated:

> [Plaintiffs] have now filed a new motion to compel (Def. Resp., p. 1)
>
> [t]he additional documents sought by plaintiff were not the subject of plaintiffs' first motion to compel." ( p. 1)
>
> Plaintiffs' new motion to compel (p. 1)

> Defendant repeatedly informed plaintiffs that Mr. Czech's privileged analyses were not the subject of their October 24th motion to compel (p. 3)
>
> The documents that were the subject of plaintiffs' October 24th motion to compel were prepared in 2001 and were expressly referenced in plaintiffs' motion (p. 3)
>
> Documents Relating to Analyses Performed by Joseph Czech Were Not the Subject of Plaintiffs' First Motion to Compel And Are Protected from Production (p. 4)
>
> Plaintiffs first claim that Mr. Czech's technical analyses, listed in Exhibit 2 attached to their motion to compel additional documents, were the subject of their motion to compel filed on October 24, 2005. Plaintiffs' assertion is without merit. (p. 4)
>
> Mr. Czech's technical analyses, listed in Exhibit 2 attached to Plaintiffs' June 14th motion, were not the subject of plaintiffs motion to compel filed on October 24th. (p. 4)
>
> As previously stated, the only documents subject to plaintiffs' first motion to compel were those referenced in Exhibit 1 attached to their motion. (p. 5)

On October 24, 2005, Plaintiffs filed a Motion to Compel concerning allegedly privileged documents related to a "Mystery Project". On November 10, 2005, Defendant filed its Response to Plaintiffs' Motion to Compel **<u>and</u>** served the "November 10, 2005 Privilege Log" listing the three documents which are one of the subjects of this present Motion. On November 23, 2005, Plaintiffs filed a Reply Memo in Support of the original Motion to Compel and specifically requested the Court to order that the newly identified documents be produced (Pl. Reply Mem. p. 9-10).

The Government's position (1) has already been addressed in Plaintiffs' present Motion to Compel, (2) is without any merit, (3) is asking this Court to completely disregard the fact that the existence of the documents which are the subject of the present

Motion to Compel were not even made known to Plaintiffs until **after** the original Motion to Compel was filed and (4) is asking this Court to completely disregard Plaintiffs' Reply Memorandum to the original Motion to Compel, wherein Plaintiffs explicitly requested the production of the documents which had just been revealed to them.

It is ridiculous, insulting and calculating to argue that the documents in question were not the subject of Plaintiffs' original Motion to Compel when Plaintiffs were not even aware of their existence at the time the Motion was filed.

**All Documents Responsive to RFP No. 29 Are the Subject of Plaintiffs' Motion to Compel**

The three documents that are a subject of this Motion were described, albeit inadequately and long after they should have been identified, in Defendant's November 10, 2005 Privilege Log, which included a column referring to the Request for Production No. to which the documents were responsive, RFP No. 29. These documents clearly relate to the Mystery Project **and** are responsive to RFP No. 29. The Mystery Project documents are the subject of the Court's *in camera* review, so **all** documents responsive to RFP No. 29 should be produced to the Court.

The Government argues that "until plaintiffs articulate reasons why these specific documents are not privileged, defendant cannot adequately respond." (Df Resp. p. 6). Many of the Government's allegedly privileged documents produced to Plaintiffs are nearly completed redacted. The three specific documents identified in the Government's November 10, 2005 Privilege Log do not actually have a title or even bates numbers, all of which renders the Government's argument completely without merit.

**All** of the documents which are the subject of this Court's Order for *in camera* review are privileged documents, and this Court has not required that Plaintiffs articulate

individualized reasons why specific documents are not privileged. Therefore, **all** documents responsive to RFP No. 29, including specifically the documents listed in Defendant's "November 10, 2005 Privilege Log" should be provided to the Court for *in camera* review.

Respectfully submitted,

/s/ Jack E. Ferrebee
Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com