# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 01-201L
(Filed August 25, 2006)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
**CAROL & ROBERT TESTWUIDE, et al.,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant.
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**ORDER**

Ruling on Plaintiffs' Motion to Compel Additional Documents, the Court ordered defendant to provide the Court with unredacted versions of documents identified in the defendant's November 10, 2005 privilege log as "technical analyses" prepared by Joseph Czech or Wyle Laboratories, for *in camera* review. Mem. Op. & Order (Aug. 7, 2006) at 12. Defendant was also ordered to provide a revised privilege log identifying all individuals to whom the analyses were provided and explaining the reason why each received the documents. *Id.* Defendant has complied with the Court's order, and the Court has reviewed the documents and the revised privilege log. As explained below, the Court has determined that the documents are protected both as attorney work product, and as privileged attorney-client communications, and need not be produced.

The technical analyses at issue are the results of work performed in 1999 on behalf of Navy counsel and for the purpose of prospective litigation, according to defendant's revised privilege log and the sworn declaration of Ronald J. Borro. In its earlier order, the Court found these analyses were potentially protected under the work product rule. *See id.* Because of the apparently widespread circulation of these documents to "offices and commands [that were] responsible to some degree for land use planning, aircraft operations, aircraft noise compatibility, and the environmental impact analysis" concerning the FA-18 C/D relocation decision, Borro Decl. ¶ 6, the Court ordered the documents produced for *in camera* review along with a revised privilege log.

As the Court pointed out in the prior opinion, to the extent the analyses were produced for the purpose of "an analysis of litigative risk . . . initiated under the direct supervision of Navy counsel," Borro Decl. ¶ 4, they are protected attorney work product. Defendant's revised

privilege log clarifies that the confidentiality of these documents was maintained, and therefore the work product protection was not waived. The documents also appear to be protected under the attorney-client privilege, insofar as they were communications between Navy counsel, Alan Zusman (Navy's liaison with Wyle Labs), and Joseph Czech, a Wyle Labs employee acting on behalf of Navy counsel, for the purpose of assisting Navy counsel in their efforts to advise their client. Mister Czech was, in effect, acting to translate information provided by the client or its counsel into a form which the attorneys could use to advise the client. *See United States v. Kovel*, 296 F.2d 918, 921-22 (2nd Cir. 1961). Because the documents are protected by both the work product rule and the attorney-client privilege, they need not be produced.

**IT IS SO ORDERED**.

/s Victor J. Wolski

**VICTOR J. WOLSKI**
Judge