**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO ALTERATION OF TRIAL SCHEDULE**

The Government has filed a motion seeking the extraordinary measure of moving to Washington, D.C. only a portion of a trial that has been set since January of this year. The grounds for this extraordinary measure are nothing more than the normal issues that arise in the course of planning a long trial.

The present motion appears to have been contrived for some purpose known only to the Government. The motion comes at the end of a series of conversations and correspondence in which the Government has sought to either delay this trial or limit Plaintiffs' ability to present their case.

On September 14, 2006, Plaintiffs emailed the attached letter (Ex. A) to counsel for the Government agreeing to the Government's suggestion that the parties streamline the trial, first by dividing the time allotted to each party by hours, and second by introducing some witnesses by deposition instead of live testimony.

On September 18, 2006, the Government responded (Ex. B), opposing Plaintiffs' suggested allocation of time. More importantly, the Government proposed that the first

day of trial be delayed until October 19, 2006 and that the entire trial be moved from Hampton Roads to Washington, D.C. after an inexplicable delay between November 6 through November 10. In addition, the Government suggested a bifurcation of the liability and damage phases of the trial, a proposal it vigorously opposed in a previous status conference.

On September 18, 2006, Plaintiffs responded (Ex. C) opposing the Government's proposals. For the reasons stated in the letter, Plaintiffs oppose the Government's motion.

The parties have been operating under a Scheduling Order setting the date for trial since January 19, 2006. This case was filed in April 2001. The problems complained of by Defendant are no more than the ordinary difficulties typically experienced by parties involved in extended litigation. The scheduling of witnesses frequently requires adjustment and flexibility. Plaintiffs also have witnesses who cannot be available on certain days or for certain periods and counsel have simply scheduled the presentation around those limitations. Moreover, the November 6 through 10 time period is most likely to be a period in which Plaintiffs will present their rebuttal case. There should be no (or few) defense witnesses that week.

The unavailability of the courtroom in Chesapeake on three of the total number of days set aside for trial is not a reasonable basis for changing the venue of any portion of the trial. It is not uncommon for parties to put witnesses on out of order when it is necessary to meet a witnesses' scheduling conflict. In addition, the availability of hotel rooms is a red herring. The Hampton Roads area, which includes a large resort area, has

abundant hotel space in October and November.[1] Moreover, if there were any credence to the Government's argument, virtually all of Defendant's witnesses are active or retired service personnel who could be accommodated in one of the many BOQ's in the Hampton Roads area.

On the morning of September 20, counsel for Plaintiff and an attorney for the Government visited the Chesapeake courthouse set aside for the trial. The courtroom is fully electronic with built-in (1) overhead projector, (2) large pull-down screen, (3) document cameral, and (4) electronic whiteboard. The courtroom is also set up with monitors for the Judge, witness, clerk and counsel. It could not be more perfectly set up for electronic presentation. We were also assured that the courtroom is set aside for our trial and there is no likelihood of losing more days to unscheduled appeals. There are two conference rooms available for use by counsel and witnesses and a jury room available for witnesses and for storing equipment and files during the course of the trial. The court's Clerk also advised us that the courtroom will be locked at the end of each day and counsel and the Court, if they choose, can leave their files and equipment in place.

The Government previously opposed bifurcation and Plaintiffs, after consideration, informed the Court that they would not move for bifurcation. Plaintiffs now have fully planned their presentation of the case and have scheduled all of their witnesses, including experts, to appear at trial in Chesapeake. An alteration of the entire character as well as the venue of the trial would impose a severe hardship on Plaintiffs and their witnesses. Respectfully submitted,

[1] Counsel for Plaintiffs, on the afternoon of September 19, 2006, were able to confirm the availability of a block of rooms at the Virginia Beach oceanfront at the Days Inn at a corporate rate of $80.00 per night for the week of November 6 through November 10. Plaintiffs' counsel expect that there will be numerous hotel rooms available during the entire period set aside for trial.

Dated: September 20, 2006

/s/ Jack E. Ferrebee
Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, VA 23451
(757) 452-5200
Counsel for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
40 West Chesapeake Avenue
Suite 408
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com
kquinn@quinnlaw.com

Kristen Hofheimer
Charles R. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
khofheimer@hoflaw.com
chofheimer@hoflaw.com

Stephen C. Swain
Thomas Shuttleworth
Lawrence Woodward
Shuttleworth, Ruloff, Giordano & Swain
4525 South Boulevard
Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
sswain@srgslaw.com
shuttleworth@srgslaw.com
lwoodward@srgslaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Plaintiffs' Memorandum was sent electronically this 20th day September 2006 to counsel of record, as follows:

STEVEN D. BRYANT
Environment & Natural Resources Division
Department of Justice
601 D Street, N.W., Rm. 3205
Washington, D.C. 20004

/s/Jack E. Ferrebee
Jack E. Ferrebee

```
ERROR: undefined
OFFENDING COMMAND: get

STACK:

/quit
-dictionary-
-mark-
```

**U.S. Department of Justice**

Environment and Natural Resources Division

SDB
90-1-23-10297

***Natural Resources Section***
***P.O. Box 663***
***Washington, DC 20044-0663***

***Telephone (202) 305-0424***
***Facsimile (202) 305-0267***

September 18, 2006

**Via E-mail and Regular Mail**

Kieron Quinn, Esquire
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204-4803
United States of America

Re: Testwuide v. United States, 01-201

Dear Kieron:

This letter responds to the issues and proposals you raised in your September 14th letter.

We are pleased plaintiffs have agreed to our proposal to shorten some of the upcoming trial testimony by moving deposition testimony and/or declaration testimony into evidence. However, we cannot agree to allocating 60% of the allotted trial time to plaintiffs under a 15-day trial schedule. We originally agreed to a 15-day trial, which would have allowed for 7 days per side with the remaining day reserved for rebuttal. Under that schedule and your proposed division of time, defendant would only have 5 ½ days to plaintiffs' 8 ½ days (allowing for one rebuttal day). This is not sufficient time for defendant to both present its case-in-chief and to conduct cross-examination of plaintiffs' witnesses. Defendant has one more expert witness than plaintiffs do, and plaintiffs' unwillingness to stipulate to the admissibility of expert reports forces us to take far longer in our presentation of expert witnesses on direct examination. Plaintiffs' objection on authenticity grounds to a large number of documents will slow testimony as well. As discussed below, we propose a 16-day trial with each side splitting the time equally to accommodate the additional time that is apparently necessary for the parties to present their cases.

Regarding trial location, defendant will be requesting that a portion of its case be transferred to Washington, D.C. In light of the three days during which trial will be suspended, in addition to the already compressed schedule, there is inadequate time for defendant to put on its case. Although the Chesapeake Court is apparently reserved through November 13, some of our witnesses, as well as our hotel arrangements, will not be available the week of November 6th. Additionally, a number of our witnesses are local to the D.C. metro area, not Hampton Roads.

In light of the unforeseen scheduling difficulties, we propose conducting the trial in Hampton Roads for 11 days from October 19th through November 3rd, and an additional 5 days from November 13th to November 18th in Washington, D.C for a total of 16 days. Given that the courtroom is not available on October 17th and 18th and the logistical issues with the electronic equipment, it is reasonable to start on the 19th instead of the 16th. The following are our two proposals:

1) Plaintiffs present their entire case, then defendant will begin its case in Hampton Roads and continue through November 3rd. Defendant will then resume its case-in-chief in Washington, D.C. from November 13th through November 16th, with rebuttal on November 17th.

2) Alternatively, and although we have long opposed and continue to oppose bifurcation, in light of the unforeseen scheduling difficulties with the courtroom, defendant is willing to agree that the liability phase of the trial be concluded during the 11 days available beginning on October 19th, and that both sides present evidence on just compensation in a separate session to be scheduled separately but shortly thereafter. Specifically, we propose that both sides present their case-in-chief on liability in Hampton Roads from October 19th through November 3rd, and both sides present their case on just compensation in Washington, D.C., from November 13 through November 17 (assuming the court would agree).

Either of these proposals permit any of the test plaintiffs who wish to attend the trial to attend the majority of it without the need to travel to Washington, D.C. Please indicate if you will join us in requesting that the Court adopt one of these proposals.

Sincerely,

Steven D. Bryant

Steven D. Bryant

**Quinn, Gordon & Wolf, Chtd.**
102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

September 18, 2006

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: *Testwuide v. United States*

Steve,

I have conferred with co-counsel. Plaintiffs find the proposals in your October 18 letter unacceptable.

We take issue with some of your observations. Plaintiffs never agreed to an equal division of time of a 15-day trial. The Government has repeatedly requested that the Plaintiffs specify the exact time for their direct case. After our discussion last week, when you raised it again, I spoke to co-counsel and we agreed to respond with a division determined by hours, which was a proposal made by you and Bob Smith in my office last week. In that meeting we discussed both a 50/50 and a 60/40 division. Without such an agreement, Plaintiffs, who have the burden of proof, merely rest when their direct case is in, and then put on such rebuttal as the defense case requires. In our discussion last week, we talked extensively about the fact that Plaintiffs consider the 2002 noise contours to be the Government's case to prove and properly the subject of Plaintiffs' rebuttal. The suggestion that Plaintiffs might be restricted to one day of rebuttal is completely unrealistic.

In February of this year, the Court set the matter in for trial to begin on October 16. The fact that the Court would not sit on one or two, or several, days of a fairly long trial is nothing more than the norm in our experience. In light of all the travel arrangements that have been made, there is every reason not to move the beginning date of the trial to October 19, and that is particularly true since the alleged difficulty you focus on in your letter of September 18 is an alleged lack of time to present the Government's case.

There is also no basis for moving the Government's case from Hampton Roads to Washington, D.C. Many of the 2,100 clients Plaintiffs represent are intending to attend the trial, and they have every right to do so. The hotel difficulty you report is a red herring. Virginia Beach in October and November will have more available hotel rooms than Washington, D.C., certainly, and most of those hotels would be perfectly accommodating for the attorneys and their witnesses. I have made arrangements to stay in Virginia Beach for the duration of the trial, and did not find it difficult to find satisfactory accommodations.

We also see no basis in eliminating November 6-10 from the trial calendar and completing the trial during November 13-17. That latter week has <u>never</u> been part of the trial calendar, and the attorneys, the clients and the witnesses have never been told to set it aside. We continue to believe that the entire case can comfortably be tried within the time set by the Court.

Plaintiffs also do not foresee any logistical difficulties in using the courthouse in Chesapeake which is new and modern. The Federal courthouse in Norfolk was built during the Depression. On Wednesday morning Plaintiffs' counsel are going to look at the courtroom and talk to the Clerk about the electronic equipment already in the courtroom. We invited you to participate in that meeting and you nominated Cmdr. Yacono to come with us. Today we heard that Cmdr. Yacono is not going to come because of some conflict. According to the Clerk's office, the courtroom is already an electronic courtroom. If a projector has to be put away on the October 17th and 18th, or some other equipment has to be taken out of the courtroom, that is an extremely small matter compared to moving all of attorneys, all of the Plaintiffs, all of the equipment and all of the evidence to Washington

Having secured the agreement of the Plaintiffs to the Government's proposals about dividing the time of the parties by hours, and the introduction of certain witnesses by deposition, we just fail to understand why your response today is a demand for more concessions with a 5-hour deadline for Plaintiffs' reply.

Sincerely,

Kieron F. Quinn