**U.S. Department of Justice**

Environment and Natural Resources Division

SDB
90-1-23-10297

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0424*
*Facsimile (202) 305-0267*

September 18, 2006

**Via E-mail and Regular Mail**

Kieron Quinn, Esquire
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204-4803
United States of America

Re: Testwuide v. United States, 01-201

Dear Kieron:

This letter responds to the issues and proposals you raised in your September 14th letter.

We are pleased plaintiffs have agreed to our proposal to shorten some of the upcoming trial testimony by moving deposition testimony and/or declaration testimony into evidence. However, we cannot agree to allocating 60% of the allotted trial time to plaintiffs under a 15-day trial schedule. We originally agreed to a 15-day trial, which would have allowed for 7 days per side with the remaining day reserved for rebuttal. Under that schedule and your proposed division of time, defendant would only have 5 ½ days to plaintiffs' 8 ½ days (allowing for one rebuttal day). This is not sufficient time for defendant to both present its case-in-chief and to conduct cross-examination of plaintiffs' witnesses. Defendant has one more expert witness than plaintiffs do, and plaintiffs' unwillingness to stipulate to the admissibility of expert reports forces us to take far longer in our presentation of expert witnesses on direct examination. Plaintiffs' objection on authenticity grounds to a large number of documents will slow testimony as well. As discussed below, we propose a 16-day trial with each side splitting the time equally to accommodate the additional time that is apparently necessary for the parties to present their cases.

Regarding trial location, defendant will be requesting that a portion of its case be transferred to Washington, D.C. In light of the three days during which trial will be suspended, in addition to the already compressed schedule, there is inadequate time for defendant to put on its case. Although the Chesapeake Court is apparently reserved through November 13, some of our witnesses, as well as our hotel arrangements, will not be available the week of November 6th. Additionally, a number of our witnesses are local to the D.C. metro area, not Hampton Roads.

In light of the unforeseen scheduling difficulties, we propose conducting the trial in Hampton Roads for 11 days from October 19th through November 3rd, and an additional 5 days from November 13th to November 18th in Washington, D.C for a total of 16 days. Given that the courtroom is not available on October 17th and 18th and the logistical issues with the electronic equipment, it is reasonable to start on the 19th instead of the 16th. The following are our two proposals:

1) Plaintiffs present their entire case, then defendant will begin its case in Hampton Roads and continue through November 3rd. Defendant will then resume its case-in-chief in Washington, D.C. from November 13th through November 16th, with rebuttal on November 17th.

2) Alternatively, and although we have long opposed and continue to oppose bifurcation, in light of the unforeseen scheduling difficulties with the courtroom, defendant is willing to agree that the liability phase of the trial be concluded during the 11 days available beginning on October 19th, and that both sides present evidence on just compensation in a separate session to be scheduled separately but shortly thereafter. Specifically, we propose that both sides present their case-in-chief on liability in Hampton Roads from October 19th through November 3rd, and both sides present their case on just compensation in Washington, D.C., from November 13 through November 17 (assuming the court would agree).

Either of these proposals permit any of the test plaintiffs who wish to attend the trial to attend the majority of it without the need to travel to Washington, D.C. Please indicate if you will join us in requesting that the Court adopt one of these proposals.

Sincerely,

Steven D. Bryant
Steven D. Bryant