**Quinn, Gordon & Wolf, Chtd.**
102 W. Pennsylvania Ave, Suite 402
Towson, Maryland 21204
Telephone (410) 825-2300
Facsimile (410) 825-0066

Kieron F. Quinn
Richard S. Gordon
Martin E. Wolf

kfquinn@quinnlaw.com
rgordon@quinnlaw.com
mwolf@quinnlaw.com

Harford County Office
104 Victory Lane, Suite 100
Bel Air, Maryland 21014

September 18, 2006

Steve Bryant, Esq.
General Litigation Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044

Re: *Testwuide v. United States*

Steve,

I have conferred with co-counsel. Plaintiffs find the proposals in your October 18 letter unacceptable.

We take issue with some of your observations. Plaintiffs never agreed to an equal division of time of a 15-day trial. The Government has repeatedly requested that the Plaintiffs specify the exact time for their direct case. After our discussion last week, when you raised it again, I spoke to co-counsel and we agreed to respond with a division determined by hours, which was a proposal made by you and Bob Smith in my office last week. In that meeting we discussed both a 50/50 and a 60/40 division. Without such an agreement, Plaintiffs, who have the burden of proof, merely rest when their direct case is in, and then put on such rebuttal as the defense case requires. In our discussion last week, we talked extensively about the fact that Plaintiffs consider the 2002 noise contours to be the Government's case to prove and properly the subject of Plaintiffs' rebuttal. The suggestion that Plaintiffs might be restricted to one day of rebuttal is completely unrealistic.

In February of this year, the Court set the matter in for trial to begin on October 16. The fact that the Court would not sit on one or two, or several, days of a fairly long trial is nothing more than the norm in our experience. In light of all the travel arrangements that have been made, there is every reason not to move the beginning date of the trial to October 19, and that is particularly true since the alleged difficulty you focus on in your letter of September 18 is an alleged lack of time to present the Government's case.

There is also no basis for moving the Government's case from Hampton Roads to Washington, D.C. Many of the 2,100 clients Plaintiffs represent are intending to attend the trial, and they have every right to do so. The hotel difficulty you report is a red herring. Virginia Beach in October and November will have more available hotel rooms than Washington, D.C., certainly, and most of those hotels would be perfectly accommodating for the attorneys and their witnesses. I have made arrangements to stay in Virginia Beach for the duration of the trial, and did not find it difficult to find satisfactory accommodations.

We also see no basis in eliminating November 6-10 from the trial calendar and completing the trial during November 13-17. That latter week has never been part of the trial calendar, and the attorneys, the clients and the witnesses have never been told to set it aside. We continue to believe that the entire case can comfortably be tried within the time set by the Court.

Plaintiffs also do not foresee any logistical difficulties in using the courthouse in Chesapeake which is new and modern. The Federal courthouse in Norfolk was built during the Depression. On Wednesday morning Plaintiffs' counsel are going to look at the courtroom and talk to the Clerk about the electronic equipment already in the courtroom. We invited you to participate in that meeting and you nominated Cmdr. Yacono to come with us. Today we heard that Cmdr. Yacono is not going to come because of some conflict. According to the Clerk's office, the courtroom is already an electronic courtroom. If a projector has to be put away on the October 17th and 18th, or some other equipment has to be taken out of the courtroom, that is an extremely small matter compared to moving all of attorneys, all of the Plaintiffs, all of the equipment and all of the evidence to Washington

Having secured the agreement of the Plaintiffs to the Government's proposals about dividing the time of the parties by hours, and the introduction of certain witnesses by deposition, we just fail to understand why your response today is a demand for more concessions with a 5-hour deadline for Plaintiffs' reply.

Sincerely,

Kieron F. Quinn