IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CAROLE AND ROBERT TESTWUIDE, et. al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 01-201 L** |
| | ) | **Honorable Victor J. Wolski** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT TRIAL EXHIBITS LIST**

Plaintiffs, in accordance with the Scheduling Order entered by the Court on August 7, 2006, submit the attached list of Joint Trial Exhibits (Exhibit A). No changes have been made to the Joint Exhibit List sent to the Government on September 12, 2006, except that JX147 – JX154 have been added. These eight exhibits are documents received on September 7, 2006 as a consequence of this Court's Order of August 7, 2006 requiring the Government to produce all Wyle Laboratory documents which fit within Plaintiffs' Requests for Production, as well as within Plaintiffs' subpoena to Wyle. Plaintiffs' Supplemental Trial Exhibit List adding those documents was sent to Defendant on September 15 and no objections were raised by Defendant.

Pursuant to this Court's Order of August 7, 2006, the parties scheduled the meeting of counsel required by Sec 13.a of the Rules for August 10, 2006. The Government insisted that the meeting be by telephone. On the evening of August 9, the Government announced that it was ready to exchange exhibit lists, and that was done electronically. The Government then sent a list of 780 exhibits. The parties agreed to exchange written objections the following week, and that was done on August 16. In

addition to the usual evidentiary objections, more than 150 documents in the list produced by the Government either had never been produced to Plaintiffs or had the wrong bates numbers. For its part, the Government pointed out duplication in 13 of Plaintiffs' exhibits and asked for some documents not previously produced.

What followed over the next several weeks was a lengthy fiasco of trying to straighten out the Government's exhibits. During that period the Government sent Plaintiffs no less than three disks and two corresponding spreadsheets of documents attempting to produce, designate or harmonize its own exhibits. By September 3, 2006, those problems which could be solved were identified and resolved. On that date, Plaintiffs sent the government an email stating that they were moving their focus to trial preparation. On September 12, 2006, Plaintiffs sent the Government:

1. A Joint Exhibit List comprised of those documents from the lists submitted by both sides to which the other side entered no objection;
2. A list of Defendant's exhibits to which the Plaintiffs still objected;
3. A list of Plaintiffs' exhibits to which the Government still objected.

No comment or objection was made by the Government to these lists.

On September 21, the Court held a telephone status conference chiefly concerning venue and scheduling issues raised by Defendant. On that same day, the Court entered an Order dealing with venue, trial days, and other issues including the admission of joint exhibits.

On September 27, the day before the parties were required to file their Exhibit Lists with the Court, the Government (at 8:15 pm) sent Plaintiffs a 53 page spreadsheet raising entirely new objections to the of joint exhibits. Specifically, the Government raised objections for the first time to 93 Joint Exhibits including, incredibly, <u>33 of the Government's own exhibits</u>. Counsel for the Government affected that the reason for the

new objections was their surprise at the paragraph in the Court's Order of September 21 that a witness need not be on the stand in order to receive a joint exhibit into evidence. However, none of the Government's new objections submitted on September 27, 2006, can reasonably be argued to be related to this Court's ruling.

On September 28, 2006, Plaintiffs filed their exhibit list, specifically stating that the Joint Exhibit List, which was to be filed three days later, would be the list as it was composed on September 12, and that no alterations would be made as a consequence of the previous night's emailed list from the Government. The Joint Exhibit List filed today is the September 12, 2006 list with the additions noted in the first paragraph above.

On September 28, counsel for Plaintiffs reiterated their intention to file the Joint Exhibit List as it stood. (Exhibit B – the redacted portion of the letter concerns an attempt to settle the case which proved unsuccessful). On September 29, counsel for the Government objected to the Plaintiffs' announced course of action (Exhibit C).

Attached hereto (Exhibit D) is a timeline of events surrounding the exchange and production of exhibit lists.

Dated: October 2, 2006

Respectfully submitted,

/s/ Jack E. Ferrebee

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com