**U.S. Department of Justice**

Environment and Natural Resources Division

SDB
90-1-23-10297

***Natural Resources Section***
***P.O. Box 663***
***Washington, DC 20044-0663***

***Telephone (202) 305-0424***
***Facsimile (202) 305-0267***

September 29, 2006

**Via E-mail**

Kieron F. Quinn, Esquire
Quinn, Gordon & Wolf
102 West Pennsylvania Avenue
Suite 402
Baltimore, Maryland 21204

Re: **Testwuide v. United States, 01-201**

Dear Kieron:

This responds to the portion of your September 28, 2006 letter concerning the Joint Exhibit List. Your letter indicated that you intend to file a Joint Exhibit List with the Court on October 2 that contains documents that defendant explicitly objected to. Should you do so, we will move to strike those exhibits from your unilateral and erroneous list. Defendant will submit a joint exhibit list that reflects the documents that both parties agree are joint.

During the status conference, on September 21, 2006, you proposed -- for the first time -- that joint exhibits be admitted into evidence in the absence of a testifying witness. The parties never discussed those conditions, much less adopted them, prior to your proposal during the status conference. As I explained during the status conference, we then had to review the proposed joint exhibits based on these new conditions.

We have now carefully reviewed the proposed joint exhibits with the new conditions, and stated our objections. Many of the objections relate to completeness. For example, many of our objections were qualified simply on plaintiffs agreeing that an entire document be designated a joint exhibit, rather than the limited portion of the document plaintiffs selected. Similarly, we would agree that the historical noise studies you selected from the 1970s and 1980s be joint exhibits, provided you agree that the remaining noise studies from that timeframe be joint exhibits as well. The same holds true for the Hornet and Super Hornet Environmental Impact Statements and accompanying noise studies and ATAC reports, to the extent that such

documents are not already joint exhibits. The entirety of these documents should be made joint exhibits. Other objections were to exhibits defendant has not received or cannot identify based on the bates numbers plaintiffs cited. I am hopeful we can reach an agreement on these and other issues and submit a truly joint exhibit list that is equitable to both sides.

Sincerely,

s// Steven D. Bryant
Steven D. Bryant