**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et. al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 01-201L |
| THE UNITED STATES OF AMERICA, | ) | Judge Victor J. Wolski |
| Defendant. | ) | |

**<u>DEFENDANT UNITED STATES' MOTION TO STRIKE PLAINTIFFS' PROPOSED JOINT EXHIBIT LIST</u>**

Defendant United States of America, hereby moves to strike plaintiffs' Proposed Joint Exhibit List ("Proposed JX List") filed on October 2, 2006 and adopt the Joint Exhibit List defendant is filing contemporaneously with this motion, and attached as Exhibit A. Plaintiffs' Proposed JX List contains a number of documents that defendant has objected to. A list of the disputed joint exhibits, including defendant's objections, is attached as Exhibit B to this motion. By definition, these disputed exhibits are not <u>joint</u> exhibits, and therefore, plaintiffs' Proposed JX List should be rejected. The Joint Exhibit List defendant is filing with the Court contains the documents that <u>both</u> parties agree are joint. Exhibit A.

Accompanying their Proposed JX List, plaintiffs engage in an inflammatory and misleading version of events between the parties concerning the exhibit lists. Plaintiffs ignore defendant's unsuccessful efforts to work with plaintiffs to minimize evidentiary objections to exhibits so as to improve the efficiency of trial and assist the Court in evaluating the evidence, efforts we continue to be willing to make.

Plaintiffs also erroneously claim that defendant's objections to plaintiffs' proposed Joint Exhibit List are untimely. Defendant disagrees that its objections to plaintiffs' Proposed JX List were untimely. Any delay was caused by plaintiffs, not defendant. Preliminarily, the Proposed Joint Exhibit List plaintiffs sent on September 12, 2006 contained numerous documents that were not on both parties' exhibit lists. In many instances, it was exceedingly difficult, if not impossible, for defendant to locate and review these documents to see if they were appropriately designated as joint exhibits.

Additionally, it was not until the telephonic status conference on September 21, 2006, that plaintiffs' proposed that joint exhibits be admitted into evidence at trial without a testifying witness. The parties never discussed treating joint exhibits in this manner until plaintiffs raised the issue at the conference. Defendant agreed to this arrangement, but expressly qualified its concurrence on a review of the proposed joint exhibits given the new conditions.

Defendant carefully conducted its review, and objected accordingly on September 27, 2006. Many of the objections concerned completeness and fairness. For example, many of defendant's objections were qualified simply on plaintiffs agreeing that an entire document be designated a joint exhibit, rather than the limited portion of the document plaintiffs selected. Defendant also indicated that it would not object to certain of plaintiffs proposed exhibits being joint if other similar documents were also designated as joint exhibits. For example, defendant was willing to designate certain historical noise studies of Naval Air Station Oceana from the 1970s and 1980s as joint exhibits, provided that plaintiffs would agree that the remaining historical noise studies be designated as

well. Unfortunately, plaintiffs are unwilling to agree to a joint exhibit list that is equitable to both sides.

Most noteworthy, plaintiffs completely fail to address the fact that joint exhibits, by their nature, must be documents the parties agree upon. Plaintiffs were aware that defendant explicitly opposed certain of the documents listed on plaintiffs' Proposed JX List, but unilaterally, and over defendant's objections, submitted the list anyway.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests this Court Strike plaintiffs' Proposed JX List and adopt the Joint Exhibit List (attached as Exhibit A to this motion) and filed contemporaneously with this motion.

Dated: October 2, 2006

Respectfully submitted,

/s/ Steven D. Bryant
Steven D. Bryant
Kelle S. Acock
Environmental & Natural Resources Division
United States Department of Justice
601 D Street, NW, Rm. 3205
Washington, D.C. 20004
Counsel for Defendants
202-305-0424

Of Counsel:
Robert J. Smith
Mary Raivel
Navy Litigation Office
720 Kennon Street
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlantic, Code (00LE)
1510 Gilbert Street
Norfolk, VA 23511-2737