**U.S. Department of Justice**

Environment and Natural Resources Division

SDB
90-1-23-10297

*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0424*
*Facsimile (202) 305-0267*

August 18, 2006

**Via E-mail**

Kieron F. Quinn, Esquire
Quinn, Gordon & Wolf
102 West Pennsylvania Avenue
Suite 402
Baltimore, Maryland 21204

Re: **Testwuide v. United States, 01-201**

Dear Kieron:

This responds to your August 16, 2006 letter, and addresses the issues raised in the same paragraph numbers in your letter:

1. As indicated in my earlier e-mail, Mr. Zusman is available to resume his deposition on September 6, 2006 in your office. Please let me know if you have a conflict with that date. The Court's order was limited to reopening Mr. Zusman's deposition, not Mr. Czech. We object to your request to reopen Mr. Czech's deposition.

2. I am shocked by your request to add Mr. Smith, the lead agency litigation counsel in this case since it was filed in April 2001, to your witness list (shortly before trial to boot), or for you to suggest that you may wish to depose him. Mr. Smith has been representing the Department of the Navy prior to the inception of your case. I trust that it comes as no surprise to you that your belated effort to seek his trial testimony on an as yet unidentified subject presents significant issues. Clearly, seeking testimony from an attorney handling a case is a serious matter which requires further evaluation before we can decide whether to seek a protective order from the Court. At this point, I do not have sufficient information from you to decide whether or not Mr. Smith possesses any unprivileged factual information that you have not already obtained, or cannot obtain, from another witness. We have not previously insisted that you comply with the requirements of 32 CFR Part 725, which governs release of official information by Department of the Navy personnel in litigation, because it was reasonably clear in each case that the witness

you sought testimony from might possess non-privileged information relevant to your claims, or at least information reasonably calculated to lead to such information. Mr. Smith, however, presents a different circumstance. Mr. Smith's sole involvement in matters related to your claims has been in his role as an attorney representing the Department of the Navy. In order to evaluate your request to seek his testimony at trial, you must comply with 32 CFR Part 725 by providing me with a formal request for Mr. Smith's trial and possible deposition testimony containing the information set forth in the regulation. The information we require includes, but is not limited to, a description, in as much detail as possible, of the testimony you seek and a statement of the relevance of that testimony to your claims. I have enclosed a copy of this regulation to assist you in preparing the request. We of course reserve the right to seek a protective order or other relief from the court, if necessary.

3. The privilege log for OCE240293-294 is attached.

4. I am concerned that your estimated 8 days for plaintiffs' case-in-chief occupies too large a share of the 15 days allotted for trial. That would only leave 7 days for defendant's case and any rebuttal evidence you might want to present. As I mentioned during the meeting of counsel, we should explore ways to make the trial presentation more efficient. Fact witnesses would present such an opportunity. We intend to move to strike certain of your witnesses, which, if successful, would assist matters. Aside from that, however, I renew my proposal that we stipulate to admitting deposition transcript testimony for some witnesses to move things along. Also, you indicated that you were unsure if the estimated 8 days would include our direct examination of dual witnesses, specifically those non-local witnesses that both sides intend to call in their respective cases-in-chief. As a reminder regarding dual witnesses, we proposed an out of order examination of non-local witnesses for efficiency and to minimize travel costs. Specifically, we would conduct our direct examination of these witnesses during your case-in-chief. Please advise if the 8-day estimate includes dual witnesses.

5. If you are willing to agree to the dual witness procedure we proposed then we may be willing to pay for the travel expenses of these witnesses within reason. Such an agreement would require further discussion and agreement, such as limiting the number of out town witnesses on a particular subject (e.g. only one ATAC witness). You mentioned reimbursing the government for travel expenses of non-local Navy witnesses. For clarification, the government is not responsible, nor willing, to front the travel expenses of witnesses that we do not intend to call.

6. I am perplexed at your intent to revisit the matters you persist in incorrectly describing as the "Mystery Project." The Court's order explicitly recognizes that those matters were privileged.

Last, assuming an expert (survives any potential challenge) and offers his opinion, I again propose that both sides stipulate to the admissibility of the expert's report. If you disagree and will contest the admissibility of the reports, then I remind you that we have identified the various tables, exhibits, and appendices from our expert reports as FRE 1006 summaries of the data analyses our experts conducted. As you know, we have previously produced the expert data and analyses.

Sincerely,

s// Steven D. Bryant
Steven D. Bryant