**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROL AND ROBERT TESTWUIDE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.: 01-201L |
| | ) | (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE JOINT TRIAL EXHIBIT LIST FILED BY PLAINTIFFS ON OCTOBER 2, 2006**

The Joint Exhibit List, filed by Plaintiffs on October 2, 2006, was sent to the Government on September 12, 2006. Counsel for Plaintiffs stated that they would be filing the same Joint Exhibit List with the Court and explained that the listed exhibits were identified as joint because each had "None" or Blank in the Plaintiff's and Defendant's objection fields.

The parties had been exchanging exhibits, exhibit numbers, supplemental exhibit lists, documents, images and objections from August 9, 2006 as reflected on the timeline of these events (Plaintiffs' Exhibit D to Plaintiffs' Joint Trial Exhibits List filed on October 2, 2006). The Government raised no issues regarding the Joint Exhibit List sent to them on September 12, 2006, either by email, letter, phone call or supplemental or amended objections. It was this Court's Order of September 21, 2006, which provided in part that a witness need not be on the stand in order to receive a joint exhibit into evidence, which caused the Government to believe that it could and should revisit the joint exhibit list. It was not until seven days later and at 8:15 p.m. on the day before

exhibit lists were to be filed**,** that the Government produced a 53 page spreadsheet raising entirely new objections to the joint exhibits.

The Government's allegation in its present Motion "that Plaintiffs ignored Defendant's unsuccessful efforts to work with Plaintiffs to minimize evidentiary objections to exhibits" is a mystery. Plaintiffs have two inches of documents comprised of emails, letters, lists, comments and objections that make up the exchanges between the parties between August 9 and September 12. The Government would have the Court believe that this never happened and that Plaintiffs somehow became obdurate after the Court's Order of September 21. The argument is specious.

In its Motion to Strike, the Government asserts that its objections to the September 11 joint exhibit list are not untimely because "any delay was caused by Plaintiffs . . . the Proposed Joint Exhibit List plaintiffs sent on September 12, 2006 contained numerous documents that were not on both parties' exhibit lists". This argument ignores the fact that every document on the Joint Exhibit List was on either Plaintiffs' or Defendant's exhibit list and had received no objection by either side, as was set out in Plaintiffs' September 12, 2006 email, to which the Government never objected or even responded.

For that same reason the Government's statement that "in many instances, it was exceedingly difficult, if not impossible, for defendant to locate and review these documents to see if they were appropriately designated as joint exhibits" is ludicrous. There were numerous communications between the parties between August 9 and September 12, 2006 in attempts to synchronize both parties' lists, including requests for and forwarding of documents that either party had not already been provided with or

could not locate. The Government never requested from Plaintiffs any of the documents listed on the joint exhibit list filed by Plaintiffs.

The format and contents of the list from the Government on September 27 (and October 2) was the list sent by Plaintiffs on September 12, but with an additional column added for the Government's "new" objections. In its list the Government objected to thirteen documents on the grounds that "We have not been provided documents with these Bates No. and must object until we review them." Plaintiffs have extracted these "Not Provided" objections and placed them in Exhibit A to this memo. Every single document in Exhibit A had been provided to Defendant and had been in its hands before the initial exchange of objections on August 16. Seven of the documents are deposition exhibits in the case. Two are Defendant's own trial exhibits nominated by Defendant in August (and later withdrawn). (See Comments re Objections on Exhibit A).

The Government has consistently waited until the 12th hour and even beyond deadlines to file documents in this case. The "new" objections sent to Plaintiffs on September 27 were forwarded under an email (Exhibit B) which stated:

> We have completed our review of your proposed JX list in light of the court's order regarding the presentation of JXs at trial and our objections to specific documents are attached. (emphasis added).

As it turns out, in the three days between Friday, September 28 and Monday October 2 the Government came up with yet additional objections. The list filed on October 2 has 21 exhibits to which the Government's objections changed in those three days. Plaintiffs have extracted these "changed" objections and placed them in Exhibit C to this memorandum. On Exhibit C the Government's September 27 objection is in the sixth column while its October 2 objection is in the seventh. The Government never advised

Plaintiffs that they should consider the second document an entirely new list of objections to contend with. In addition, the Government filed an Amended Defendant's Exhibit List at 9:15 p.m. October 2, 2006.

The result of the Government's extraordinary maneuver is to take a joint exhibit list which contained 154 exhibits to which no one objected and turn it into a list of 51 exhibits. Having done that, the Government then castigates Plaintiffs for ignoring "defendant's unsuccessful efforts to work with plaintiffs to minimize evidentiary objections to exhibits so as to improve the efficiency of trial …". (Defendant's memo, p. 1). This is an unacceptable litigation strategy.

Dated: October 4, 2006

Respectfully submitted,

/s/ Jack E. Ferrebee
Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Counsel of Record for Plaintiffs

Of Counsel:

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Charles R. Hofheimer
Kristen D. Hofheimer

Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Giordano & Swain
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com