**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(E-Filed: October 13, 2006)

CAROLE AND ROBERT TESTWUIDE, et. al.,

Plaintiffs,

THE UNITED STATES,

Defendant.

No. 01-201 L

Honorable Victor J. Wolski

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE CERTAIN WITNESSES AND EXHIBITS**

Defendant has moved to (1) exclude the testimony of Robert J. Smith, lead attorney for the United States Department of the Navy ("Navy") in this case, and 12 redundant witnesses[1]; (2) exclude plaintiffs' irrelevant exhibits; and (3) preclude plaintiffs from demonstrating sound and/or video recordings, including but not limited to the ISIS software, at the upcoming trial in this matter. Plaintiffs oppose this motion arguing that the challenged witnesses and exhibits are relevant to the issues in this case and not cumulative, and therefore, should not be excluded from the upcoming trial. However, plaintiffs do not dispute that the testimony sought from Mr. Smith can be obtained through at least six other witnesses at trial, nor do plaintiffs attempt to show that the information sought from Mr. Smith is not privileged. Plaintiffs also do not dispute that they failed to comply with the applicable Touhy regulation. Additionally, plaintiffs

[1] Defendant withdraws the motion as it applied to William Gilbert. The parties agreed to submit deposition excerpts in lieu of Mr. Gilbert's live testimony.

do not dispute that exhibits regarding sound attenuation and cost to mitigate are not relevant or appropriate measures of just compensation and should be excluded. Moreover, plaintiffs fail to offer any explanation regarding the relevance of videos and photographs taken by Herk Stokely and Thomas Askins to the test plaintiffs' properties. Finally, plaintiffs do not dispute that the ISIS system was not intended, nor does it accurately replicate the noise caused by NAS Oceana jets at any particular test plaintiff property, and is therefore irrelevant to the property-specific liability determination required in the present case. Therefore, at a minimum, the testimony of Robert J. Smith, exhibits regarding sound attention and mitigation, and sound and video recordings, including but not limited to the ISIS system, must be excluded from the upcoming trial.

## ARGUMENT

### I. Plaintiffs fail to assert any reasonable basis to prevent the exclusion of Mr. Smith's testimony at the upcoming trial

Plaintiffs repeatedly fail to set forth any support for their request to call Robert Smith as a witness at the upcoming trial. In an attempt to justify their extraordinary request, plaintiffs argue Mr. Smith can testify because he "has played an integral role in every aspect of noise analysis" from 1998 and "has been an active participant in the decision to explore the revisions of the noise contours . . . ." Plts. Opp. at p. 9. Plaintiffs also attempt to escape the Touhy regulation by incorrectly arguing the regulation is not applicable to the present case. Plts. Opp. at p. 8. Plaintiffs' positions are without merit. More importantly, plaintiffs do not dispute that the testimony sought from Mr. Smith can be obtained through at least six other witnesses. Plaintiffs also fail to make the required showings that the information sought from Mr. Smith is not privileged, and that plaintiffs complied with the applicable Touhy regulation.

As set forth in defendant's motion, plaintiffs have no reasonable basis to call Mr. Smith, the lead Department of the Navy attorney handling this case. See generally, Deft. Mot. in Limine, pp. 5-9. Plaintiffs seek to escape establishing minimal elements - that they cannot obtain the testimony from any other witness, that the testimony sought is relevant and non-privileged, and that the testimony is crucial to their case- by simply broadly asserting that Mr. Smith has been involved in discussions related to the revisions to the original projected 1999 noise contour. See Sparton Corp. v. United States, 44 Fed.Cl. 557, 563 (1999); Plts. Opp. at p. 9. This broad assertion is clearly insufficient to prevent the exclusion of Mr. Smith's testimony at trial. Indeed, plaintiffs' offer no guidance as to the facts Mr. Smith allegedly possesses that would require his testimony at trial. Plaintiffs set forth no argument regarding the necessity of the testimony, no argument regarding why the testimony cannot be elicited from the six other relevant witnesses listed on plaintiffs' witness list, and no argument regarding whether the testimony sought is privileged. Moreover, plaintiffs do not dispute that they have conducted at least six depositions addressing the same subject matter they now claim Mr. Smith should also address, and that Mr. Smith's testimony would clearly be cumulative of the testimony of the other six witnesses.

Additionally, plaintiffs attempt to avoid the above minimum thresholds by misrepresenting that defendant has identified two other Navy lawyers, Jude Klena and John Lauterbach, to testify in this case, implying that Robert Smith should testify as well. However, neither Jude Klena nor John Lauterbach appear on defendant's witness list. See Deft. Witness List.

Finally, plaintiffs argue the Touhy Regulation is not applicable to the present case because the regulation protects federal employees from being compelled to obey a subpoena. Although the regulation does protect federal employees from being compelled to obey a subpoena, plaintiffs' broad assertion that the regulation does not apply to the present case is incorrect. See 32 C.F.R. Part 725. The regulation also governs the release of official information by Navy personnel in litigation (see, e.g., 32 CFR 725.1 ["purpose"]) and specifically requires that the party seeking testimony must provide a description of the testimony sought and a statement of relevance. See 32 CFR 725.7(a)(2)(i) and (a)(3)(ii). Plaintiffs do not dispute that defendant informed them of this requirement on August 18, 2006, and Plaintiffs failed to provide defendant any of the required information.

In short, plaintiffs fail to offer any genuine justification to call Mr. Smith as a witness at the upcoming trail. For these reasons and those set forth in defendant's motion in limine, Robert Smith must be stricken from plaintiffs' witness list and his testimony must be excluded at trial. Defendant respectfully requests the Court exercise its discretion and decide this issue before the trial begins, not after defendant rests as plaintiffs suggest. See Plts. Opp. at p. 9. See Intern'l Graphics, Div. of Moore Bus. Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984) (quoting Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1140-41 (E.D. Pa. 1980)) (motions in limine promote "trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial.").

**II. Exhibits regarding sound attenuation and mitigation costs and certain video recordings must be excluded from the upcoming trial**

Plaintiffs do not dispute that exhibits regarding sound attenuation and mitigation costs and videos and photographs taken by Herk Stokely and Thomas Askins are not relevant and should be excluded from the upcoming trial. Additionally, even under a broad application of relevance, Admiral Fallon's statement regarding a speculative estimate of potential damages made approximately 30 days after this lawsuit was filed seeking class certification of over 19,000 properties has no bearing on the proper measure of just compensation for the twelve test plaintiff properties at issue in the upcoming trial.

Further, as set forth in defendant's motion, exhibits and testimony regarding possible sound attenuation or mitigation costs (e.g., additional insulation, upgraded windows) and compensation specifically highlighting the loss of use and enjoyment of one's property (as opposed to impact on fair market value) are not valid forms of compensation under the Fifth Amendment and must be excluded. See Aaron v. United States, 340 F.2d 655, 659-60 (Ct. Cl. 1964) (measuring diminution in value as the difference between the fair market property value before the taking and after the taking); see also Yellow Book at 29-34 (Def.'s Tr. Ex. 19) (defining fair market value as "the amount in cash, or on terms reasonably equivalent to cash, for which in all probability the property would be sold by a knowledgeable owner willing but not obligated to sell to a knowledgeable purchaser who desired but is not obligated to buy"). Plaintiffs do not dispute that sound attenuation or mitigation costs are clearly not proper components of the just compensation calculation. Indeed, they do not even address this issue. Additionally, plaintiffs do not contend they seek these types of damages. Accordingly, exhibits and testimony regarding sound attenuation or mitigation costs and sound and

video recordings taken at locations other than the test plaintiffs' properties must be excluded from the upcoming trial.

**III. Plaintiffs do not dispute ISIS does not accurately replicate the noise environment at test plaintiffs' properties and must be excluded**

Although it is unclear in their opposition, plaintiffs seem to indicate that they do not intend to demonstrate the ISIS software at trial. Plts. Opp. at 7-8. To the extent plaintiffs intend to demonstrate the software at trial, defendant notes that, in their opposition, plaintiffs misrepresent defendant's position regarding the ISIS system's ability to replicate noise. As clearly set forth in defendant's motion, defendant's argument is that the ISIS system was not intended, nor does it accurately replicate the noise caused by NAS Oceana jets at any particular test plaintiff property. Deft. Mot. at p. 9. Instead, a better alternative to this type of demonstration would be a site visit to the test plaintiffs' properties when aircraft are operating. Deft. Mot. at p. 10.

**A. Plaintiffs' 11 cumulative witnesses must be excluded**

For the first time throughout this litigation, plaintiffs provided in their opposition additional information to clarify the previous broad descriptions of testimony set forth in plaintiffs' witness list. <u>See</u> Plts. Trial Witness List (indicating 10 of the 12 witnesses originally challenged by defendant's motion will testify to "noise impact on home and community."). Plaintiffs failed to provide any additional information clarifying the testimony of three of the eleven witnesses defendant seeks to exclude from the upcoming trial. Specifically, plaintiffs provided no additional description for Karen Green, James Gregory, or Randy Keel. As stated in defendant's motion, many of these witnesses, for example, Karen Green and Charles Nash, are completely unfamiliar with the test

plaintiffs or the test plaintiffs' properties and cannot have any personal knowledge regarding jet operations at the test plaintiffs' properties, or potential just compensation.[2]

## CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court exclude the testimony of Robert Smith, exclude exhibits regarding sound attenuation and mitigation costs, exclude cumulative witnesses, and preclude plaintiffs from demonstrating sound and/or video recordings, including but not limited to the ISIS system, at trial.

Dated: October 13, 2006

Respectfully Submitted,

s/ Steven D. Bryant
STEVEN D. BRYANT
KELLE S. ACOCK
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-0424
Fax: (202) 305-0267

Of Counsel:

Robert J. Smith
Mary Raivel
Navy Litigation Office
Washington Navy Yard, D.C. 20374

CDR Dominick Yacono
JAGC, USN
Commander Navy region
Mid-Atlantic, Code (00LE)
Norfolk, VA 23511-2737

[2] To clarify plaintiffs' erroneous assertion, defendant did not argue in its motion that Herk Stokely or Thomas Askins did not know any of the test plaintiffs.