**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE and ROBERT TESTWUIDE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No.: 01-201L |
| | ) | (Honorable Victor J. Wolski) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MOTION OF PLAINTIFFS' COUNSEL TO WITHDRAW AS COUNSEL**
**TO WILLIAM HIMCHAK, III AND TRACY HIMCHAK**

For the reasons stated herein and in the Affidavit of Jack Ferrebee which is Exhibit A to this motion) (hereafter, "Ferrebee Affidavit, para._") all Plaintiffs' Counsel in this case request that this Court permit them to withdraw as counsel to William and Tracy Himchak.

Under RCFC 83.2(c)(2), the Standards for Professional Conduct in this Court are the American Bar Association Model Rules of Professional Conduct. Rule 1.16 of the ABA Rules provides that an attorney can withdraw from representation under certain circumstances including (a) the agreement of the lawyer and client; (b) the failure of the client substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; and (c) if the continued representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

In 2000, William and Tracy Himchak retained present counsel and requested that their property at 928 Smoke Tree Lane Virginia Beach, Virginia 23452, be added to the contemplated class action and mass action. As the Court is aware, the case was preliminarily settled 48 hours before trial was to begin in October of 2006 and finally settled in May of 2007.

In November, 2006 each plaintiff was sent an extensive letter setting out the terms of the settlement and the reasons that counsel recommended that it be accepted. Each Plaintiff was advised of the specific dollar figure which would accrue to them and a description of the formula used by Prof. Jon Nelson (Plaintiffs' expert economist) which had been used to determine each individual settlement figure. Each Plaintiff also received a ballot for rejecting or accepting the recommended settlement. Subsequently, all Plaintiffs were mailed update reports concerning the difficulties and negotiations which resulted in the modified 2007 settlements.

After the November, 2006 letter was sent, Mr. and Mrs. Himchak received seven telephone calls and one letter about the return of the ballot. Finally, In January of 2007, Mr. and Mrs. Himchak returned the form by mail indicating that they rejected the settlement. Since that time Mr. Ferrebee has sent four letters and left two voicemail messages to Mr. and Mrs. Himchak. No response of any kind has been received. (Ferrebee Affidavit, Para. 1)

Because of the expert-intensive and fact-intensive nature of this case, a trial of a handful of property owners will entail as much trial time and as much out of pocket costs as would the earlier scheduled trial of the Oceana representative sample selected by the parties under the Court's guidance. The difference being, of course, that in one instance those substantial costs would be spread over more than two thousand Plaintiffs while at present those costs would fall on less than a half dozen Plaintiffs.

Counsel for Plaintiffs explained to those few people who declined to approve the settlement the enormous costs of taking their case to trial compared to the relatively modest amount that they might recover even if the Court were to award two or three or more times the amount of the settlement they were rejecting. Several Plaintiffs who had rejected the settlement understood the implications of this recommendation and changed their mind. Mr. and Mrs.

Himchak have simply ceased all communication with counsel save for the rejection ballot received in January, 2007.

On November 12, 2007 counsel for Plaintiffs advised Mr. and Mrs. Himchak that they had to respond to our recommendation or Counsel was going to ask the Court for permission to withdraw. (Ferrebee Affidavit, Para. 1) Even that communication has been ignored.

Finally, on March 5, 2008, counsel sent a letter by courier advising the Himchaks that counsel intended to seek permission to withdraw. The following day, March 6, 2008, Mr. Himchak spoke by telephone to Martin Wolf, counsel for Plaintiffs, and said he would give the matter consideration. Having received no further communication, on March 10, 2008, Kieron Quinn informed Mr. Himchak that counsel intended to file a motion to withdraw on March 14, 2008. (Ferrebee Affidavit, para. 6).

**Confidentiality**

The attached Affidavit of Jack Ferrebee contains, of necessity, a general description of counsels' attempts to communicate with the Himchaks. The purpose of the generality is to protect the confidentiality of the attorney-client communication as described in ABA Rule 1.6. If Mr. and Mrs. Himchak oppose this motion, or if the Defendant opposes this motion, Plaintiffs' Counsel stand ready to submit the actual communications to the Court *in camera*, which both satisfies the confidentiality provision of Rule 1.6 and protects the Court's option to examine the details of the controversy as described in Rule 1.6(b)(5).

**Argument**

Both the hard copy retainer agreement and the electronic retainer used by Plaintiffs' counsel in this case contain the following: "3. If the Attorneys decide that your claim lacks merit, or if you decide not to accept a settlement offer that we have recommended, we may

withdraw as your counsel." That contractual provision is sufficient under ABA Rule 1.6 to support withdrawal even without the complete lack of cooperation of Mr. and Mrs. Himchak.

In addition to the express contractual agreement concerning withdrawal, the unjustifiable refusal of a client to accept the settlement recommendation of his or her counsel, is sufficient justification to uphold the right of Counsel to withdraw. *Sanchez v. Friesner,* 477 So. 2d. 66, 73 (Fla. App. 1985); *Kannewurf v. Johns,* 266 Ill. App. 3d. 66,73, 632 N.E. 2d. 711, 716 (1994).

In addition, the clients' refusal to communicate in any way with counsel is independently sufficient to justify the withdrawal. Counsel cannot prepare the Himchak's case without the Himchaks. *Tower Factory Outlet v. Textilimpex-Tricot,* 1994 WL 411528 (N.D.N.Y. August 2, 1994).

Finally, the refusal to address the demand for an advance of costs that of necessity will render the clients' own case economically irresponsible, justifies withdrawal of counsel. *Cherokee Nation of Oklahoma v. U.S.,* 42 Fed. Cl. 15 (1998).

For the reasons stated, Plaintiffs Counsel requests the Court's permission to withdraw from the representation of Mr. and Mrs. Himchak.

Respectfully submitted,

/s/ Kieron F. Quinn
Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Counsel for Plaintiffs

Of Counsel:

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion of Plaintiffs' Counsel to Withdraw as Counsel to William and Tracy Himchak was served by first class mail, postage prepaid on:

William and Tracy Himchak
928 Smoke Tree Lane
Virginia Beach, Virginia 23452

/s/
Kieron F. Quinn

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**AFFIDAVIT OF JACK E. FERREBEE**
**WILLIAM HIMCHAK III AND TRACY HIMCHAK**

The affiant, Jack E. Ferrebee, after first being duly sworn, deposes and says:

1. Following the October 17, 2006 recommended settlement of these claims, I made efforts to communicate and communicated with Plaintiffs William Himchak III and Tracy Himchak, as follows:

   a. On or about November 2, 2006. A comprehensive settlement recommendation was mailed to all clients along with a ballot for accepting or rejecting the recommended settlement;

   b. Mr. Himchak responded by sending a copy of the confidential recommended settlement letter to the Virginian Pilot newspaper accompanied with a letter making disparaging comments about the lawyers who represented him and all other Plaintiffs. Excerpts of the recommended settlement letter and Mr. Himchak's disparaging comments were published in the newspaper;

c. On November 8, 2006, I had a telephone conversation with Mr. Himchak, requesting that he and his wife make a decision regarding the settlement by returning the ballot;

d. Having received no response to my request, I called Mr. Himchak on January 8 and 9, 2007. On both occasions, my call was disconnected immediately after I identified myself to Mr. Himchak;

e. On January 10, 2007, I wrote the Himchaks concerning their position on the recommended settlement;

f. On April 10, 2007 I called Mr. Himchak concerning the recommended settlement without resolution;

g. On April 13, 2007, I left a telephone message, requesting a return call;,

h. On April 16, 2007, I sent a letter to the Himchaks via courier concerning the setllement;

2. On November 12, 2007. Another letter was sent to the Himchaks concerning their vote and explaining that the cost of litigating their claim with four other property owners could exceed their potential recovery. The letter further advised the Himchaks that the costs had to be paid in advance of trial or counsel would have no recourse except to move to withdraw. The letter also reminded the Himchaks that by the terms of their agreement, counsel could withdraw from further representation if they failed to accept a settlement recommended by counsel.

3. I have not received a response to the November 12, 2007 letter. To date, Counsel for the Plaintiffs have not received a contribution from these Plaintiffs for anticipated costs.

4. On March 5, 2008, Kieron Quinn sent a letter to Mr. Himchak via Federal Express advising him of our intention to move to withdraw from representation if he continued to refuse to accept the settlement.

5. On March 6, 2008, Mr. Himchak called the office of Mr. Quinn in Baltimore, Maryland leaving a message for a return call. In Mr. Quinn's absence, Martin Wolf returned his call explaining once again the nature of the settlement and the expenses of litigating his claim. Mr. Wolf reported that Mr. Himchak indicated he would give further consideration to the settlement.

6. On March 10, 2008, Mr. Quinn called Mr. Himchak informing him that time was of the essence in accepting the settlement and that counsel intended to proceed with a motion to withdraw. There has been no further communication with Mr. Himchak by counsel for the Plaintiffs.

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200

Commonwealth of Virginia
City of Virginia Beach, to-wit:

The foregoing was sworn to and subscribed before me this 14th day of March, 2008 by Jack E. Ferrebee.

Priscilla McClellan
Notary Public

My Commission Expires:

PRISCILLA MCCLELLAN
Notary Public
Commonwealth of Virginia
320311
My Commission Expires Jul 31, 2009