**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**AFFIDAVIT OF JACK E. FERREBEE**
**WILLIAM HIMCHAK III AND TRACY HIMCHAK**

The affiant, Jack E. Ferrebee, after first being duly sworn, deposes and says:

1. Following the October 17, 2006 recommended settlement of these claims, I made efforts to communicate and communicated with Plaintiffs William Himchak III and Tracy Himchak, as follows:

   a. On or about November 2, 2006. A comprehensive settlement recommendation was mailed to all clients along with a ballot for accepting or rejecting the recommended settlement;

   b. Mr. Himchak responded by sending a copy of the confidential recommended settlement letter to the Virginian Pilot newspaper accompanied with a letter making disparaging comments about the lawyers who represented him and all other Plaintiffs. Excerpts of the recommended settlement letter and Mr. Himchak's disparaging comments were published in the newspaper;

c. On November 8, 2006, I had a telephone conversation with Mr. Himchak, requesting that he and his wife make a decision regarding the settlement by returning the ballot;

d. Having received no response to my request, I called Mr. Himchak on January 8 and 9, 2007. On both occasions, my call was disconnected immediately after I identified myself to Mr. Himchak;

e. On January 10, 2007, I wrote the Himchaks concerning their position on the recommended settlement;

f. On April 10, 2007 I called Mr. Himchak concerning the recommended settlement without resolution;

g. On April 13, 2007, I left a telephone message, requesting a return call;,

h. On April 16, 2007, I sent a letter to the Himchaks via courier concerning the setllement;

2. On November 12, 2007. Another letter was sent to the Himchaks concerning their vote and explaining that the cost of litigating their claim with four other property owners could exceed their potential recovery. The letter further advised the Himchaks that the costs had to be paid in advance of trial or counsel would have no recourse except to move to withdraw. The letter also reminded the Himchaks that by the terms of their agreement, counsel could withdraw from further representation if they failed to accept a settlement recommended by counsel.

3. I have not received a response to the November 12, 2007 letter. To date, Counsel for the Plaintiffs have not received a contribution from these Plaintiffs for anticipated costs.

4. On March 5, 2008, Kieron Quinn sent a letter to Mr. Himchak via Federal Express advising him of our intention to move to withdraw from representation if he continued to refuse to accept the settlement.

5. On March 6, 2008, Mr. Himchak called the office of Mr. Quinn in Baltimore, Maryland leaving a message for a return call. In Mr. Quinn's absence, Martin Wolf returned his call explaining once again the nature of the settlement and the expenses of litigating his claim. Mr. Wolf reported that Mr. Himchak indicated he would give further consideration to the settlement.

6. On March 10, 2008, Mr. Quinn called Mr. Himchak informing him that time was of the essence in accepting the settlement and that counsel intended to proceed with a motion to withdraw. There has been no further communication with Mr. Himchak by counsel for the Plaintiffs.

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200

Commonwealth of Virginia
City of Virginia Beach, to-wit:

The foregoing was sworn to and subscribed before me this 14th day of March, 2008 by Jack E. Ferrebee.

Priscilla McClellan
Notary Public

My Commission Expires:

PRISCILLA MCCLELLAN
Notary Public
Commonwealth of Virginia
320311
My Commission Expires Jul 31, 2009