**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE and ROBERT TESTWUIDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**MOTION OF PLAINTIFFS' COUNSEL TO WITHDRAW AS COUNSEL TO SHIRLEY HALL**

For the reasons stated herein and in the affidavit of Jack Ferrebee which is Exhibit A to this motion) (hereafter, "Ferrebee Affidavit, para._") all Plaintiffs' Counsel in this case request that this Court permit them to withdraw as counsel to Shirley Hall. Ms. Hall has advised that she has retained new counsel – although present counsel has not been contacted.

Under Rule 83.2(c)(2), the Standards for Professional Conduct in this Court are the American Bar Association Model Rules of Professional Conduct. Rule 1.16 of the ABA Rules provides that an attorney can withdraw from representation under certain circumstances including (a) the agreement of the lawyer and client; (b) the failure of the client substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; and (c) if the continued representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

In 2000, Shirley Hall retained present counsel and requested that her property at 412 27th Street, Virginia Beach, Virginia 23451 be added to the contemplated class action and mass action. As the Court is aware, the case was preliminarily settled 48 hours before trial was to

begin in October of 2006 and finally settled in May of 2007. In November, 2006 each plaintiff was sent an extensive letter setting out the terms of the settlement and the reasons that counsel recommended that it be accepted. Each Plaintiff was advised of the specific dollar figure which would be paid to them and a description of the formula used by Prof. Jon Nelson (Plaintiffs' expert economist) which had been used to determine each individual settlement figure. Each Plaintiff also received a ballot for rejecting or accepting the recommended settlement. Subsequently, all Plaintiffs were mailed update reports concerning the difficulties and negotiations which resulted in the modified 2007 settlements.

After that letter was sent, Ms. Hall received three telephone calls and four letters about the settlement and/or return of the ballot. Ms. Hall has never returned the ballot. On November 12, 2007 and February 12, 2008, counsel for Plaintiffs advised Ms. Hall that Counsel was going to ask the Court for permission to withdraw. (Ferrebee Affidavit, Para. 1) Even those communications has been ignored. Finally, on March 5, 2008, counsel sent Ms. Hall a letter by Federal Express indicating that the present motion would soon be filed. (Ferrebee Affid., Para. 6)

Because of the expert-intensive and fact-intensive nature of this case, a trial of a handful of property owners will entail as much trial time and as much out of pocket costs as would the earlier scheduled trial of the Oceana representative sample selected by the parties under the Court's guidance. The difference being, of course, that in one instance those substantial costs would be spread over more than a thousand Plaintiffs while at present those costs would fall on less than a half dozen Plaintiffs.

Counsel for Plaintiffs explained that only five property owners declined to approve the settlement and specifically explained the enormous costs of taking their case to trial compared to

the relatively modest amount that they might recover even if the Court were to award two or three times the amount of the settlement they were rejecting. Several Plaintiffs who had rejected the settlement understood the implications of this recommendation and changed their mind.

**Confidentiality**

The attached Affidavit of Jack Ferrebee contains, of necessity, a general description of counsels' attempts to communicate with Ms. Hall. The purpose of the generality is to protect the confidentiality of the attorney-client communication as described in ABA Rule 1.6. If Ms. Hall opposes this motion, or if the Defendant opposes this motion, Plaintiffs' Counsel stand ready to submit the actual communications to the Court *in camera*, which both satisfies the confidentiality provision of Rule 1.16 and protects the Court's option to examine the details of the controversy as described in Rule 1.16(b)(5).

**Argument**

Because Ms. Hall has retained new counsel she has explicitly recognized the severance of the attorney-client relationship, Rule 1.16(a). Moreover, both the hard copy retainer agreement and the electronic retainer in this case contains the following: "3. If the Attorneys decide that your claim lacks merit, <u>or if you decide not to accept a settlement offer that we have recommended, we may withdraw as your counsel."</u> That contractual provision alone is sufficient under ABA Rule 1.16(a) to support withdrawal even without the complete lack of cooperation of Ms. Hall or her retainer of other counsel.

Further, the unjustifiable refusal of a client to accept the settlement recommendation of his or her counsel, is sufficient justification to uphold the right of Counsel to withdraw. *Sanchez*

*v. Friesner*, 477 So. 2d. 66, 73 (Fla. App. 1985); *Kannewurf v. Johns*, 266 Ill. App. 3d. 66,73, 632 N.E. 2d. 711, 716 (1994).

In addition, the clients' refusal to cooperate in any way with counsel by itself justifies the withdrawal. Counsel cannot prepare Ms. Hall's case without her. *White Consol. Indus., Inc. v. Island Kitchens, Inc.* 884 F. Supp. 176, (E.D. Pa. 1995); *Andrews v. Bechtel Power Corp.* 780 F 2d 124, 132 (1st Cir. 1985).

Finally, the refusal to address the demand for an advance of costs that of necessity will render the clients' own case economically irresponsible, justifies withdrawal of counsel, Rule 1.16(c); *See Cherokee Nation of Oklahoma v. U.S.*, 42 Fed. Cl. 15 (1998); *McGuire v Wilson*, 735 F. Supp. 83-84 (S.D. N.Y. 1990); *Statue of Liberty – Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, (S.D.N.Y. 1986).

No trial date has been set for the five property owners who rejected the settlement. Their properties have not been appraised by either Plaintiffs' or Defendant's appraisers. None of the property owners have been deposed. If Ms. Hall decides to pursue the litigation with her new counsel they have ample time to prepare the case.

For the reasons stated, Plaintiffs Counsel requests the Court's permission to withdraw from the representation of Shirley Hall.

Respectfully submitted,

/s/ Kieron F. Quinn

Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion of Plaintiffs' Counsel to Withdraw as Counsel to Shirley Hall was served by first class mail, postage prepaid on:

Shirley Hall
412 27th Street,
Virginia Beach, VA 23451-3122

__/s/ Kieron F. Quinn______________
Kieron F. Quinn

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**AFFIDAVIT OF JACK E. FERREBEE**
**SHIRLEY HALL**

The affiant, Jack E. Ferrebee, after first being duly sworn, deposes and says:

1. Following the October 17, 2006 recommended settlement of these claims, I made efforts to communicate and communicated with Shirley Hall as follows:

   a. On or about November 2, 2006. A comprehensive settlement recommendation was mailed to all clients along with a ballot for accepting or rejecting the recommended settlement;

   b. Ms. Hall has not returned the ballot as of this date;

   c. On April 12, 2007, I called Ms. Hall. She indicated that she was undecided;

   d. On Apirl 13, 2007, I left a telephone message for Ms. Hall advising her that she would be registered as rejecting the settlement if she continued to remain undecided;

   e. On April 15, 2007, I called and left a message advising Ms. Hall that she had been registered as rejecting the settlement;

2. On November 12, 2007. Another letter was sent to the Ms. Hall concerning her vote and explaining that the cost of litigating her claim with four other property owners could exceed her potential recovery. The letter further advised her that the costs had to be paid in advance of trial or counsel would have no recourse except to move to withdraw. The letter also reminded her that by the terms of her agreement, counsel could withdraw from further representation if she failed to accept a settlement recommended by counsel.

3. On January 16, 2008, I sent a letter to Ms. Hall inviting her to withdraw from the proceeding in view of her indecision

4. On January 23, 2008, I called Ms. Hall concerning her failure to respond to my January 16, 2008 letter. She informed me that she had retained new counsel. She declined to give me the name of her new counsel, but assured me I would be contacted. I sent a letter to Ms. Hall following our conversation, urging her to have her counsel contact me as soon as possible. I have not received a response from Ms. Hall's new counsel or her to date.

5. On February 12, 2008, I wrote Ms. Hall once again advising her that I have not heard from her attorney and of our intention to withdraw in accordance with our letter of November 12, 2007. I have not received a response.

6. On March 5, 2008, Kieron Quinn sent a letter to Ms. Hall via Federal Express advising her of our intention to move to withdraw from representation if she continued to refuse to accept the settlement. To date, we have not received a response.

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200

Commonwealth of Virginia
City of Virginia Beach, to-wit:

The foregoing was sworn to and subscribed before me this 21st day of March, 2008 by Jack E. Ferrebee.

Notary Public

My Commission Expires:

PRISCILLA MCCLELLAN
Notary Public
Commonwealth of Virginia
320311
My Commission Expires Jul 31, 2009