**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE and ROBERT TESTWUIDE, et al.,<br>Plaintiffs,<br>v.<br>THE UNITED STATES OF AMERICA,<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) | No.: 01-201L<br>(Honorable Victor J. Wolski) |

**MOTION OF PLAINTIFFS' COUNSEL TO WITHDRAW AS COUNSEL TO DORIS JEAN EDNEY**

For the reasons stated herein and in the affidavit of Jack Ferrebee which is Exhibit A to this motion) (hereafter, "Ferrebee Affidavit, para._") all Plaintiffs' Counsel in this case request that this Court permit them to withdraw as counsel to Doris Jean Edney.

Under Rule 83.2(c)(2), the Standards for Professional Conduct in this Court are the American Bar Association Model Rules of Professional Conduct. Rule 1.16 of the ABA Rules provides that an attorney can withdraw from representation under certain circumstances including (a) the agreement of the lawyer and client; (b) the failure of the client substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; and (c) if the continued representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

In 2000, Doris Jean Edney retained present counsel and requested that her property at 996 Lynnhaven Parkway, Virginia Beach, Virginia 23452 be added to the contemplated class action and mass action. As the Court is aware, the case was preliminarily settled 48 hours before trial was to begin in October of 2006 and finally settled in May of 2007. In November, 2006 each

plaintiff was sent an extensive letter setting out the terms of the settlement and the reasons that counsel recommended that it be accepted. Each Plaintiff was advised of the specific dollar figure which would be paid to them and a description of the formula used by Prof. Jon Nelson (Plaintiffs' expert economist) which had been used to determine each individual settlement figure. Each Plaintiff also received a ballot for rejecting or accepting the recommended settlement. Ms. Edney sent in her ballot rejecting the settlement on November 28, 2006. Subsequently, all Plaintiffs were mailed update reports concerning the difficulties and negotiations which resulted in the modified 2007 settlements.

After the November 28, 2006 ballot was received, Ms. Edney received three telephone calls and five letters about her rejection of the settlement. Ms. Edney has remained opposed to the settlement. On November 12, 2007 and February 12, 2008, counsel for Plaintiffs advised Ms. Edney that Counsel was going to ask the Court for permission to withdraw. (Ferrebee Affidavit, Para. 2, 4). Finally, on March 5, 2008, counsel sent Ms. Edney a letter by Federal Express advising that the present motion would soon be filed. (Ferrebee Affidavit, Para. 5)

Because of the expert-intensive and fact-intensive nature of this case, a trial of a handful of property owners will entail as much trial time and as much out of pocket costs as would the earlier scheduled trial of the Oceana representative sample selected by the parties under the Court's guidance. The difference being, of course, that in one instance those substantial costs would be spread over more than a thousand Plaintiffs while at present those costs would fall on less than a half dozen Plaintiffs.

Counsel for Plaintiffs explained that only five property owners declined to approve the settlement and specifically explained the enormous costs of taking their case to trial compared to the relatively modest amount that they might recover even if the Court were to award two or

three times the amount of the settlement they were rejecting. Several Plaintiffs who had rejected the settlement understood the implications of this recommendation and changed their mind. Ms. Edney has simply ceased all communication with counsel save for the rejection ballot received in November, 2006.

**Confidentiality**

The attached Affidavit of Jack Ferrebee contains, of necessity, a general description of counsels' attempts to communicate with Ms. Edney. The purpose of the generality is to protect the confidentiality of the attorney-client communication as described in ABA Rule 1.6. If Ms. Edney opposes this motion, or if the Defendant opposes this motion, Plaintiffs' Counsel stand ready to submit the actual communications to the Court *in camera*, which both satisfies the confidentiality provision of Rule 1.16 and protects the Court's option to examine the details of the controversy as described in Rule 1.16(b)(5).

**Argument**

Both the hard copy retainer agreement and the electronic retainer in this case contains the following: "3. If the Attorneys decide that your claim lacks merit, or if you decide not to accept a settlement offer that we have recommended, we may withdraw as your counsel." That contractual provision alone is sufficient under ABA Rule 1.16(a) to support withdrawal even without the further complete lack of cooperation of Ms. Edney.

Even without the express contractual agreement concerning withdrawal, the unjustifiable refusal of a client to accept the settlement recommendation of his or her counsel, is sufficient

justification to uphold the right of Counsel to withdraw. *Sanchez v. Friesner*, 477 So. 2d. 66, 73 (Fla. App. 1985); *Kannewurf v. Johns*, 266 Ill. App. 3d. 66,73, 632 N.E. 2d. 711, 716 (1994).

In addition, the clients' refusal to cooperate in any way with counsel by itself justifies the withdrawal Rule 1.16(b)(c). Counsel cannot prepare the Edney case without Ms. Edney. *White Consol. Indus., Inc. v. Island Kitchens, Inc.* 884 F. Supp. 176, (E.D. Pa. 1995); *Andrews v. Bechtel Power Corp.* 780 F 2d 124, 132 (1st Cir. 1985).

Finally, the refusal to address the demand for an advance of costs that of necessity will render the clients' own case economically irresponsible, justifies withdrawal of counsel Rule 1.16(c). *Cherokee Nation of Oklahoma v. U.S.*, 42 Fed. Cl. 15 (1998); *McGuire v Wilson*, 735 F. Supp. 83-84 (S.D. N.Y. 1990); *Statue of Liberty – Ellis Island Foundation, Inc. v. International United Industries, Inc.*, 110 F.R.D. 395, (S.D.N.Y. 1986).

No trial date has been set for the five property owners who rejected the settlement. Their properties have not been appraised by either Plaintiffs' or Defendant's appraisers. None of the property owners have been deposed. If Ms. Edney decides to pursue the litigation she has ample time to retain counsel and new counsel has ample time to prepare the case.

For the reasons stated, Plaintiffs Counsel requests the Court's permission to withdraw from the representation of Ms. Edney.

Respectfully submitted,

/s/ Kieron F. Quinn
Kieron F. Quinn
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
kfquinn@quinnlaw.com
mwolf@quinnlaw.com

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
jferrebee@hoflaw.com

Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles B. Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Blvd., Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
tshuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion of Plaintiffs' Counsel to Withdraw as Counsel to Mary Jane Edney was served on March 28, 2008, by first class mail, postage prepaid on:

Ms. Doris Jean Edney
996 Lynnhaven Pkwy.
Virginia Beach, VA 23452-6310

__/s/ Kieron F. Quinn______________
Kieron F. Quinn

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CAROLE AND ROBERT TESTWUIDE, et. al., Plaintiffs, | ) | |
| v. | ) | No.: 01-201L<br>Judge Victor J. Wolski |
| THE UNITED STATES OF AMERICA, Defendant. | ) | |

**AFFIDAVIT OF JACK E. FERREBEE**
**DORIS JEAN EDNEY**

The affiant, Jack E. Ferrebee, after first being duly sworn, deposes and says:

1. Following the October 17, 2006 recommended settlement of these claims, I made efforts to communicate and communicated with Plaintiff Doris Jean Edney as follows:

   a. On or about November 2, 2006. A comprehensive settlement recommendation was mailed to all clients along with a ballot for accepting or rejecting the recommended settlement;

   b. On November 28, 2006, Ms. Edney rejected the settlement;

   c. On November 8, 2006, I mailed Ms. Edney a letter concerning her rejection of the settlement;

   d. Having received no response to my letter, I wrote Ms. Edney again on February 3, 2007 concerning her rejection of the settlement;

e. On April 11, 2007, I called Ms. Edney concerning her rejection of the settlement. She informed me she would contact me after reconsidering her vote;

f. On April 15, 2007 left a telephone message for Ms. Edney to call

2. On November 12, 2007. Another letter was sent to the Ms. Edney concerning her vote and explaining that the cost of litigating her claim with four other property owners could exceed her potential recovery. The letter further advised her that the costs had to be paid in advance of trial or counsel would have no recourse except to move to withdraw. The letter also reminded her that by the terms of her agreement, counsel could withdraw from further representation if she failed to accept a settlement recommended by counsel.

3. On January 16, 2008, I called Ms. Edney. She once again rejected the settlement. I wrote her the same day after the call, explaining once again counsel's position as outlined in our November 12, letter.

4. On February 12, 2008, I wrote Ms. Edney advising her of our intention to file a motion to withdraw in accordance with our letter of November 12, 2007. I have not received a response.

5. On March 5, 2008, Kieron Quinn sent a letter to Ms. Edney via Federal Express advising her of our intention to withdraw from representation if she continued to refuse to accept the settlement. To date, we have not received a response.

Jack E. Ferrebee
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12B
Virginia Beach, Virginia 23451
(757) 425-5200

Commonwealth of Virginia
City of Virginia Beach, to-wit:

The foregoing was sworn to and subscribed before me this 21st day of March, 2008 by Jack E. Ferrebee.

Priscilla McClellan
Notary Public

My Commission Expires:

PRISCILLA MCCLELLAN
Notary Public
Commonwealth of Virginia
320311
My Commission Expires Jul 31, 2009