**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CAROL AND ROBERT TESTWUIDE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No.: 01-201L<br>(Judge Victor J. Wolski) |

**JOINT MOTION TO DISMISS PLAINTIFF ANN WERNER**

Plaintiffs and Defendant, pursuant to RCFC 41(b), hereby move to dismiss the claims of Plaintiff, Ann Werner.

After the parties reached a tentative settlement prior to trial in October 2006, Counsel for Plaintiffs attempted to contact all Plaintiffs to inform them of the terms of settlement, and to seek their acceptance or rejection of the settlement. Counsel were unable to locate Plaintiff Ann Werner by mail or telephone. Counsel subsequently made attempts to locate Ms. Werner by internet search, computerized database search using the service Accurint at multiple levels of sophistication. Counsel interviewed neighbors of Ms. Werner and retained a private investigator in an attempt to follow potential leads and locate her. Finally, Counsel published a website (www.seachforannwerner.com) in an attempt to constructively notify Ms. Werner of the settlement and obtain leads as to her whereabouts. These efforts have been reported to the Court in Joint Status Reposts filed on October 29, 2007, January 4, 2008, March 24, 2008, and May 27, 2008. Despite these efforts, Counsel has been unable to locate Ms. Werner.

Pursuant to RCFC 41(b), a court has the discretion to dismiss an action involuntarily for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Alvarez v. Simmons Mkt. Research Bureau*, 839 F.2d 930, 932 (2d Cir.1988). "The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (citing *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956)). This duty is imposed to further "the strong policy favoring prompt disposition of cases." *Id.*

Counsel for Plaintiffs has made reasonable diligent efforts to locate Ms. Werner and notify her of the settlement in this case. Ms. Werner, for her part, has failed to maintain contact with Counsel, leaving no alternative to the present motion.

WHEREFORE, the parties request that the Court dismiss the claims of Plaintiff Ann Werner, and grant such further relief as justice may require.

Respectfully submitted,

/s/ Martin E. Wolf
Martin E. Wolf
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300
mwolf@quinnlaw.com

Attorney of Record for
Plaintiffs pursuant to
Rule 83.1(c)(1)

/s/ Steven D. Bryant
Steven D. Bryant
Environment & Natural Resources
Division
Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0424
(202) 305-0506 fax
steven.bryant@usdoj.gov

Attorney of Record for
Defendant pursuant to
Rule 83.1(c)(1)

Of counsel:

Kieron F. Quinn
Quinn, Gordon & Wolf, Chtd.
102 W. Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
kfquinn@quinnlaw.com

Jack E. Ferrebee
Charles R. Hofheimer
Kristen D. Hofheimer
Hofheimer/Ferrebee, P.C.
1060 Laskin Road, Suite 12-B
Virginia Beach, Virginia 23451
(757) 425-5200
chofheimer@hoflaw.com
khofheimer@hoflaw.com

Thomas Shuttleworth
Stephen C. Swain
Lawrence Woodward
Charles Lustig
Shuttleworth, Ruloff, Swain, Haddad & Morecock
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
(757) 671-6000
shuttleworth@srgslaw.com
sswain@srgslaw.com
lwoodward@srgslaw.com
clustig@srgslaw.com

Of counsel:

Robert J. Smith
Navy Litigation Office
720 Kennon Street
Rm. 233
Department of the Navy
Washington, D.C. 20374